FILED

2003 NOV -5 P 2: 37

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER;<br>Plaintiff | : | CIVIL ACTION NO.<br>3:00 CV230 (SRU)(WIG) |
| VS. | : | |
| RICHARD BLUMENTHAL;<br>JANET RENO;<br>CITY OF HARTFORD;<br>JAMES MARKOWSKI;<br>DETECTIVE PERODEAU;<br>DETECTIVE MERRITT;<br>DETECTIVE WOLF;<br>DETECTIVE ELLIS; SERGEANT<br>CAGIANELLO, ET AL<br>Defendants | : | NOVEMBER 4, 2003 |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE**

The plaintiff invokes Federal Rule 12(f) in an effort to strike the undersigned defendant's four (4) affirmative defenses to the plaintiff's Amended Complaint. For the reasons set forth herein, the plaintiff's Motion to Strike should be denied.

**I.   FACTUAL BACKGROUND**

After several successful attacks by the various defendants on the legal sufficiency of the plaintiff's Amended Complaint, the plaintiff's claims have been reduced to one cause

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of action against one defendant, the City of Hartford (the "City"). In a succession of rulings by the Court, all of the defendants, with the exception of the City, have been dismissed. See Ruling on Motion to Dismiss, p. 12 (doc. 53); Ruling (doc. 60); Channer v. Murray, 247 F. Supp. 2d 182 (D. Conn. 2003). The remaining claim in the Amended Complaint purports to state a false arrest/imprisonment under 42 U.S.C. § 1983.[1/]

The precipitating event to this litigation occurred on March 2, 1989 when the plaintiff was arrested by Special Agent James Markowski ("Agent Markowski"), of the Bureau of Alcohol, Tobacco and Firearms ("ATF"), and several officers of the Hartford Police Department. The plaintiff's arrest initiated a state prosecution, but when the United States Attorney sought and obtained an indictment against the plaintiff on federal charges, it was the federal prosecution that resulted in the plaintiff's judgment of conviction. The Amended Complaint alleges that the plaintiff previously filed a lawsuit against Agent Markowski and the Hartford police officers for alleged civil rights violations and, in particular, the defendants' alleged use of excessive force, but the action was dismissed on statute of

---

1/ The Court in its Ruling (doc. 53) identifies two (2) remaining claims: false arrest/imprisonment <u>and</u> a fraudulent concealment claim under Connecticut General Statute § 52-595. General Statutes § 52-595, however, does not codify an independent cause of action. The statute merely provides a vehicle to toll the statute of limitations for an otherwise cognizable claim. See Martinelli v. Bridgeport Roman Catholic Diocen Corp., 196 F.3d 409, 419 (2d Cir. 1999). The language of the statute operates only to delay the accrual date for a cause of action that was fraudulently concealed. Conn. Gen. Stat. § 52-595 (1949).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

limitations grounds. The Amended Complaint further alleges that the Second Circuit Court of Appeals later determined that Connecticut's three-year statute of limitations (Conn. Gen. Stat. § 52-577) applies to § 1983 claims, not the two-year statute that had been applied by the District Court (Latimer, U.S.M.J). *Amended Complaint*, ¶¶ 2-3. The Amended Complaint avers that the "defendants" did not notify him that "they had acquired an erroneous judgment and conceal (sic) the facts as to the present time" and therefore the defendants' actions must be considered a "fraudulent concealment of the facts which would have entitle (sic) the plaintiff to reclaim his issues." Id. The plaintiff specifically requests that the case be reopened as to the individual defendants and the City. Id., ¶ 6.

In addition to the foregoing, the Amended Complaint alleges that the City falsely imprisoned him for using and carrying a firearm in relation to a drug trafficking crime. Id., ¶ 7. The complaint alleges further that the conviction was later vacated and as a result he is entitled to compensation.

On October 14, 2003, the defendant filed an Answer with four (4) affirmative defenses (doc. 73). The First Affirmative Defense asserts that the Amended Complaint fails to state a claim upon which relief can be granted. The Second Affirmative Defense asserts that the plaintiff's claims are barred by the statute of limitations. The Third Affirmative Defense asserts that the plaintiff's claims are barred by the doctrine of *res*

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*judicata*. The Fourth Affirmative Defense asserts that the City is immune from liability for the payment of punitive damages. The plaintiff now moves to strike each of the City's affirmative defenses. As to the First Affirmative Defense, the plaintiff argues that the defense is repetitious in light of the Court's ruling on the defendant's Rule 12(b)(6) Motion to Dismiss. As to the Second Affirmative Defense, the plaintiff argues that the defendant should reference a case citation or state statute. The plaintiff alternatively argues that in denying the City's Motion for Reconsideration (doc. 56), the Court has already determined that his false arrest claim did not accrue until after Judge Dorsey vacated his federal conviction on June 22, 1998. Therefore, according to the plaintiff, this defense is "lacking in merit."

As to the Third Affirmative Defense, the plaintiff argues that the Court has already concluded that *res judicata* does not apply because his false imprisonment claim became "ripe for litigation" when Judge Dorsey vacated his conviction. As to the Fourth Affirmative Defense, the plaintiff argues that it was the City's custom, policy and practice which caused him to be falsely imprisoned. The plaintiff thereafter provides a narrative history of the state and federal prosecutions and the harm caused to him as a result of the federal prosecution.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. ARGUMENT

### A. Rule 12(f) Standard.

Federal Rule 12(f) provides in pertinent part that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (2000). "Motions to strike are generally not favored and will be denied unless it is clear that under no circumstances could the defenses succeed." S.E.C. v. Toomey, 866 F. Supp. 719, 722 (S.D.N.Y. 1992); see also Etienne v. Wal-Mart Stores, Inc., 197 F.R.D. 217, 219 (D. Conn. 2000)(motion to strike "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."). In ruling on this type of motion, the defendant's pleadings must be construed liberally. Id., citing Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999). "Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law." William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324 (1986). Thus, "an affirmative defense should not be stricken on a Rule 12(f) motion 'unless it can be shown that no evidence in support of the allegation would be

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

admissible,' i.e., that the defense is totally insufficient as a matter of law." Etienne, 197 F.R.D. at 220, quoting Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

B.   First Affirmative Defense.

The defendant's First Affirmative Defense asserts the defense that the plaintiff's complaint fails to state a claim upon which relief can be granted. It, in essence, preserves any claim of legal insufficiency in the plaintiff's complaint for a later proceeding. In order to succeed on his present motion, the plaintiff must show that he is "prejudiced by the inclusion of the defense." Toomey, 866 F. Supp. at 722. "[I]t is well settled that the failure-to-state-a-claim defense is a perfectly appropriate affirmative defense to include in the answer." Id. at 723. The defense has been equated with a general denial and even though it may be redundant, "there is no prejudicial harm to plaintiff and the defense need not be stricken." Id., quoting Oppel v. Empire Mut. Ins. Co., 92 F.R.D. 494, 498 (S.D.N.Y. 1981). The court in Toomey noted that other courts have found the failure-to-state-a-claim defense as being "invulnerable" to a 12(f) motion to strike. Id., citing Sevart v. Papec Mach Co., 8 F.R.D. 482, 483 (W.D. Mo. 1948). Toomey explained that the defense should not be stricken because: (1) it is specifically endorsed by Form 20 of the Rules of Civil Procedure; and (2) the "defendant could revitalize such defense later under Rule 12(h)." Id.

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

at 723, quoting Rosenblatt v. United Airlines, 21 F.R.D. 110, 111 (S.D.N.Y. 1957). In fact, Rule 12(h)(2) specifically authorizes a party to raise this defense in any pleading permitted under Rule 7(a), by a motion for judgment on the pleadings, or at trial. Accordingly, the plaintiff's Motion to Strike the defendant's First Affirmative Defense should be denied.

C.  Second Affirmative Defense.

The defendant's Second Affirmative Defense asserts that the plaintiff's claim is barred by the statute of limitations. The plaintiff first argues that the defendant should reference a case citation or statute in support of this defense. The plaintiff alternatively argues that the Court has already ruled that the statute of limitations does not provide a defense to the plaintiff's false imprisonment claim. Neither argument justifies the striking of this defense.

The plaintiff provides no legal support which would require the defendant to cite to a state statue or case law in an affirmative defense or, more importantly, justify the striking of the defense. Only if it "appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense" should a motion to strike be granted. Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 563 (S.D.N.Y. 1989), quoting Salcer, 744 F.2d at 939. There are disputed factual and legal issues as to when the plaintiff's false arrest claim accrued and therefore whether this

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

action was timely commenced. See Chambers v. Waterbury Police Department, No. 02CV2050 (AWT), 2003 WL 1986931 *1 (D. Conn. April 17, 2003)("a claim of false arrest or false imprisonment accrues at the time of the arrest or imprisonment[.]"). Additionally, there is an unresolved question as to whether Judge Dorsey's order vacating the plaintiff's federal conviction implicates in any way the potential liability for the City when its police officers made the 1989 arrest for state criminal law violations. "[W]hen the possibility of a meritorious defense exists, the Court must, absent a showing of prejudice or injury to plaintiff, deny the motion to strike the affirmative defense." Bennett, at 564. Thus, it cannot be said that under no set of facts could the City's statute of limitations defense be sustained.

Moreover, contrary to the plaintiff's argument that this issue has been decided by the Court in its ruling on the defendant's Motion for Reconsideration, the Court did not make that determination. The Court denied the City's Motion for Reconsideration on the basis that the City did not raise the statute of limitations defense in its Motion to Dismiss. *Ruling and Order*, pp. 2-3. While the Court expressed a reservation about whether the City addressed the plaintiff's false imprisonment claim as it related to Judge Dorsey's order vacating his January 19, 1990 judgment of conviction, the Court did not specifically address the merits of the argument. Id. at p. 3. Thus, there has been no final

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

determination made by this Court that the City can not as a matter of law raise the statute of limitations defense to the plaintiff's false imprisonment claim.

D.   Third Affirmative Defense.

The plaintiff argues that the City's *res judicata* claim was considered and rejected by the Court in its ruling on the City's Motion for Reconsideration. The Court, however, denied the City's Motion for Reconsideration because collateral estoppel was not raised by the City in its Motion to Dismiss and further reasoned that it was not convinced that the City addressed the plaintiff's false imprisonment claim as it was alleged in the Amended Complaint. There is a significant and disputed legal issue, however, as to whether the plaintiff challenged the lawfulness of his 1989 arrest in his 1992 lawsuit (Channer I). See **Exh. A**, *Recommended Ruling*, dated August 24, 1992. There are also disputed legal questions as to whether the United States Supreme Court's 1995 decision in Bailey, which held that a defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds, could create a cause of action against the City for an arrest made by its police officers on state charges. If not, then the failure by the plaintiff to assert this claim in any of his previous lawsuits may operate to bar the present claim.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

...

### E. Fourth Affirmative Defense.

In its Fourth Affirmative Defense, the City asserts that as a municipality, it is immune from liability for the payment of punitive damages. The plaintiff argument does not appear to address the merits of this legal principle. In fact, the argument advanced by the plaintiff is particularly perplexing. In any event, it is well established that a municipality is immune from liability for punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-68, 101 S.Ct. 2748 (1981); O'Neill v. Krzeminski, 839 F.2d 9, 13 (2d Cir. 1988). Accordingly, the Fourth Affirmative Defense properly asserts the City's immunity from payment of punitive damages and, therefore, should not be stricken.

## III. CONCLUSION

WHEREFORE, for the foregoing reasons, the undersigned defendant respectfully requests the Court deny the plaintiff's Motion to Strike the City's Affirmative Defenses to the plaintiff's Amended Complaint.

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103  

HALLORAN  
& SAGE LLP  

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

DEFENDANT,
CITY OF HARTFORD


BY: _____
Brian P. Leaming
Fed. Bar No. ct 16075
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT 06103
Tele: (860) 522-6103
leaming@halloran-sage.com

## CERTIFICATION

This is to certify that on this 4th day of November, 2003, the foregoing was either mailed, postpaid, or hand-delivered to:

Claudious W. Channer
Inmate #15148
P.O. Box 100
Somers, CT 06071


_____
Brian P. Leaming

480356.1(HS-FP)

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLAUDIOUS W. CHANNER          : CIVIL ACTION NO. 2:92CV00017 (PCD)
                              :
              Plaintiff       :

CHANNER vs. MARKOWSKI, Civil No. 2:92CV0017 (PCD)

8/24/92

Cross-motions for summary judgment are pending in this civil rights suit by a pro se state prisoner claiming actionably excessive force and false arrest, cf. U.S.C. § 1983. For federal civil rights claim purposes, any such claim actionable moment must have accrued on the day of the alleged wrongful incident on March 2, 1989, when plaintiff obviously must have known of the "injury", e.g., Singleton v. City of New York, 632 F.2d 185, 191 (1980), cert. denied, U.S. 920 (1981). Suit here was first attempted in January, 1992, when plaintiff initial complaint was apparently dismissed without prejudice, and plaintiff attempted suit again in March, 1992. The appropriate "borrowed" state statute limitations for § 1983 cases, see Owens v. Okure, 488 U.S. 235 (1989), has previously held by the referring judge to be Conn. Gen. Stat. § 52-584 with two-year period, see Mihalcik v. Lensink, 732 F. Supp. 299, 305 (D. Conn. 199_ although parties in other suits have on occasion assumed otherwise, see Golino City of New Haven, 761 F. Supp. 962, 965 (D. Conn. 1991). The two-year period certainly a reasonable and sound policy choice, and absent reconsideration by referring trial judge of the controlling applicable limitations provision, t two-year period patently bars purported § 1983 civil rights suit he Defendants' pending motions for summary judgment should accordingly be granted limitations grounds, with plaintiff's summary judgment motion corresponding denied. This recommended ruling on the summary judgment motions remains subj to prior and de novo review by the referring district judge on timely object now -- i.e., written objection served and filed by an objecting party within (10) days after a copy of this proposed ruling has been served on the party by court clerk. Failure to object within that ten (10) day period may preclude subsequent appellate review by the Court of Appeals for the Second Circuit. Small v. Secretary of HHS, 892 F.2d 15, 16 (2 Cir. 1989); 28 U.S.C. § 636(b) Rules 6(a), 6(e), 72, Fed. R. Civ. P.; Rule 2, D. Conn. Magistrate Judge Ru

_____
ARTHUR H. LATIMER, U. S. MAGISTRATE JUDGE

9/14/92: Upon review and absent objection the magistrate judge's r mended ruling is ratified, affirmed and adopted. SO ORDERED:

_____      DOCUMENT NO. 23
Peter C. Dorsey, USDJ