

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER; | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:00 CV230 (SRU)(WIG) |
| VS. | : | |
| | : | |
| RICHARD BLUMENTHAL; | : | |
| JANET RENO; | : | |
| CITY OF HARTFORD; | : | |
| JAMES MARKOWSKI; | : | |
| DETECTIVE PERODEAU; | : | |
| DETECTIVE MERRITT; | : | |
| DETECTIVE WOLF; | : | |
| DETECTIVE ELLIS; SERGEANT | : | |
| CAGIANELLO, ET AL | : | |
| Defendants | : | NOVEMBER 10, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT CITY OF HARTFORD'S MOTION FOR SUMMARY JUDGMENT

I.    BACKGROUND

The present litigation is one of many lawsuits spawned by the plaintiff's

arrest on March 2, 1989. The extraordinary stream of litigation initiated by the

plaintiff following his arrest has culminated (at least temporarily) with the present

case. In its present form, the case before the court has been reduced to one

claim of false imprisonment under 42 U.S.C. § 1983 against one defendant, the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

City of Hartford (the "City").[1/]   See Ruling and Order, p. 4 (doc. 70).  All other

claims against the City and all claims directed to the other original defendants

have been dismissed.  Id.; see also Ruling (doc. 60); Channer v. Murray, 247 F.

Supp.2d 182 (D. Conn. 2003).  The relevant procedural history and factual

background can be summarized as follows.

On March 2, 1989, Special Agent Markowski of the Bureau of Alcohol,

Tobacco and Firearms, together with Hartford police officers, executed a search

warrant at the plaintiff's residence.  **Exh. A**, Change of Plea Hearing, p. A36.[2/]

During the search, Agent Markowski and Hartford police officers recovered a

scale used for drug packaging, baggies, a variety of packing materials,

ammunition, some bills indicating that the plaintiff was a resident of that

apartment, approximately 10 ounces of cocaine and a loaded M11 semi-

---

1/    The plaintiff has also alleged that the City fraudulently concealed "facts" by seeking a dismissal of the plaintiff's original lawsuit on statute of limitations grounds thereby depriving him of his right to "reclaim his issues." Amended Complaint, ¶ 3.  The plaintiff invokes § 52-595 of the Connecticut General Statutes in support of this claim.  There is, however, no independent claim for "fraudulent concealment", rather the statute merely provides a vehicle to toll the limitations period for an otherwise cognizable claim.  See Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 409, 419 (2d Cir. 1999); see also Section II.D, infra.

2/    The transcript of the hearing regarding the plaintiff's change of plea was submitted as part of an appendix used to support Markowski's Motion to Dismiss and supporting Memorandum of Law (docs. 47-49).  The actual pagination is not identified on the transcript.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

automatic handgun containing 12 rounds of ammunition. Id. Following his arrest, the plaintiff provided a written statement in which he admitted he purchased the firearm in December of 1988, and had purchased the cocaine the previous night in New York City. Id. at A37.

Upon discovery of the gun and drugs, the plaintiff was arrested and charged with state drug and weapon charges. **Exh. A**, pp. A8, A15-19.[3/]  The plaintiff's arrest initiated a state prosecution which was pending when the United State's Government convened a federal grand jury. Id. On November 6, 1989, the Grand Jury returned a three-count indictment against the plaintiff based upon the events of March 2, 1989. **Exh. B**. On January 9, 1990, the plaintiff entered a plea of guilty to the Third Count of the Indictment which charged the plaintiff with using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). **Exh. C**, *Judgment*; **Exh. A**, p. A15. The plaintiff, as part of his guilty plea, admitted that on March 2, 1989 he was in possession of cocaine, that it was his intent to sell or distribute the cocaine and that at the same time he was in possession of a firearm. Id., at A35. When the court requested the plaintiff to respond to the Government's rendition of the facts (as set forth above)

---

3/    The Hartford Police Case Incident Report has been physically destroyed given the significant passage of time.

- 3 -

the plaintiff admitted that he was in possession of 10 ounces of cocaine and a loaded 9 mm gun. Id. at A38-39. The court accepted the plaintiff's guilty plea, entered a judgment of conviction against him and sentenced him to a period of incarceration of five (5) years. **Exh. C.**

In 1995, the United States Supreme Court was called upon to review two (2) criminal convictions under 18 U.S.C. § 924(c)(1) which addressed the issue of whether the proximity and accessability of a firearm to drugs or drug proceeds is sufficient to support a conviction under the statute. See Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (1995). A unanimous Supreme Court held that a defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. 516 U.S. at 149, 116 S.Ct. at 508. The Supreme Court held that for the Government to sustain a conviction under the "use" requirement of § 924(c)(1), it must "show that the defendant actively employed the firearm during and in relationship to the predicate crime." Id. at 150, 116 S.Ct. at 509. In the case of the plaintiff, the subject firearm was located in the plaintiff's apartment in close proximity to the drugs. On June 22, 1998[4/], Judge Dorsey entered an order vacating the plaintiff's judgment of conviction.

---

4/    This is the date cited by the Court in its Ruling and Order (doc. 70).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Since the plaintiff's March 2, 1989 arrest, the plaintiff has initiated a litany of lawsuits against various defendants. The initial civil action, filed on March 31, 1992, was styled <u>Claudious Channer v. Mr. Jim Markowski, Detective Michael Perodeau, Detective Gregory Merritt, Detective Wolf, Detective Ellis, Detective Cagianello, and other officers from the Hartford Police Department</u>. **Exh. E**, Civ. No. 2:92CV0017 (PCD)("Channer I"). In <u>Channer I</u>, the plaintiff alleged that Special Agent Markowski and the Hartford police officers violated his constitutional rights by allegedly employing the use of unreasonable force during the arrest <u>and</u> "kidnapping [him] without a warrant in violation of his Fourth Amendment rights. **Exh. D**, p. 5. The defendants moved for summary judgment by separate motions pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff filed opposition briefs and moved for summary judgment in his favor. On August 24, 1992, Magistrate Judge Arthur Latimer issued a recommended ruling granting the defendants' motions for summary judgment on the grounds that the plaintiff's claims were barred by the statute of limitations. **Exh. E**. In granting the defendants' motions for summary judgment, the court applied Connecticut's two-year statute of limitations, as codified in § 52-584, to the plaintiff's civil rights claims. In accordance with Rule 2(a) of the Local Rules for Magistrate Judges, the plaintiff was advised that he had ten (10) days in which to

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

object to the recommended ruling, otherwise, any subsequent appellate review by the Court of Appeals may be precluded.  Id.  The plaintiff failed to object in a timely manner and on September 14, 1992, the court (Peter C. Dorsey, U.S.D.J.) adopted the recommended ruling and granted the defendants' motions for summary judgment.  Id.

By motion dated September 22, 1992, the plaintiff objected to the recommended ruling.[5/]    In his motion, the plaintiff repeated his argument that the court should apply the three-year statute of limitations, as codified in Conn. Gen. Stat. § 52-577, to his federal civil rights claims.  **Exh. F**.  On October 7, 1992, the court treated the plaintiff's "objection" as a motion for reconsideration and denied it.  Id.  Thereafter, the plaintiff commenced a  timely appeal to the United States Court of Appeals for the Second Circuit challenging the court's ruling and the entry of judgment in favor of the defendants.  By Summary Order, the Second Circuit dismissed the plaintiff's appeal because the plaintiff failed to file a timely objection to the magistrate judge's recommended ruling.  **Exh. G**.

---

[5/]    The plaintiff's objection (doc. 46) was not filed with the court until September 30, 1992, after judgment had already entered in favor of the defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Channer I remained dormant[6/] until the plaintiff filed a self-styled

Lounsbury Motion (doc. 52), dated March 17, 2000, in which the plaintiff

requested the court order to reopen the case. **Exh. H**. The plaintiff argued that

in Lounsbury v. Jeffries, 24 F.3d 131 (2d Cir. 1994), the Second Circuit applied

Connecticut's three-year statute of limitations to civil rights claims brought

pursuant to 42 U.S.C. § 1983 and, therefore, his 1992 lawsuit should be

reinstated. Id. In its ruling dated July 19, 2000, the court considered the

plaintiff's motion as one to reopen the case and denied it. **Exh. I**. In denying the

plaintiff's motion, the Court concluded:

> Since dismissal of his case, plaintiff has filed at least four other
> cases related thereto. The April 1996 ruling dismissing Channer v.
> Rowe, 3:96cv335 (AVC), cited Lounsbury. Plaintiff thus knew, or
> should have known, of the proper statute of limitations for four
> years. Even if he had not, to reopen the case would severely
> prejudice defendants as they would be required to defend against
> charges related to ten-year-old facts. Such circumstances are
> exactly what statutes of limitations are designed to guard against.
> Accordingly, plaintiff's motion (doc. 52) is **denied**.

Id. Notwithstanding the apparent definitiveness in which Channer I was

concluded, the plaintiff commenced the present action seeking damages for

alleged injuries or losses he claims to have sustained on March 2, 1989,

---

[6/]   Mr. Channer, however, did not remain dormant. In the intervening years, Mr. Channer
attempted on numerous occasions to revive the 1992 lawsuit by filing new lawsuits. See
Markowski Mem. of Law (doc. 48), pp. 11-14 and A115-192.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

including damages for his arrest.  In particular the plaintiff alleges that he was falsely imprisoned for the charge of "using and carrying a firearm during and in relation to a drug trafficking crime." *Amended Complaint*, ¶ 7.  The plaintiff alleges further that the conviction was later vacated.  Id.

The City now moves for summary judgment in its favor as to the only remaining claim in the complaint on the basis that: (1) the complaint fails to state a cognizable constitutional claim; (2) the complaint was untimely filed; (3) the doctrine of *res judicata* prevents the plaintiff from relitigating his false imprisonment claim; (4) there was no favorable termination of the underlying criminal charge: (5) there was probable cause for the plaintiff's arrest; and (6) the plaintiff has failed to produce sufficient facts to establish municipal liability under 42 U.S.C. § 1983.  As to the plaintiff's claim of fraudulent concealment, it must also be dismissed since Conn. Gen. Stat. § 52-595 does not provide for an independent cause of action under the statute and alternatively there is no factual or legal basis that the City concealed from the plaintiff "the existence of the cause of such action."  See Conn. Gen. Stat. § 52-595 (1949).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

II.    ARGUMENT

A.    Standard of Review

Summary judgment should be granted if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The standard for granting summary judgment mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)." Celotex Corporation v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Id. at 327, 106 S.Ct. at 2555.

A fact is deemed material if it might affect the outcome of the lawsuit. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Further, a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. The existence of a "scintilla of evidence" in support of the plaintiff's position is insufficient to overcome a motion for summary judgment. Id. at 252, 106 S.Ct. at 2512. In ruling on a motion for summary judgment the judge's inquiry should be "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to a verdict." <u>Id.</u>  The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corporation</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).

      B.    <u>The Amended Complaint Fails To State A Cognizable Claim of False Imprisonment as to the City.</u>

The first issue presented is what claim is the plaintiff advancing and what is the source of that claim.  The Amended Complaint alleges that he was falsely imprisoned as a result of being charged with using and carrying a firearm in relation to a drug trafficking crime. *Amended Complaint*, ¶ 7.  The complaint alleges further that he must be compensated for his false imprisonment "upon the vacation of his conviction" which occurred on June 22, 1998.  <u>Id.</u>; <u>Ruling and Order</u>, p. 3 (doc. 70).  The Amended Complaint makes no reference to any constitutional source in support of this claim, nor does it challenge the lawfulness of the initial arrest.  The Court, however, has construed the plaintiff's claim as one for "false imprisonment concerning his federal conviction." <u>Ruling and Order</u>, doc. 70, p. 4.

The torts of false arrest and false imprisonment in Connecticut and the Second Circuit been traditionally treated alike.  <u>Compare</u> <u>Outlaw v. City of</u>

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Meriden, 43 Conn. App. 387, 392 (1996)(applicable law for false arrest and false imprisonment is identical); with Singer v. Fulton, 63 F.3d 110, 118 (2d Cir. 1995)(false arrest is a "species of false imprisonment") and Rivers v. O'Brien, 83 F. Supp.2d 328, 335 (N.D.N.Y. 2000)(false arrest and false imprisonment elements are the same). Constitutional claims of false arrest find their source in the Fourth Amendment.  In Albright v. Oliver, our Supreme Court rejected a claim that an accused has a substantive due process right "to be free from criminal prosecution without probable cause."  510 U.S. 266, 271, 114 S.Ct. 807, 812 (1994).  The Albright plurality held that:

> [w]hen a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.

Id. at 813, 114 S.Ct. at 813; see also Singer v. Fulton County Sheriff, 63 F.3d 110, 115 (2d Cir. 1995)(claim of malicious prosecution may not be brought as a substantive due process claim as the Fourth Amendment provides the source for a § 1983 claim premised on a person's arrest); Lennon v. Miller, 66 F.3d 416, 423, n.2 (2d Cir. 1995)(false arrest and malicious prosecution claims must be brought under the Fourth Amendment).  Thus, to the extent that the plaintiff

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

predicates his false imprisonment claim on the substantive due process clause, his claim cannot be sustained.

In Baker v. McCollan, however, our Supreme Court analyzed a false imprisonment claim under the Fourteenth Amendment. 443 U.S. 137, 99 S.Ct. 2689 (1979). In Baker, the respondent challenged his "prolonged detention caused by petitioner's failure to institute adequate identification procedures." Id. at 142, 99 S.Ct. at 2693-94. The Supreme Court construed the claim as alleging a violation of the Fourteenth Amendment's protection against deprivations of liberty without due process of law. Id. In essence, Baker involved a claim of a denial of procedural due process due to insufficient post-arrest procedures to ensure that the correct person was arrested on the warrant. Baker did not involve a challenge to the warrant which resulted in the respondent's arrest. Id. at 143, 99 S.Ct. at 2694. In the absence of a challenge to the warrant, the Supreme Court concluded, the plaintiff's three-day detention following his arrest, during which he repeatedly proclaimed his innocence, did not amount to a constitutional violation. Id. at 144. "The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished 'without due process of law.'" Id. at 145, 99 S.Ct. at 2695. What is particularly instructive about Baker is that the plaintiff in the present case

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

also does not attack the validity of the search warrant which uncovered the evidence for his arrest, or his initial arrest.  Rather, it is evident from the allegations of the complaint that he challenges only the "imprisonment" based on a federal conviction which was later vacated.  Thus, because there is no claim that the initial arrest was without probable cause, or that the plaintiff undertook efforts to challenge his continued incarceration, then there is no cognizable constitutional claim for false imprisonment under the procedural due process clause.

Baker did recognize, however, that under certain circumstances a due process claim could ripen if a detention occurred "in the face of repeated protests of innocence . . . after the lapse of a certain amount of time deprived the accused of liberty . . . without due process of law[,]" depending on what procedures the State affords defendants following arrests.  Id.  Here, the plaintiff did not proclaim his innocence or challenge the procedures afforded to him as an accused.  Rather, he now complains that because his federal charge of carrying a firearm during or in relation to a drug trafficking crime was vacated, he has been wrongfully imprisoned.  Even if such a claim was cognizable in view of his guilty plea, it can not be legitimately directed to the City.  The plaintiff was incarcerated pursuant to a federal indictment on federal criminal charges.  The

- 13 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

City could hardly be held constitutionally responsible for any claim of being incarcerated on a federal crime even if it was subsequently invalidated by the U.S. Supreme Court.

This leaves the Fourth Amendment as the only possible source for the plaintiff's false imprisonment claim. For the reasons set forth below, the plaintiff's false imprisonment claim must nevertheless fail.

1.    The Plaintiff's False Imprisonment Claim is Barred by the Applicable Statute of Limitations.

The statute of limitations period for claims brought pursuant to 42 U.S.C. § 1983 is borrowed from state law. The Second Circuit has concluded that § 1983 claims are properly characterized as personal injury actions and the state statute of limitations applicable to personal injury actions should apply. Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994). For § 1983 claims arising in Connecticut, the Second Circuit has applied the three-year statute of limitations codified at General Statute § 52-577. Id. at 134; see also Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998)(§1983 action is subject to three-year statute of limitations). Thus, a plaintiff has three years from the date his cause of action accrues to commence a lawsuit.

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Federal law, therefore, governs the accrual of § 1983 claims for purposes of determining the statute of limitations.  See Morse v. University of Vermont, 973 F.2d. 122, 125 (2d Cir. 1992).  A cause of action accrues when the plaintiff knows or has reason to know of the injury that they suffered.  Id.  As discussed in the preceding section, the Amended Complaint advances a claim for false imprisonment.  What is not clear, however, is the conduct or event upon which the false imprisonment claim is predicated.  The Amended Complaint by its terms addresses only the federal charge and Judge Dorsey's order vacating the conviction.  If the federal indictment and conviction serves as the linchpin to the plaintiff's claims, then it is difficult (if not impossible) to comprehend how the City could bear constitutional responsibility for that course of events.   It is therefore not even necessary to determine if the plaintiff's present action was timely commenced.  If, however, the Amended Complaint is interpreted as challenging the initial arrest on March 2, 1989, then the plaintiff's claim is barred by the statute of limitations.

The only actions for which the City could even arguably be held accountable occurred on March 2, 1989 when its police officers arrested the plaintiff.  A claim of an unlawful search and arrest accrues at the time of the arrest.  See Chambers v. Waterbury Police Department, No. 02CV2050 (AWT),

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2003 WL 1986932 *1 (D. Conn. April 17, 2003)("a claim of false arrest or false imprisonment accrues at the time of the arrest or imprisonment[.]"). "[K]nowledge of the injury does not suggest that the statute does not begin to run until the claimant has received judicial verification that the defendants' acts were wrongful." Veal v. Geraci, 23 F.3d 722, 724 (2d Cir. 1994). As the present action was commenced on February 3, 2000 when he filed his complaint (doc. 3) - nearly 11 years after his arrest - his action is untimely.

The accrual date could be delayed, however, if a judgment in plaintiff's favor on the false arrest claim "would have undermined the validity of any potential conviction in the criminal proceeding against him." Covington v. City of New York, 171 F.3d 117, 119 (2d Cir. 1999), citing Heck v. Humprhey, 512 U.S. 477, 114 S.Ct. 2364 (1994). "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, at 489-90, 114 S.Ct. at 2374. Applying Heck to the present facts is somewhat difficult because of the procedural history of the plaintiff's criminal case and the manner in which the federal conviction was vacated. The order vacating the plaintiff's conviction occurred not as a result of a direct appeal, but as a result of the Supreme Court's 1995 decision in Bailey v. United States. In fact, the plaintiff had already served

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

his five-year sentence when his conviction was vacated.  Had the plaintiff commenced a claim for damages attributable to his federal conviction before it was vacated, Heck would have precluded him from doing so.   512 U.S. at 486-87, 114 S.Ct. at 2372 ("in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a[n] . . . issuance of a writ of habeas corpus."); see also Cameron v. Fogarty, 806 F.2d 380 (2d Cir. 1986)(conviction of charge for which plaintiff was arrested operates as a complete bar to claims of false arrest, false imprisonment and malicious prosecution); Birdsall v. City of Hartford, 249 F. Supp.2d 163, 171 (D. Conn. 2003)("It is well settled in the Second Circuit that in order to prevail on a cause of action for false arrest or malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in his favor.")  On the other hand, the subsequent order vacating his conviction did not impact any claim that the plaintiff may have had regarding the lawfulness of the original arrest.  Nor did the order vacating the conviction call into question the existence of probable cause for plaintiff's arrest.  See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)(existence of probable cause is complete defense to false arrest claim).

- 17 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Therefore, the plaintiff did not have to wait for some other judicial proceeding to result in an order vacating his federal conviction, if he believed that he was unlawfully arrested or imprisoned.   Under these circumstances, his § 1983 claim for false arrest did not ripen under <u>Heck</u> when his federal conviction was vacated.   His claim, therefore, is barred by the statute of limitations.

> 2.   <u>The Plaintiff Did Not Receive A Favorable Termination of His Underlying Criminal Charges.</u>

The plaintiff's false imprisonment claim must fail because he did not receive a favorable termination of the underlying criminal charges.  His guilty plea and conviction resulted from a negotiated plea with the state criminal charges being nolled and the Government dismissing the other two counts of the indictment.  To prevail on a cause of action for false arrest [or malicious prosecution], the plaintiff must plead and prove that the underlying criminal proceeding terminated in his favor. <u>Singleton v. City of New York</u>, 632 F.2d 185, 193 (2d Cir. 1980); <u>Roesch v. Otarolla</u>, 980 F.2d 850, 852 (2d. Cir. 1992).  Favorable termination rule applies to claims of false arrest and false imprisonment as well as malicious prosecution claims.  <u>Roesch</u>, at 853-54 ("the policy considerations that motivated the Court in <u>Singleton</u> are equally appropriate in the context of a section 1983 claim sounding in false imprisonment or false arrest.").  A criminal proceeding terminates in favor of the plaintiff only when its "final disposition is such as to indicate the [criminal

- 18 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

defendant] is not guilty." <u>Singleton</u>, 632 F.2d at 193.  If the plaintiff claims that

there was no probable cause to believe he committed the crime with which he

was charged, he must pursue the criminal case to an acquittal or an unqualified

dismissal, or else waive her § 1983 claim.  <u>Roesch</u>, 980 F.2d at 853.  For the

termination to be construed as favorable, it must be "discharged without a trial,

under circumstances amounting to an abandonment of the prosecution with

request from or arrangement by the plaintiff." <u>Cartier v. Lussier</u>, Civ. No.

H-88-739, 1990 WL 308156 (D. Conn. Oct. 4, 1990), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 955

F.2d 841 (2d Cir. 1992).

    An agreement to compromise or a plea negotiation of the underlying

criminal charges is not a favorable termination and acts as a bar to a false arrest,

false imprisonment or malicious prosecution claim. <u>See</u> <u>e.g.</u> <u>Roesch</u>

(participation in Connecticut's Accelerated Rehabilitation Program not favorable

termination); <u>Birdsall v. City of Hartford</u>, 249 F. Supp.2d 163 (D. Conn. 2003)(no

favorable termination when plaintiff agreed to charitable contribution in exchange

for nolle); <u>White v. Wortz</u>, 66 F. Supp.2d 331, 334 (D. Conn. 1999)(plea

agreement wherein the plaintiff received Accelerated Rehabilitation on one

charge in exchange for a nolle on two other charges was not favorable

termination for false arrest or malicious prosecution claims); <u>Konon v. Fornal</u>,

- 19 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

612 F. Supp. 68, 71 (D. Conn. 1995)(dismissal of charges pursuant to acceleration rehabilitation statute did not constitute favorable termination for § 1983 claims of malicious prosecution, false arrest or false imprisonment).  In the present case, the criminal case was terminated pursuant to an agreement whereby the Government would dismiss the two remaining counts of the indictment and the State would dismiss its pending charges against the plaintiff. **Exh A**, pp. A 15-19.  This is not a favorable termination, notwithstanding the order vacating plaintiff's federal conviction.

> 3.  The Doctrine of *Res Judicata* Precludes The Plaintiff's Attempt To Re-litigate The Viability Of His False Arrest Claim Here.

Under the doctrine of *res judicata*, a former judgment on a claim is an "absolute bar to a subsequent action on the same claim." Meehan v. Town of East Lyme, 919 F. Supp. 80, 83 (D. Conn.), aff'd, 104 F.3d 352 (2d Cir. 1996). "A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." Id., quoting DeMillo & Co. v. Commissioner of Motor Vehicles, 233 Conn. at 281, 292 (1995). *Res judicata* "prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made." Commissioner of Environmental Protection v. Connecticut Building

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>Wrecking Co.</u>, 227 Conn. 175, 188 (1993).  The preclusive effect of this doctrine

can be explained as:

> a former adjudication of a claim on its merits is an absolute bar to a
> subsequent action on the same claim or any claim based on the
> same operative facts that might have been made in the prior action.
> The inquiry is whether a party had an adequate opportunity to
> litigate the matter in an earlier proceeding, not whether it actually
> litigated a specific claim.

<u>Sekor v. Capwell</u>, 1 F. Supp.2d 140, 144 (D. Conn. 1998)(emphasis added).

If the plaintiff claims that his false imprisonment claim relates solely to the

federal conviction which was vacated, then this claim has not been adjudicated,

but fails for the reasons already set forth in this brief.  If, on the other hand, the

plaintiff is challenging the initial arrest by Agent Markowski and the Hartford

police officers, the principles of *res judicata* prevent him from reviving this claim

here.  It is apparent from a review of his 1992 lawsuit that he challenged the

lawfulness of his arrest.  **Exh. D**.  In his 1992 lawsuit, the plaintiff alleged that he

was "kidnaped without a warrant."  Moreover, Magistrate Judge Latimer in

granting defendants' motion for summary judgment acknowledged that the

plaintiff's complaint contained claims of excessive force and false arrest.  **Exh. E**.

Accordingly, if the plaintiff's 1989 arrest serves as the basis for this lawsuit, the

preclusive effect of *res judicata* is triggered.  See <u>Commissioner of</u>

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Environmental Protection, supra, 227 Conn. at 189-190 (to determine if the present action is barred by *res judicata* court must compare the two complaints and determine if they arise from same set of operative facts). The doctrine of *res judicata* is specifically intended to preemptively bar repeated efforts by litigants who attempt to re-litigate final judgments. There is simply no legal basis upon which the plaintiff can pursue the present action eight years after the case was finally decided by the Second Circuit's dismissal of the plaintiff's appeal.

While it is not clear if the City was a defendant in the original 1992 action, the judgment would have preclusive effect as to the plaintiff's claims against the City under the doctrine of *res judicata. Res judicata* (as it encompasses collateral estoppel) "precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999). "Collateral estoppel may be used defensively to prevent a plaintiff from asserting a claim that the plaintiff has previously litigated and lost against another defendant." Bills v. Aseltine, 52 F.3d 596, 604 (6th Cir. 1995). "[A] party may rely on collateral estoppel even though he or she is not bound by the prior judgment if the party against whom it is used had a full and fair opportunity and incentive to litigate the issue in the prior action." Lane v.

- 22 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>Peterson</u>, 899 F.2d 737, 742 (8th Cir. 1990).  To invoke this doctrine four criteria must be met:

> (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits: (4) the party against whom collateral estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

<u>Bills</u>, 52 F.3d at 604, <u>quoting</u> <u>Detroit Police Officers Ass'n v. Young</u>, 824 F.2d 512, 525 (6th Cir. 1987).

In this instance, the application of the doctrine is warranted.  First, the issue of whether the plaintiff's false arrest claim was barred by the statute of limitations was litigated in the original 1992 action.  Second, this issue was not only determined in the original action but dispositive of the case.  Third, the granting to the motion for summary judgment on the grounds that the plaintiff's claims were barred by the statute of limitations resulted in a final judgment, to which there were successive appeals and unsuccessful collateral attacks on the judgment.  Fourth, as detailed in the defendants' memoranda submitted in support of the motions to dismiss, the proliferation of litigation that followed establishes the plaintiff's full and fair opportunity to litigate the issue.  Thus, the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff should be collaterally estopped from bringing a false imprisonment claim against the City.

       4.      <u>There Was Probable Cause for the Plaintiff's Arrest.</u>

     "A § 1983 false arrest claim requires the plaintiff to establish that (1) the defendant intentionally arrested him or had him arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supported by probable cause." <u>Chipperini v. Crandall</u>, 253 F. Supp.2d 301, 305 (D. Conn. 2003). If probable cause existed for the plaintiff's arrest, then he can not prevail on a false arrest or false imprisonment claim. <u>Cf.</u> <u>Chipperini</u>, 253 F. Supp. 2d at 306; <u>see</u> <u>also</u> <u>Raymond v. Bunch</u>, 136 F. Supp.2d 71, 78 (N.D.N.Y. 2001)(existence of probable cause is complete defense to claim of false arrest). In the present case, the plaintiff admitted to the criminal conduct which resulted in his arrest, conviction and incarceration. At his change of plea hearing, on January 9, 1990, the plaintiff admitted that he possessed a firearm and the cocaine with the intent to distribute. **Exh. A**, pp. A35-40. In a written statement provided to Special Agent Markowski and the Hartford police officers, the plaintiff had already admitted to unlawfully possessing these items. <u>Id.</u> Moreover, the plaintiff has never, and does not now, challenge the validity of the warrant that resulted in the seizure of these items. Therefore, probable

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

cause existed for the plaintiff's arrest and his false arrest/false imprisonment

claim must fail.[7/]

C.    The Plaintiff Cannot Establish A Claim of Municipal Liability Against
the City of Hartford For False Imprisonment.

The Amended Complaint alleges that the City falsely imprisoned the

plaintiff for using and carrying a firearm pursuant to and in relation to a drug

trafficking crime and that he is entitled to compensation upon the vacation of his

conviction. *Amended Complaint*, ¶ 7. The plaintiff cannot meet his burden of

proof on establishing municipal liability as to the City.

1.    There Was No Involvement by the City of Hartford or its
Employees in the Federal Indictment of the Plaintiff.

The sole basis for the plaintiff's false imprisonment claim is that his

federal conviction was vacated in the wake of the United States Supreme Court

decision in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (1995). As

---

7/    Moreover, the subsequent indictment by the federal grand jury serves to insulate the
defendant from liability because it created at least a presumption of probable cause.
Bunch, 136 F.Supp. 2d at 78; see also Bordeaux v. Lynch, 958 F. Supp. 77, 83
(N.D.N.Y. 1997)(grand jury indictment establishes at the very least a presumption of
probable cause); Causey v. The Parish of Tangipahoa, 167 F.Supp.2d 898, 906
(independent finding of probable cause by magistrate or grand jury cuts off causation for
false arrest). The presumption exists even if the conviction is overturned, absent
evidence that the conviction was the result of "fraud, perjury, or other acts effecting the
integrity of the prosecution." Bordeaux, supra. Here, there is no claim that the
conviction was obtained by fraud, perjury or acts effecting the integrity of the
prosecution. On the contrary, the conviction was vacated based on a subsequent
interpretation of the federal statute by the Supreme Court.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

already discussed herein, on November 6, 1989, a federal grand jury indicted the plaintiff on three (3) federal criminal charges.[8/]

There is no claim, nor suggestion thereof, that the City of Hartford had any role in the United States Government's decision to indict the plaintiff on federal firearms and narcotics charges.  Thus, despite the <u>Bailey</u> decision in 1995 which resulted in the District Court vacating the plaintiff's judgment of conviction, the government's prosecutorial decision in this case cannot be imputed to the City for the purposes of establishing § 1983 liability.  There is no claim that the City of Hartford, or any of its officers, charged the plaintiff with a violation of a federal crime and it is apparent from the record that it was the government's decision to seek a grand jury indictment.  Accordingly, no liability could be imputed to the City for the plaintiff's conviction of the federal crime.

---

[8/]  The grand jury charged the plaintiff with (1) violating 18 U.S.C. § 922(g)(1) for possessing a firearm which had been shipped in or affecting interstate commerce and having already been convicted by one or more felonies; (2) violating 21 U.S.C. § 841(a)(1) for knowingly and intentionally possessing with the intent to distribute a Schedule II controlled substance, to wit, cocaine; and (3) violating 21 U.S.C. § 841(a)(1) for intentionally using and carrying a firearm during and in relation to a drug trafficking crime.  **Exh. C**.  It was the Third Count of the Indictment to which the plaintiff entered a plea of guilty on January 9, 1990.  **Exh. A**.  After the district court accepted the plea and imposed sentence, the Government dismissed Counts One and Two of the Indictment.  <u>Id.</u> at A67.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.    <u>The Plaintiff Has Failed To Establish Municipal Liability On
      The Part Of The City Of Hartford For The Actions Of Its
      Officials</u>.

Alternatively, the plaintiff cannot prevail on his claims against the
City because he has failed to establish liability as to any of the Hartford police
officers.  In fact, as already described at length herein, the individual defendants
have been dismissed from this lawsuit.  <u>See</u> <u>City of Los Angeles v. Heller</u>, 475
U.S. 796, 799, 106 S.Ct. 1571 (1986).  If there is no finding that one of the
officers inflicted constitutional harm, then no award of damages can be awarded
against a municipality based upon the actions of its officer.  <u>Id.</u>

Moreover, it is well established that for a municipality to bear constitutional
responsibility, the plaintiff must establish more than a constitutional violation by
one of the City's officials.  <u>Monell v. New York City Department of Social
Services</u>, 436 U.S. 658, 690-91, 98 S.Ct. 2019 (1978).  A constitutional violation
can only be imputed to the municipality when a policy or custom is fairly
attributable to the municipality as its own and it is the moving force behind a
particular constitutional violation.  <u>Spell v. McDaniel</u>, 824 F. 2d 1380, 1387 (4th
Cir. 1984).  To prevail, the plaintiff must demonstrate a course deliberately
pursued by the municipality, as opposed to an action taken unilaterally by a non-
policy making municipal employee, and an affirmative link between that policy

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street           & SAGE LLP         Fax (860) 548-0006
Hartford, CT 06103                             Juris No. 26105

and the particular constitutional violation.  <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 105 S.Ct. 2427, 2433 (1985).

To prevail on a § 1983 claim under <u>Monell</u>, the plaintiff must prove: (1) the existence of an official policy or custom of such longstanding to have the force of law; (2) pursuant to which one or more municipal employees violated the plaintiff's civil rights.  <u>Monell</u>, 436 U.S. at 690-91; <u>Batista v. Rodriguez</u>, 702 F.2d 393, 397 (2d Cir. 1993).  "In view of the extensive discovery that necessarily results from a claim of municipal liability under <u>Monell</u>, there should be evidence of a municipality's policy beyond a mere single, isolated incident." <u>Stengel v. City of Hartford</u>, 652 F. Supp. 572, 574 (D. Conn. 1987)(internal citations omitted). "A plaintiff must typically point to facts outside his own case to support his allegation of a policy on the part of a municipality." <u>Thurman v. City of Torrington</u>, 595 F. Supp. 1521, 1530 (D. Conn. 1984).

The plaintiff could satisfy the policy and custom standard in one of several ways.

        a.    <u>Unconstitutional Policy</u>

First, the plaintiff could establish liability by proving that the alleged unconstitutional actions by any Hartford police officer resulted from the execution of a formal policy statement, ordinance or regulation officially adopted by the

- 28 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

municipality.  See Monell, 436 U.S. at 690, 98 S.Ct. at 2035-2036.  "An official

policy is fairly easily to discern; it is usually found in written policy statements,

ordinances, and regulations."  Cain v. Rock, 67 F. Supp. 2d 544, 549 (D. Md.

1999), citing Monell v. Department of Social Services, 436 U.S. 658, 690, 98

S.Ct. 2018, 2036 (1978).  It is obvious that the plaintiff does not claim that the

actions of the officers or his federal incarceration were the product of an official

policy of the City of Hartford.

      b.    Decision of Policymaker

      The second way the plaintiff could establish municipal liability is by

proving that the underlying conduct of the officers constituted a single decision or

act of a municipal policymaker.  See City of St. Louis v. Praprotnick, 485 U.S.

112, 123, 108 S.Ct 915, 924 (1988)(only officials with final policymaking authority

may by their own actions subject the government to § 1983 liability).  It is well

established that a municipality cannot be liable under § 1983 for unconstitutional

conduct by employees below a policymaking level.  DeCarlo v. Fry, 141 F.3d 56,

61 (2d Cir. 1998).  The complaint makes no suggestion that the officers were

policymakers.  Given their positions as detectives, no such argument could be

credibly advanced.  It is, therefore, unnecessary to examine further the legal

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

standard which could impose liability on a municipality for the actions of its policymakers.

    c.    <u>Unconstitutional Practice or Custom</u>

    The third way the plaintiff could establish municipal liability is by first proving that the City maintained a practice so consistent and widespread to impute constructive knowledge of the practice to policymaking officials. <u>Mettler v. Whitledge</u>, 165 F.3d 1197, 1204 (8th Cir. 1999). To establish the existence of a municipal custom, the plaintiff must prove: (1) the existence of a continuing, widespread persistent pattern of unconstitutional misconduct by the governmental entities' employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entities' policymaking officials after notice to the officials of that misconduct; and (3) the plaintiff's injuries by acts pursuant to the governmental entities' custom, i.e., proof that the custom was the moving force behind the constitutional violation. <u>Id</u>. Deliberate indifference is demonstrated when the "inadequacy is so obvious, and . . . so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent[.]" <u>Warner v. City of Terre Haute</u>, 30 F. Supp. 2d 1107, 1120 (S.D. In. 1998), <u>quoting</u> <u>Graham v. Sauk Prairee Police Commission</u>, 915 F.2d 1085, 1100 (7th Cir. 1990). The

- 30 -

One Goodwin Square               HALLORAN             Phone (860) 522-6103
225 Asylum Street               &amp; SAGE LLP             Fax (860) 548-0006
Hartford, CT 06103                                    Juris No. 26105

plaintiff does not even alleged the existence of an unconstitutional practice or
custom which was the moving force behind his imprisonment. Moreover, since
the plaintiff's false imprisonment claim is predicated on a 1995 decision by the
United States Supreme Court interpreting federal law, it is impossible to
reconcile the plaintiff's theory with the City's potential liability as a municipality.

D.    There is No Independent Claim Under Conn. Gen. Stat. § 52-595
      Nor Does It Operate To Toll The Statute of Limitations.

The Court has also construed the complaint as stating a cause of action
for fraudulent concealment under Conn. Gen. Stat. § 52-595. Section 52-595
provides in relevant part:

> If any person, liable to an action by another, fraudulently conceals
> from him the existence of the cause of such action, such cause of
> action shall be deemed to accrue against such person so liable
> therefor at the time when the person entitled to sue thereon first
> discovers its existence.

Conn. Gen. Stat. § 52-595 (1949). The statute, however, does not codify an
independent cause of action. The statute merely provides a vehicle to toll the
statute of limitations for an otherwise cognizable claim. See Martinelli v.
Bridgeport Roman Catholic Diocen Corp., 196 F.3d 409, 419 (2d Cir. 1999). The
language of the statute operates only to delay the accrual date for a cause of

- 31 -

action that was fraudulently concealed.  Therefore, the plaintiff has no "claim" for fraudulent concealment.

The plaintiff has also failed to demonstrate that § 52-595 operates to toll any cognizable claim he may have against the City.  As already set forth herein, the City has raised a statute of limitations defense to the plaintiff's false imprisonment claim to the extent that the claim is predicated on the arrest/seizure of March 2, 1989.  There is no basis to delay the accrual date of any cause of action the plaintiff had arising from the events of March 2, 1989 based on the allegations of the complaint.

The Amended Complaint alleges that the "defendants did not notify the Plaintiff that they had acquired an erroneous judgment and conceal the facts as to the present time[.]" *Amended Complaint*, ¶ 3.  The plaintiff refers, again, to the application of the two-year statute of limitations to his 1992 civil rights complaint. Id. ¶ 2.    To obtain the tolling permitted under the statute, the plaintiff must prove: "(1) a defendant's actual awareness, rather than imputed knowledge, of the facts necessary to establish the plaintiffs' cause of action; (2) that defendant's intentional concealment of these facts from the plaintiffs; and (3) that defendant's concealment of the facts for the purpose of obtaining delay on the plaintiffs' part in filing a complaint on their cause of action."  Bartone v. Robert L.

- 32 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>Day Co.</u>, 232 Conn. 527, 533 (1995).   The plaintiff must also sustain this burden "by the more exacting standard of clear, precise, and unequivocal evidence." <u>Id.</u>

The thrust of plaintiff's claim is that the defendant concealed the existence of the <u>Lounsbury</u> decision from him.   Not only is such a claim unsupported by any evidence, but it would be completely illogical to accept the proposition that the defendant concealed from the plaintiff a reported decision from the Second Circuit Court of Appeals.  The plaintiff has similarly failed to offer any evidence that the City fraudulently concealed the existence of any facts that would give rise to any claim.  The plaintiff has been aware of the <u>Lounsbury</u> decision since at least 1996.  <u>See</u> **Exh. I**, <u>Ruling</u>, <u>Channer v. Markowski</u>, 92CV17 (PCD)(plaintiff knew or should have known of proper statute of limitations since 1996).   It is evident that the plaintiff's true complaint is that Magistrate Judge Latimer applied the wrong statute of limitations in 1992 and the plaintiff has been attempting to relitigate this issue ever since.  Characterizing his claim as one for fraudulent concealment against the City should be seen for what it is - a poorly veiled effort to circumvent the principles of *res judicata*.  The issues of whether the plaintiff's false arrest and excessive force claims were barred by the statute of limitations and whether the plaintiff is entitled to reopen the case under Fed. R. Civ. P. 60

- 33 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

have been fully and fairly litigated. This matter should end here with judgment entering in favor of the City.

III.   CONCLUSION

Wherefore, for the foregoing reasons, the City respectfully requests that the Court grant the present motion and enter summary judgment in its favor.

DEFENDANT,
CITY OF HARTFORD


BY: _____
Brian P. Leaming
Fed. Bar No. ct 16075
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT  06103
Tele: (860) 522-6103

- 34 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 10th day of November, 2003, the foregoing was either mailed, postpaid, or hand-delivered to:

Claudious W. Channer
Inmate #15148
P.O. Box 100
Somers, CT 06071

Brian P. Leaming

482948.1(HS-FP)

- 35 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105