UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER;<br>Plaintiff | : | CIVIL ACTION NO.<br>3:00CV230 (SRU)(WIG) |
| VS. | : | |
| RICHARD BLUMENTHAL;<br>JANET RENO;<br>CITY OF HARTFORD;<br>JAMES MARKOWSKI;<br>DETECTIVE PERODEAU;<br>DETECTIVE MERRITT;<br>DETECTIVE WOLF;<br>DETECTIVE ELLIS; SERGEANT<br>CAGIANELLO, ET AL<br>Defendants | : | NOVEMBER 10, 2003 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, the defendant, City of Hartford, submits the following statement of material facts to which there are no genuine issues to be tried.

1. On March 2, 1989, Special Agent Markowski from the Bureau of Alcohol, Tobacco and Firearms, together with Hartford police officers, executed a search warrant at the plaintiff's residence. **Exh. A**, *Change of Plea Hearing*, p. A36.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2. During the search, Agent Markowski and the Hartford police officers recovered a scale used for drug packaging, baggies, a variety of packing materials, ammunition, some bills indicating that the plaintiff was a resident of that apartment, approximately ten (10) ounces of cocaine and a loaded M11 semi automatic handgun containing twelve (12) rounds of ammunition. Id., p. A36-37.

3. Following the arrest, the plaintiff provided a written statement in which he admitted he purchased the firearm in December of 1988, and had purchased the cocaine the previous night in New York City. Id. at A37.

4. The plaintiff was arrested and charged with state drug and weapon charges. Id., pp. A8, A15-A19.

5. On November 6, 1989, a federal grand jury returned a three-count indictment against the plaintiff based upon the events of March 2, 1989. **Exh. B.**

6. On January 9, 1990, the plaintiff entered a plea of guilty to the Third Count of the Indictment, which charged the plaintiff with using and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). **Exh. C**, Judgment; **Exh A**, p. A15.

7. The plaintiff, as part of his guilty plea, admitted that on March 2, 1989, he was in possession of cocaine, that it was his intent to sell or distribute

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the cocaine and that, at the same time, he was in possession of a firearm. **Exh. A**, A34-A35.

8.  At the change of plea hearing, the Court requested the plaintiff to respond to the government's rendition of the facts (as set forth above) to which the plaintiff admitted that he was in possession of ten (10) ounces of cocaine and a loaded 9mm gun. Id. at A38-A39.

9.  The Court accepted the plaintiff's guilty plea, entered a judgment of conviction against him and sentenced him to a period of incarceration of five (5) years. **Exh. C**.

10.  As part of the plea agreement, the plaintiff pled guilty to Count Three of the Indictment in exchange for the Government's dismissal of Counts One and Two, and with the understanding that the State of Connecticut would dismiss the pending state charges arising from the March 2, 1989 arrest. Id. at A15-A19, A67.

11.  In 1995, the United States Supreme Court, in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501 (1995), held that a defendant cannot be charged under 18 U.S.C. § 924(c)(1) merely for storing a weapon near drugs or drug proceeds. The Supreme Court held further that to sustain a conviction under the "use" requirement of § 924(c)(1), the Government must prove that "the

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

defendant actively employed the firearm during and in relationship to the predicate crime." Id. at 150, 116 S.Ct at 509.

12.   In the case of the plaintiff's arrest on March 2, 1989, the subject firearm was located in the plaintiff's apartment in close proximity to the drugs. **Exh. A**. at A35-A40.

13.   On or about June 22, 1998, Judge Dorsey entered an order vacating the plaintiff's judgment of conviction. *Ruling and Order* (doc. 70).

14.   The plaintiff commenced his first civil action arising from the events of March 2, 1989 in a lawsuit styled Claudious Channer v. Mr. Jim Markowski, Detective Michael Perodeau, Detective Gregory Merritt, Detective Wolf, Detective Ellis, Detective Caganianello, and other police officers from the Hartford Police Department, No. 2:92CV0017 (PCD)("Channer I").

15.   In Channer I, the plaintiff alleged that Special Agent Markowski and the Hartford police officers violated his constitutional rights by allegedly employing the use of unreasonable force during the arrest and "kidnapping [him] without a warrant" in violation of his Fourth Amendment rights. **Exh. D**, p. 5.

16.   In Channer I, the defendants moved for summary judgment by separate motions pursuant to Rule 56 of the Federal Rules of Civil Procedure and on August 24, 1992, Magistrate Judge Arthur Latimer issued a

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

recommended ruling granting the defendants' Motions for Summary Judgment on the grounds that the plaintiff's claims were barred by the statute of limitations. **Exh. E**.

17. In granting the defendants' motions for summary judgment, Magistrate Judge Latimer applied Connecticut's two-year statute of limitations, as codified in Conn. Gen. Stat. § 52-584, to the plaintiff's civil rights claims. Id.

18. In accordance with Rule 2(a) of the Local Rules for Magistrate Judges, the plaintiff was advised that he had ten (10) days in which to object to the recommended ruling, otherwise any subsequent appellate review by the Court of Appeals may be precluded. Id.

19. The plaintiff failed to object in a timely manner and on September 14, 1992, the Court (Peter C. Dorsey, USDJ) adopted the recommended ruling and granted the defendants' motions for summary judgment. Id.

20. By motion dated September 22, 1992, which was docketed on September 30, 1992, the plaintiff objected to the recommended ruling. **Exh. F**.

21. In his motion, the plaintiff repeated his argument that the Court should apply the three-year statute of limitations, as codified in Conn. Gen. Stat. § 52-577, to his federal civil rights claims. Id.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

22. On October 7, 1992, the Court treated the plaintiff's "objection" as a Motion for Reconsideration and denied it. Id.

23. Thereafter, the plaintiff commenced a timely appeal to the United States Court of Appeals for the Second Circuit challenging the Court's ruling and order entering judgment in favor of the defendants. **Exh. G.**

24. By Summary Order, the Second Circuit dismissed the plaintiff's appeal because the plaintiff failed to file a timely objection to the Magistrate Judge's recommended ruling. Id.

25. By motion dated March 17, 2000, the plaintiff filed a self-styled Lounsbury motion in Channer v. Markowski, No. 2:92CV0017, in which he requested the Court to reopen the case. **Exh. H.**

26. In its ruling, dated July 19, 2000, the Court considered the plaintiff's motion as one to reopen the case and denied it. **Exh. I.**

27. The plaintiff commenced the present action by the filing of the complaint on February 3, 2000. (doc. 3).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT,
CITY OF HARTFORD

BY: _____
Brian P. Leaming
Fed. Bar No. ct 16075
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT 06103
Tele: (860) 522-6103

## CERTIFICATION

This is to certify that on this 10th day of November, 2003, the foregoing was either mailed, postpaid, or hand-delivered to:

Claudious W. Channer
Inmate #15148
P.O. Box 100
Somers, CT 06071

_____
Brian P. Leaming

474315.1(HS-FP)

- 7 -