FILED

2003 DEC -1  P 5: 36

US

United States District Court

District of Connecticut

Claudious Channer
        Plaintiff            October 28, 2003

        vs                Civil no. 300CV230 (SRU)

Richard Blumenthal, et al

                Defendants

Motion In opposition To Defendants
Motion Seeking Judgment

Now Comes the above Named pro-se
Plaintiff who is presently incarcerated,
Respectfully Move this Honorable Court to
deny the Defendant Gregory Meriutt
Motion Seeking Judgment, pursuant to
Federal Rules of civil Procedures Rule 54 (b).

The defendant Meriutt asserted that the
Court dismissed all claims against him
and therefore he is entitled to Judgment.
This assumption is dead wrong. Under the
Rule of a pro-se pleading. The Plaintiffs
Complaint must be liberally construed
and hold to a lesser standard than a

Complaint drafted by an Attorney. In the instant Complaint Count Seven. The Plaintiff Claimed False imprisonment which should have been liberally construed against all of the actors.

The defendants Chooses to respond to what they feel were suitable for them to answer to and leave the rest of the Complaint untouch. see Gomes v. Avco Corp. 964 F2d 1330 (2nd Cir. 1992); Ispia-Critiz v. Doe, 171 F3d 150 (2nd Cir. 1999), and Spencer v. Doe, 139 F3d 107 (2nd Cir. 1998).

1 Detective Gregory Merritt is an employee of the City of Hartford and was a employee in the Plaintiff's arrest and proceeding of federal and State Charges.

Plaintiff was arrested by the defendant and A.T.F agents in a joint operation placed by the City and its Police Department. At a trial the defendants own words will prove that they called in the federal Agents to assist them in arresting Jamaicans in the City of Hartford. It is the City customs and practice to call in the federal Government and the State police to assist them in the Controling crimes in the City of Hartford.

-4-

As we speak such a custom and practice are inacted in the city of Hartford. The defendants were in State court on February 21, 1991 confirming that they called the United States Attorney office and refered the Plaintiff case to them for federal prosecution.

The Federal Government had no personal interest in the Plaintiff crime before the defendants decided to refer the Plaintiff case to the Feds. The defendants are on record that indicating that they wanted to refer a lot of their case to the Federal Government because the defendants will serve more time if they are federally prosecuted.

-5-

At that juncture the State of Connecticut did not acquired its 85% Sentencing laws as yet. While the Plaintiff did not inserted defendant Merritt Name in Count Seven of the Complaint.

It must be construed that Count Seven allegations is applicable to defendant Merritt. The defendant could have ask the Plaintiff for a more definite Claim against him but he choose to answer to some of the Complaint and leave the rest unanswered. Information in a Complaint that go unanswered is presumed to be admitted as true.

-6-

The Court dismissed the Claims that the Defendants ask the Court to dismiss. The Defendants did not Challenge the Plaintiff's Claim of false imprisonment in any of its previous pleading.

If the Plaintiff's Complaint was given a liberal Consideration then it must be Construed that Count Seven pertain to all of the Police officers and the federal Agent who was Named in the Complaint.

The arresting officers are the one who drew up the Charging information and hand it to the prosecution. The prosecution Modify or Amend the information into a Charging document.

-7-

Without the defendant and its Police Department. There would not be a Federal indictment. Now the defendant is claiming that he should be dismissed from the case because he owe the Plaintiff no duty or responsibility for his false imprisonment.

The defendant and the city of Hartford have a practice of presenting false Affidavit to secure an arrest warrant for Alien and Citizen of Hartford. Chief State Attorney John Baley was accused of this practice in a law suit file by one of his employee. It is yet to discovered if the Plaintiff name is on the list of defendant who was arrested under such practice.

-8-

Furthermore, the defendants failed to disclosed the responsibility and contract that the City had with the federal Government, under Task Force 178 ct 026.

For these reasons stated herein. Plaintiff humble ask that this Court denied the defendant request and enter a default judgment on each defendant who failed to file an answer to the Plaintiff false imprisonment claims. In God we trust.

Respectfully Submitted

Claudious W. Channer
P.O Box 100
Somers, Ct 06071

## Order

The foregoing Motion having been heard and it is hereby ordered: Granted / Denied

By The Court

_____ J.

## Certificate of Service

I hereby certify that a true copy of the enclosed was mailed on this 19 day of November 2003 to Attorney Brian P. Cornings and Goodwin Square. 225 Asylum Ave. Hartford, CT 06103.

Respectfully Submitted

_____

Aurelious Thomas
P.O. Box 100
Somers CT 06071