United States District Court
District of Connecticut

Claudious W. Channer
   Plaintiff

VS.  Civil No.3:00cv230 (SRU) (WIG)

Richard Blumenthal EK AL           December 16, 2003
   Defendants

FILED
2003 DEC 18 P 12: 55

## Rule 56(f) Motion Seeking Discovery

Now comes the above pro-se Plaintiff who is presently incarcerated respectfully move this Honorable court to refuse the defendant city of Hartford Summary judgement because the city refuse to hand over discoveries in the matter. See Salahuddin V. Coughlin, 993f2d 306, 309 (2nd Cir. 1993, Klingele V. Eikenberry, 849 F2d 409 412 (9th Cir. 1998) and Villante V. Department of Correction of city new york, 786 F2d 516, 521 (2nd Cir. 1986).

The city is claiming that it had no involvement in the Plaintiff's Federal Indictment. To the contrary, discoveries will prove that the defendants called in the federal government to indict the Plaintiff only after he refuse to take a state plea bargain. The defendants claimed that the Plaintiff cannot show that the city has a custom or practice which cause is false imprisonment. To the

contrary, discoveries from the defendant will prove just that.

For example the Plaintiff was arrested by a jamaican task force. Case # NE-CT 026, which were made up of federal agents and Hartford Police. This was a contract promulgated by the city with the federal Government. The Plaintiff would like to acquire a copy of the contract and its procedures before he can respond to the city claim. In addition, assistant State Attorney Paul E. Marray is on record, stating that he was the one who call in the U.S. Attorney office to take over the Plaintiff case. Plaintiff is assuming that Assistant State Attorney Paul Marray was an employee of the city of Hartford.

The city claimed that they had probable cause to arrest the Plaintiff and therefore his false imprisonment claim cannot stand. Plaintiff need discoveries to show that the arresting officers exceeded the scope of their search when they arrest the Plaintiff and carry him to 57 Weathers field Ave Apt 6.3.

The defendants admit in their Affidavit that they arrested the Plaintiff while he was walking toward a Pathfinder which was registered to a family member of the Plaintiff.

The Plaintiff was arrested immediately and taken to apartment 6-3 where the defendants began to search and discovered the narcotic. Discoveries from

the defendants will show that the defendants fabricated the Affidavits which claimed that they observed the Plaintiff placing a firearm under the dashboard of the Pathfinder Jeep. That statement was inserted to justify the Plaintiff false arrest. While a weapon was discovered in the vehicle it was discovered in the panel of the Pathfinder. In the back where the jack is stored. When law enforcement officers grossly exceed the scope of a search warrant, suppression of all evidence seized under that warrant is required. See U.S V. Snow, 919 F2d 1458 (10th Cir. 1990). In State V. Reddick, 707 Conn. 323 (1988) the court rejected the police attempt to expand the scope of the warrant search by receiving authorization from the issuing judge over the telephone. It is a custom and practice of the city of Hartford and its police Department to present false Affidavit to judges for the arrest of Minorities. An inspector expose former Chief State Attorney John Bailey for his practice and he was silence. The inspector filed suit and won. How many names were on that list. This Plaintiff does not have a clue.

It is possible that the Plaintifff name is on the list. For example, victim Deloy Lewis came forward and testified that he was threatened by the Hartford police officers; city prosecutors to present false testimony against the Plaintiff. See Channer V. Brooks. 320 F3d 188 (2nd Cir. 2003) .

In Channer V. Mitchel, 43 F3d 787 (2nd cir. 1994) the court ruled that the Plaintiff could not bring a false arrest claim against the police officer until his conviction was vacated. See Black V. Coghlin, 76 F3d 72, 74 (2nd cir. 1996) statue of limitation began to run when the conviction was vacated or reversed.

The city of Hartford was informed of the Plaintiff claims of excessive force for years but they failed to investigate the Plaintiff claims. The city was informed through a report or an appeal of the wrong done to the Plaintiff but the city failed to remedy the wrong of its employees using excessive force against the Plaintiff. The city must be fair to its citizens. Recently the city settled a claim of false arrest. Where the city arrested the wrong suspect in a murder. Subsequently, another suspect confessed to the alleged murder. While the city assented that Plaintif plea guilty to federal charges in return for a dis missal of all related and unrelated state charges being dismiss. The city reneged on its promise and prosecuted the Plaintiff. on the unrelated charges that it promise to dismiss.

Before the state court is a habeas corpus seeking credit for the Plaintiff's vacated federal sentence. There the respondent made the same argument as they made here. Claiming that they are not responsible for any time credit to the Plaintiff.

At the same time the court records are showing that the Plaintiff was incarcerated at 177 weston street, a city jail in 1989 to 1990.

When the Honorable District Court Judge Nevas issue a writ of AD prosequendum ordering the city to hand over the Plaintiff for prosecution. Judge nevas specifically order the marshal to return the Plaintiff immediately back to the city jail, after sentencing on january 9, 1990. which the marshal did. Under the rules of comity the city had custody of the Plaintiff all a long, although they had erroneously released the Plaintiff to the Federal Bureau of Prison on January 10, 1990. In NC liberator, 574 F2d 78, 79 (2nd Cir. 1978) Crawford V. Jackson 589 F2d 693 ( DC. Cir. 1978). Thomas V. Brown, 923 F2d 1361 (9th Cir. 1991) and Whalen V. 962 F2d 361 and Roche V. Sizen, 675 F2d 507, 509 (2nd Cir. 1982). Producing a state presoner in federal court under a writ of habeas coupus AD prosequendum does not relinquish the city of its custody of the Plaintiff. See Salley 786 F2d at 547 - 48. Thus rule derives from the fact that the Federal writ of Habeas coupus AD prosequendum merely loan the Plaintiff to the Federal Authorities. There the plaintiffs spend five long years in prison, away from his nine children for a chrage that the government confirm that the Plaintiff was innocent of. Now the city and the federal government are claiming that they are not at

fault. No one want to accept that they send a innocent man to prison on a charge that he did not committed but that is the reality.

It is real easy to run away when the wrong is looking you in the face. No one want to stand up and face the reality. The same fact that they used to be promoted are now in question. In a city where the people are crying out for safety and security. It is common practice of the city to bypass the constitution, in the name of safety and security.

In the instant case, the city and its police force arrested the Plaintiff and brought him to an apartment known as 57 Weathersfield G-3. The Plaintiff was arrested before any drugs were found.

A search warrant was executed for apartment G-3 and not a Pathfinder which was parked in 57 Weathersfield Avenue or an arrest warrant for the Plaintiff person. The defendants own report will conclude that the Plaintiff was illegally arrested and brought to the scene where the drugs were discovered. A search warrant does not authourize the city to arrest the Plaintiff from down town Hartford and carry him to Weathersfield to conduct a search of his apartment. While the plaintiff did not claim false arrest in his complaint. The city arrest report will conclude that the Plaintiff was illegally arrested and subsequently falsely imprisoned. It is the city practice of deliberately proving

Judges with false information to justifying the issuance of search warrants. For example, the city and its police department claimed that their informant was inside the Plaintiff apartment and observing the Plaintiff exchanging white powder substance for U.S. currancy. This court can take Judicial notice that the foregoing words were added to the Affidavit after it aws type written. One is left to wonder if the informant did say that he was physically inside the apartment observing the Plaintiff exchanging of white powder for U.S currancy. The defendant insert said paragraph to support their burden of probable cause to obtain a search warrant. Plaintiff recently discovered that there was no known informant in the Plaintiff's apartment observing the Plaintiff exchanging white powder substance for U.S. currancy. Such information were fabricated to create probable cause for a search of the Plaintiff apartment. The city arrest form the basis of the federal indictment. One connot cut down a tree by cutting off its branches, you must cut the tree from the root. There the root of the Federal indictment began with the city and its Police Department fabricating a probable cause to arrest and search the Plaintiff's house.

The identity of the alleged informant has been conceal from the Plaintiff.

However, the Plaintiff can all most be certain that the alleged informant was not in the Plaintiff's apartment observing a drug transaction. It is possible that the informant did observed known drug dealers in the company of the plaintiff, but what does that constitute for the purpose of a search warrant. Looking at the information inwhich the city is relying on to establish probable cause for their search. Without the fabricate statement which alleged that the informant was inside the plaintiff's apartment and observed him selling drugs for U.S. currancy. The remaining information were insufficient to establish probable cause. See Franks V. Delaware, 438 U.S. 154 (1978).

The withholding discoveries will assist the Plaintiff burden of proof that there is genuine issues of material facts that warrant a jury trial.

Futhermore, summary judgement should not be when the defendants are concealing material evidence which will assist the Plaintiff in establishing a genuine issue of materail fact.

Based upon the gravamen of the foregoing argument and the missing proofs. Plaintiff respectfully ask that summary judgement be denied until the defendant provide the plaintiff with discoveries, or in the atternative plaintiff ask that judgement be postpone until the defendant city of Hartford supply

the Plaintiff with the outstanding discoveries. In god we trust.

Respectfully Submitted by
a Blackstone law Student

_____
Claudious W. Channer
P.O. Box 100
Somers, CT. 06071
# 151418

## Certificate of Service

This is to certify that a true copy of the foregoing motion was mailed to Attoney Brian L. Leaming. Esqu 225 Asylum Street. Hartford, CT. 06105. Attoney Richard T. Biggar, 110 Sherman Sytreet, Hartford, CT 06105 on this 16 day of December 2003.

Respectfully Submitted

Claudious W. Channer
P.O. Box 100
Somers, CT. 06071
# 151418