UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLAUDIOUS CHANNER

    V.                                                        PRISONER

                                                         CASE NO. 3:00CV230 (SRU) (WIG)

RICHARD BLUMENTHAL, ET AL.

RULING AND ORDER

Presently before the Court is the plaintiff's motion to strike and motion for extension of time. For the reasons set forth below, the motion to strike is denied and the motion for extension of time is granted.

I. Motion to Strike [doc. #74]

Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Schramm v. Kirschell, 84 F.R.D. 294, 299 (D. Conn. 1979). See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("courts should not tamper with the pleadings unless there is a strong reason for so doing"); Velez v. Lisi, 164 F.R.D. 165, 166 (S.D.N.Y. 1995) ("A motion to strike is an extraordinary remedy which will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."). See, e.g., Velez v. Lisi, 164 F.R.D. at 167 (allegations of perjury and criminal misconduct not

stricken from employee's section 1983 claim); <u>Urashka v. Griffin Hospital</u>, 841 F. Supp. 468, 476-77 (D. Conn. 1994) (allegations of sexist remarks stricken from age discrimination claim but allegation of comments regarding sexuality of younger women not stricken).

In addition, courts are reluctant to strike an affirmative defense unless the plaintiff demonstrates how prejudice would result it the defense were not stricken. 2A Moore's Federal Practice, ¶ 12.21[2], [3] (2d ed. 1995) (citing cases). Furthermore, a motion to strike an affirmative defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. <u>See</u> <u>also</u> <u>S.E.C. v. Electronics Warehouse, Inc.</u>, 689 F. Supp. 53, 57 (D. Conn. 1988) ("A defense may be stricken only when it presents no substantial questions of law or fact and is insufficient as a matter of law"), <u>aff'd</u> <u>sub</u> <u>nom.</u>, <u>S.E.C. v. Calvo</u>, 891 F.2d 457 (2d Cir. 1989), <u>cert.</u> <u>denied</u>, 996 U.S. 942 (1990).

The plaintiff seeks to strike the affirmative defenses in the answer filed by the defendants in October 2003. In their first affirmative defense, the defendants state that the amended complaint fails to state a claim upon which relief can be granted. In their second affirmative defense, the defendants state that the claims in the amended complaint are barred by the statute of limitations. In their third affirmative defense, the defendants state the claims in the amended complaint are barred by the doctrine of res judicata. In their fourth affirmative defense, the defendants contend they are immune from liability for the payment of punitive damages.

The plaintiff has not demonstrated how he will be prejudiced if the affirmative defenses are not stricken. Furthermore, all four affirmative defenses are sufficient as a

matter of law. Thus, the plaintiff's motion to strike the affirmative defenses set forth in the defendants' answer to the amended complaint is denied.

II. Motion for Extension of Time [doc. #78]

The plaintiff seeks an extension of time to respond to the defendants' motion for judgment and the City of Hartford's motion for summary judgment. On December 1, 2003, the plaintiff filed his memorandum in opposition to the motion for judgment. The plaintiff has not yet filed his opposition to the motion for summary judgment. The motion for extension of time to granted. The plaintiff shall file his opposition to the motion for summary judgment within thirty days of the date of this order.

## Conclusion

The plaintiff's Motion to Strike [doc. #74] is DENIED. The plaintiff's Motion for Extension of Time [doc. # 78] is GRANTED.

Pursuant to Vital v. Interfaith Medical Ctr., 168 F.3d 615 (2d Cir. 1999) and McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999), the court again gives notice to the plaintiff that any factual assertions in the documents accompanying the City of Hartford's motion for summary judgment will be accepted as true unless the plaintiff files affidavits or other documentary evidence contradicting these assertions. The plaintiff may not simply rely on his complaint, nor is a memorandum sufficient to oppose the defendant's motion. The plaintiff must respond to the motion for summary judgment with affidavits[1] made on personal knowledge or other documentary evidence to show

---

[1] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible

that there is a genuine issue of material fact for trial.

If the plaintiff does not so respond, summary judgment may be entered against him. If summary judgment is granted against the plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of the City of Hartford.

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 56(a)2 of the United States District Court for the District of Connecticut. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement." The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which it contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 56 requires that:

> [e]ach statement of material fact in a Local Rule 56(a) Statement by a movant or opponent must be followed by a

---

in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

>   citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

**Any response to the motion for summary judgment including affidavits or other documentary evidence must be filed within thirty days of the date of this order.** The court hereby informs the pro se plaintiff that "failure to submit a memorandum in opposition to [the] motion may be deemed sufficient cause to grant the motion," Rule 7(a), D. Conn. L. Civ. R., and that if no opposition is filed within twenty days of the date of this order, the defendants' motion shall be granted. See generally Ruotolo v. IRS, 28 f.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

SO ORDERED.

Dated at Bridgeport, Connecticut, this 19th day of December, 2003.

>   */S/ William I. Garfinkel*
>   William I. Garfinkel
>   United States Magistrate Judge