FILED

2004 JAN -8 P 1: 08

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER; | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:00 CV230 (SRU)(WIG) |
| VS. | : | |
| | : | |
| RICHARD BLUMENTHAL; | : | |
| JANET RENO; | : | |
| CITY OF HARTFORD; | : | |
| JAMES MARKOWSKI; | : | |
| DETECTIVE PERODEAU; | : | |
| DETECTIVE MERRITT; | : | |
| DETECTIVE WOLF; | : | |
| DETECTIVE ELLIS; SERGEANT | : | |
| CAGIANELLO, ET AL | : | |
| Defendants | : | JANUARY 8, 2004 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
RULE 56(f) MOTION SEEKING DISCOVERY**

## I.    INTRODUCTION

The undersigned defendant, City of Hartford (the "City"), respectfully objects to

the plaintiff's Rule 56(f) Motion Seeking Discovery which requests that the Court deny

the defendant's Motion for Summary Judgment because the City has refused to hand

over "discoveries" in this matter.  The City objects on the basis that: (1) The plaintiff has

submitted an affidavit, as required under Rule 56(f) in support of his motion, which is

not sufficient to make the necessary showing of required elements; (2) the discovery

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

deadline contained in the Scheduling Order in this case has long since passed and the plaintiff has made no effort to extend such order; (3) that the plaintiff has had ample time over the past thirteen years to conduct discovery in the context of preparing at least four actions stemming from his arrest on March 2, 1989 for litigation; (4) the arguments set forth in the Memorandum of Law in Support of Summary Judgment are legal in nature and discovery will not assist the plaintiff in objecting to such Motion. In support of this Objection, the defendant submits the following.

## II.  **BACKGROUND**

In its present form, the action before the Court has been reduced to one claim of false imprisonment under 42 U.S.C. § 1983 against the remaining defendant, City of Hartford (the "City).   See Ruling and Order, p.4 (doc. 70). All other claims against the City and all claims directed to the other original defendants have been dismissed. Id.; see also Ruling (doc. 60); Channer v. Murray, 247 F. Supp.2d 182 (D. Conn. 2003). The defendant has outlined in detail the procedural history and factual background within its Memorandum of Law in Support of Defendant City of Hartford's Motion for Summary Judgment. In order to properly oppose the plaintiff's Rule 56(f) motion, the necessary procedural history can be summarized as follows.

Since the plaintiff's March 2, 1989 arrest, the plaintiff has initiated a litany of lawsuits against various defendants. The initial civil action, filed on March 31, 1992,

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

was styled <u>Claudious Channer v. Mr. Jim Markowski, Detective Michael Perodeau,</u>
<u>Detective Gregory Merritt, Detective Wolf, Detective Ellis, Detective Cagianello, and</u>
<u>other officers from the Hartford Police Department</u>. **Exh. A**, Civ. No. 2:92CV0017
(PCD)("Channer I"). In <u>Channer I</u>, the plaintiff alleged that Special Agent Markowski
and the Hartford Police Officers violated his constitutional rights by allegedly employing
the use of unreasonable force during the arrest <u>and</u> "kidnapping [him] without a warrant
in violation of his Fourth Amendment rights". **Exh. B**, p. 5. The defendants moved for
summary judgment by separate motions pursuant to Rule 56 of the Federal Rules of
Civil Procedure. The plaintiff filed opposition briefs and moved for summary judgment
in his favor. On August 24, 1992, Magistrate Judge Arthur Latimer issued a
recommended ruling granting the defendants' motions for summary judgment on the
grounds that the plaintiff's claims were barred by the statute of limitations. **Exh. A**.

By motion dated September 22, 1992, the plaintiff objected to the recommended
ruling.[1]   On October 7, 1992, the court treated the plaintiff's "objection" as a motion
for reconsideration and denied it. <u>Id.</u> Thereafter, the plaintiff commenced a timely
appeal to the United States Court of Appeals for the Second Circuit challenging the
Court's ruling and the entry of judgment in favor of the defendants. By Summary Order,

---

[1]   The plaintiff's objection (doc. 46) was not filed with the court until September 30, 1992,
      after judgment had already entered in favor of the defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the Second Circuit dismissed the plaintiff's appeal because the plaintiff failed to file a timely objection to the Magistrate Judge's recommended ruling.

Channer I remained dormant[2/] until the plaintiff filed a self-styled Lounsbury Motion (doc. 52), dated March 17, 2000, in which the plaintiff requested the Court reopen the case.   The plaintiff argued that in Lounsbury v. Jeffries, 24 F.3d 131 (2d Cir. 1994), the Second Circuit applied Connecticut's three-year statute of limitations to civil rights claims brought pursuant to 42 U.S.C. § 1983 and, therefore, his 1992 lawsuit should be reinstated.  Id.  In its ruling dated July 19, 2000, the Court considered the plaintiff's motion as one to reopen the case and denied it.  In denying the plaintiff's motion, the Court concluded:

> Since dismissal of his case, plaintiff has filed at least four other cases related thereto.  The April 1996 ruling dismissing Channer v. Rowe, 3:96cv335 (AVC), cited Lounsbury.  Plaintiff thus knew, or should have known, of the proper statute of limitations for four years.  Even if he had not, to reopen the case would severely prejudice defendants as they would be required to defend against charges related to ten-year-old facts.  Such circumstances are exactly what statutes of limitations are designed to guard against.  Accordingly, plaintiff's motion (doc. 52) is **denied**.

---

6/    Mr. Channer, however, did not remain dormant.  In the intervening years, he attempted on numerous occasions to revive the 1992 lawsuit by filing new lawsuits.  See Markowski Mem. of Law (doc. 48), pp. 11-14 and A115-192.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>Id.</u> Notwithstanding the apparent definitiveness with which <u>Channer I</u> was concluded,

the plaintiff commenced the present action seeking damages for alleged injuries or

losses he claims to have sustained on March 2, 1989, including damages for his arrest.

This action was commenced on February 3, 2001 by Complaint (doc #3) and

subsequently an Amended Complaint (doc #8) on November 8, 2000. A scheduling

order (doc #20) was entered by Magistrate Judge Garfinkel on June 28, 2001 and

counsel for the defendant City filed an Appearance on July 20, 2001 (doc # 21, 22)

The Scheduling Order (doc #20) set forth a discovery cutoff date of October 28, 2001.

## III.    **ARGUMENT**

A.    <u>The Affidavit Submitted By The Plaintiff Pursuant to Rile 56(f) is Not Sufficient.</u>

The plaintiff has submitted an affidavit as required under Rule 56(f) in support

of his motion which is not sufficient to make the necessary showing of required

elements.   The Second Circuit has identified that:

> this circuit has established a four-part test for sufficiency of
> an affidavit submitted pursuant to Rule 56(f). The affidavit
> must include the nature of the uncompleted discovery; how
> the facts sought are reasonably expected to create a
> genuine issue of material fact; what efforts the affiant has
> made to obtain these facts; and why those efforts were
> unsuccessful.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*Rodriquez v. Ames*, 287 F.Supp.2d 213 (W.D.N.Y. 2003) *Citing Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994)

The plaintiff has alleged that discovery from the City will establish that the City has a custom or practice which caused his false imprisonment. The plaintiff has set forth many unsubstantiated allegations of facts that he claims would make a genuine issue of material fact; however, he has specifically failed to make a requisite showing as to the necessary elements.

1.    Plaintiff Has Failed to Identify The Nature of any Uncompleted Discovery.

The Plaintiff's Rule 56(f) Motion and supporting affidavit alleges that he has requested discovery that was not responded to by the defendants. The plaintiff has failed to identify the nature of the remaining discovery that he would need to conduct. This leaves the Court to identify whether the plaintiff is requesting written discovery or additional time to take depositions. The alleged discovery requests were not provided as an attachment nor were they outlined in the motion and therefore the identity of any requested discovery remains a mystery. As such, the plaintiff has failed to identify the nature of any uncompleted discovery and the affidavit is not sufficient to support a Rule 56(f) motion.

2.    Plaintiff Has Failed to Show How The Facts Sought Are Reasonably Expected to Create a Genuine Issue of Material Fact.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Plaintiff's Rule 56 (f) Motion and supporting affidavit alleges that uncompleted discovery will show that the City has a custom or practice that caused his false imprisonment. The context of the defendant's Memorandum of Law in Support of Summary Judgment is based on legal arguments and principles and as such, any alleged issues of material fact will not assist the plaintiff in opposing such motion. The plaintiff has set forth many allegations in his motion and supporting affidavit as to what he believes continued discovery will provide. In addition, the allegations set forth by the plaintiff are <u>not</u> limited to time and scope to the subject incident. Nevertheless, he does not provide guidance as to how the facts sought are reasonably expected to create a genuine issue of material fact and how he plans to utilize these facts in opposing the defendant's Motion for Summary Judgment.

      3.    <u>The Plaintiff Has Failed to Identify What Efforts He Has Made to Obtain the Facts Sought, and Why Those Efforts Were Unsuccessful.</u>

The plaintiff's Rule 56(f) motion and supporting affidavit does not identify what efforts the plaintiff has taken to obtain discovery to support the allegations of facts he has set forth. Nor has he demonstrated what efforts he has taken during the litigation of the claim for which summary judgment has been filed. The plaintiff has also failed to identify why he has been unable to obtain such discovery. He is quick to state that the

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

defendant refuses to hand over such discovery but does not identify any requests that were made during the discovery phase of this litigation and fails to identify whether or not the defendant, City of Hartford, is capable of even providing any requested discovery since it has been over thirteen years since the plaintiff's arrest. As such, the affidavit provided by the plaintiff in support of his Rule 56(f) motion is not sufficient and should be disregarded by the Court.

B.    The Discovery Deadline Set Forth by the Court Has Passed.

The plaintiff should not be allowed to continue to request discovery since the discovery deadline set forth in the Scheduling Order has long since past. On June 28, 2001, a Scheduling Order (doc #20) was established by Magistrate Judge Garfinkel that set forth a discovery deadline of October 28, 2001. Since that date, the plaintiff has not requested an extension of the Scheduling Order to conduct discovery and as such, any discovery requested by the plaintiff is outside the scope of the order and should not be allowed.

C.    The Plaintiff Has Had Adequate Opportunity Since 1992 to Obtain All Discovery He Needed to Prosecute this Case.

The plaintiff appears to have based his Rule 56(f) motion on the theory that he has not obtained adequate time for discovery. The Second Circuit has held that:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> "Rule 56 (f) allows a party faced with a motion for summary judgment to request additional discovery, and the Supreme Court has suggested that such a request be granted when the nonmoving party has not had an opportunity to make full discovery,"

*B.F. Goodrich v. Betkoski*, 99 F.3d 505, 523 (2d Cir.1996). The courts of this Circuit have also denied requests under Rule 56(f) where the non-moving party has had a fully adequate opportunity to conduct discovery. The courts have stated that the "non-moving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.* 865 F.2d 506, 511 (2d Cir.1989). Also "the trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery." Id. The defendant contends that the plaintiff has had adequate opportunity to conduct discovery and that any further discovery will not provide information that is essential to his opposition of the defendant's summary judgment.

The procedural history of this litigation also supports the argument that the plaintiff has had adequate opportunity to conduct discovery. The plaintiff brought the original action in 1992 for the first time and the defendants filed for summary judgment on the basis that the statute of limitations had expired. The plaintiff not only opposed the motion but also filed a motion for summary judgment. The Court ruled in favor of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the defendants and the plaintiff appealed the Court's ruling. The plaintiff's appeal was subsequently dismissed in March of 1993. The plaintiff is believed to have filed at least four actions related to his March 2, 1989 arrest between 1993 and 2000. In 2000, the plaintiff again petitioned the Court and was again denied. On February 3, 2001, the plaintiff commenced the underlying action which is being addressed in the defendant's summary judgment motion. As such, it is patently clear the plaintiff has been prosecuting actions resulting from his March 2, 1989 arrest since 1992. In this action alone, the plaintiff has had almost two years from the appearance of defendant's counsel to request discovery. The plaintiff has defended against a subsequent summary judgment in 1992 and has filed at least four additional cases. The defendant maintains that the plaintiff is in a better position now, than it is to provide discovery since the documents referred to by the plaintiff, such as the search and seizure warrant and Court documentation, are not in the custody of the defendant and have not been located due to the purging of files following the dismissal of the appeal in 1993. During this time, the plaintiff had more than adequate opportunity to obtain discovery from the City of Hartford along with other defendants and through independent sources. Therefore, any additional discovery will be difficult and overly burdensome to the defendant at this time.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

D.    <u>The Arguments Set Forth in the Summary Judgment Are Legal in Nature</u>
<u>and Discovery Will Not Assist the Plaintiff in Objecting to Such Motion.</u>

The defendant, City of Hartford, has moved for summary judgment on the

remaining claim of false imprisonment on the basis that: (1) the complaint fails to state

a cognizable claim; (2) the complaint was untimely filed; (3) the doctrine of *res judicata*

prevents the plaintiff from relitigating his false imprisonment claim; (4) there was no

favorable termination of the underlying criminal charge; (5) there was probable cause

for the plaintiff's arrest; and (6) the plaintiff has failed to produce sufficient facts to

establish municipal liability.  The plaintiff has set forth that obtaining undisclosed

discovery will show the following: (1) that the defendants called in the federal

government to indict the plaintiff (Plaintiff's Rule 56(f) Motion at Page 1), (2) that the

arresting officers exceeded the scope of their search when they arrested the plaintiff

(Id. at Page 2), (3) that the defendants fabricated affidavits (Id at Page 3), and (4) that

the "discoveries" will assist the plaintiff's burden of proof that there is a genuine issue of

material facts that warrant a jury trial (Id. at Page 8).

The plaintiff has failed to identify which documents would provide the desired

information and as such, the discovery would not assist the plaintiff in opposing the

legal arguments set forth in the summary judgment motion.   Therefore, any additional

discovery will provide no additional benefit or assistance to the plaintiff.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

III.    <u>CONCLUSION</u>

For the foregoing reasons, the plaintiff's Rule 56(f) Motion Seeking Discovery should be denied.

DEFENDANT,
CITY OF HARTFORD

BY: 

Eric P. Daigle
Fed. Bar No. ct23486
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT 06103
Tel: (860) 522-6103

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 8th day of January, 2004, the foregoing Opposition to Plaintiff's Rule 56(f) Motion Seeking Discovery was mailed, postage prepaid, to:

Claudious W. Channer
Inmate #15148
P.O. Box 100
Somers, CT 06071

Richard T. Biggar, Esq.
Attorney General's Office
Public Safety & Special Revenue
MacKensie Hall
110 Sherman Street
Hartford, CT 06105

David J. Sheldon
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508-1824


Eric P. Daigle

498346.1(HS-FP)

- 13 -

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street           & SAGE LLP         Fax (860) 548-0006
Hartford, CT 06103                             Juris No. 26105

EX A

MAY 12 12.

U.S. DISTRICT
HARTFORD C.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CLAUDIOUS W. CHANNER       : CIVIL ACTION NO. 2:92CV00017 (PCI
                             :
            Plaintiff     :

                                   ⎯ Λ

**CHANNER vs. MARKOWSKI**, Civil No. 2:92CV0017 (PCD)

8/24/92

Cross-motions for summary judgment are pending in this civil rights suit by a
se state prisoner claiming actionably excessive force and false arrest, cf
U.S.C. § 1983. For federal civil rights claim purposes, any such claim
actionable moment must have accrued on the day of the alleged wrongful incide
on March 2, 1989, when plaintiff obviously must have known of the "injury", s
e.g., <u>Singleton v. City of New York</u>, 632 F.2d 185, 191 (1980), <u>cert. denied</u>,
U.S. 920 (1981). Suit here was first attempted in January, 1992, when plainti
initial complaint was apparently dismissed without prejudice, and plaint
attempted suit again in March, 1992. The appropriate "borrowed" state statute
limitations for § 1983 cases, see <u>Owens v. Okure</u>, 488 U.S. 235 (1989), has b
previously held by the referring judge to be Conn. Gen. Stat. § 52-584 with
two-year period, see <u>Mihalcik v. Lensink</u>, 732 F. Supp. 299, 305 (D. Conn. 199
although parties in other suits have on occasion assumed otherwise, see <u>Golin</u>
<u>City of New Haven</u>, 761 F. Supp. 962, 965 (D. Conn. 1991). The two-year perioc
certainly a reasonable and sound policy choice, and absent reconsideration by
referring trial judge of the controlling applicable limitations provision, t
two-year period patently bars purported § 1983 civil rights suit he
Defendants' pending motions for summary judgment should accordingly be **grante**
limitations grounds, with plaintiff's summary judgment motion correspondir
**denied**. This recommended ruling on the summary judgment motions remains sub
to prior and <u>de novo</u> review by the referring district judge on timely object
now -- i.e., written objection served and filed by an objecting party within
(10) days after a copy of this proposed ruling has been served on the party by
court clerk. Failure to object within that ten (10) day period may preclude
subsequent appellate review by the Court of Appeals for the Second Circuit.
<u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2 Cir. 1989); 28 U.S.C. § 636(b)
Rules 6(a), 6(e), 72, Fed. R. Civ. P.; Rule 2, D. Conn. Magistrate Judge Rul

                         ARTHUR H. LATIMER, U. S. MAGISTRATE JUDG

9/14/92: Upon review and absent objection the magistrate judge's r
mended ruling is ratified, affirmed and adopted. SO ORDERED.

                                      DOCUMENT NO. 23
Peter C. Dorsey, USDJ

EX B

IN THE UNITED STATES DISTRICT COURT HOUSE

DIVISION OF CONNECTICUT

FILED AT

March 31

By

Deputy

CLAUDIOUS CHANNER

VS.

MR. JIM MARKOWSKI AND
DET. MICHAEL PERODEAU;
DET. GL. MERRITT; DET. WOLF;
DET. ELLIS; SGT. CAGARRILLO;
AND OTHER OFFICERS FROM THE
HARTFORD POLICE DEPARTMENT.

CIVIL NO. 2: 92CV00017 (PCD)

MARCH 15, 92

AMENDED  CIVIL RIGHTS COMPLAINT UNDER TITLE 42 § SUC 1983 .

JURISDICTION

Jurisdiction is hereby invoke pursuant to TITLE 28 § USC 1343(3) and
28 § USC 1331 (a); Action under TITLE 42 § USC 1983 authorized by Law to
commenced  by any person or persons under these Titles describes above.

STATEMENT OF THE AMENDING CLAIMS

No March 2, 1989 at approximately 2: 15 PM, Plaintiff Claudious
Channer was walking to wards  a black Nissan Maxima Automobile in 57 Wethers-
field Avenue parking lot, Hartford, Connecticut when Jim Markowski and other
officers from  Hartford Police Department kidnapped me from from 57 Wethers-
field Avenue Parking lot, and brought me into Apartment ( G3) of this same
address , where they  used 10 lb bags of Rice from inside that Apartment (G3),

DOCUMENT NO. 15

(2)

and hit me over my head, neck and shoulder around 50 times, my hands was place in there handcuff, from the time Affiant were kidnapped from that Parking Lot. Jim Markowski grab me by the face and land me with around four punches form the right side, into my mought! another Officer landed me around three punches from the left side.

Jim then said to me " you see this white face, I want you to remember it whenever you see it again," he then pick me up by the handcuff from the couch, and draw me on the floor from the livingroom to the bed room and back, another Officer, a B.M. with eye glass on! sued his gun and hit me over the head, neck until I was unconscious. Affiant remember waking up and heard one Officer saying, " Is the Sergant there yet? one officer answer and said " No, he don't arive as yet," another officer reply, "Lets shoot the mother fucker and tell the sergant he was trying to escape from us. another officer jump into my back wile I was stil lying on the floor, he trample on me with his feet, into my head and back. Jim who was the leader of this show, then pick me up from the floor and sat me back on the couch, he then went to a Tool box and got himself a Rinch, vice grip plyers and swong it at me twise, Affiant try to escape that swong, he then kick me into my stomack one time, the second time I try to black him with my knee, I put them up infrunt of my stomack to sheld another kick. Jim got mad and used the Vice grip and chap me on my knee.

There was two Six pack of Heineken Beer in the Refrigerater, Jim and another officer took them out and then take a pressur cooker pot from the cobbard, turn it over my head and burst those Heineken Beer on top of that pat, a long with those beaten , there was words like, " Assasinate  this fucking Jamaican, I wish all you fucking Jamaican would go back to your fucking little Island.

One of the officer pick me up by the arm and dragged me into the bed
room where he showed me a plastic bag containing a small quantity of white
powder which was lying on the floor, near the leg of a coffee table. The
officer who was holding me said, " Mother fucker, I told you to tell me if
there was any more drugs in this house," while pointing at the white powder
in the corner on the floor.

Affiant saw one of the officer open the platice bag, and was doing some
thing  at one point, but I was been beaten by another officer, so I didn't
shure  what he was doing, until whey brought me back into the bed room
and showed me that small amount of powder on the floor,
that was when I understand what went on, the officer were transfering some
of that powder into another bag.   Just to say we fine more drugs in the
House so they could beat me some more, saying " didn't I told you to tell
us if you have any more drug in this House, I did told you! if you ever let
us fine anymore drugs , we are going to kick your Ass," I did told them, I
didn't know if there was any more drugs in this house, because there was
other people living there. So now he claim he found more drugs, Iam in for
another excessive, cruel and unusual punishment aflicted to my body.


Affiant was borought back into the living room, and place in the couch to
sit down once more, where Jim Markowski along with these Hartford Police,
place my trench coat over my head, and kick my ass, as they predicked, with
out pity or any conscience toward cruel punishment,for about Five Minutes,
at another point Jim troke me with my limk chain, it was a big link chain,
like a cow chain! he stragle me with this chain,which I had around my
neck, I was trying to get him off me, he then got mad and pull the chain from
around my neck, and said, "Lets see if this ... peace a shit his real."
He then put his finger into a pendant, which were on the chain , Jim press
on it until he burst it, " Oh shit,this is not real, it a fake chain,"

At this moment I was crying, asking them please don't beat me no more,
he then went and  rip down all my Family picture from the walls, inside
my apartment at 57 Wethersfield Avenue, and trample on them with his feet.
After all this beaten I was transported to 50 Jennines Road, Police Head
office ware I was been question and book, then sended on to Morgan Street
were I saw a black Nurse, who treated those injures.

Affiant were given Antibiotics by that black Nurse, some thing look like
patroleum Jell, that was  the only treatment I received at Morgan Street,
that I can remember at this time. The other treatment Affiant apply them
at 177 Weston Street, I am asking the Court assistance to assist me by
take Photograph of my injures, for Exhibits on this case.

My apartment was left uncecured to the public, in which the public did
take advantage of that apportunity, to take every thing of value that
was there. From the moment I saw those officers jump out of there car
and pointed those guns at me, Affiant didn't try anything to agravated
these trigger happy police offices.

Plaintiff was so traumatize, I mess on myself after all that beaten,
which those officers inflicted on me, Plaintiff was so traumatize he
incriminate himself, because of that excessive force, my Miranda Rights
were violated, the Supreme Court strenthend Miranda Rights for criminal
suspects ruling, that police may not qustion alone an individual who has
asked for a lawyer even after the lawyer has been consulted.
in this case Affiant was beaten to talk, after he refused to tell them
if there was any more drugs inside this apartment.

## STATEMENT OF FACTS

Those excessive force by Hartford Police Officers and A.T.F. Agent, were
more than a violation of my Fourteenth Amendment Rights covered under the
constitution of the United States.

Kidnapping me without a warrant, describing the person to Arrest was also
a violation of my Fourth Amendment rights. Cruel and unusual punishments
was aflicted up on me by these officers, At times I were beaten by Two
officers at once, which amounts to another violation, of my Eight
Amendment Rights, all of those officers who were asigned to 57 Wethres-
field on March 2, 1989 inflicted cruel and unusual punishment up on me
except one black officer, who was there.

I believe my Fourteenth Amendment Rights, Fourth Amendment, Eight Amendment
Rights, were violated by the use of excessive force, toward my arrest on
March 2, 1989, which inflicted injures to my Head, Back, Neck and Legs,
There is Two big scar on my Legs, from that draging on the floor, and
a cut on my fot, from the Vice Grip.

The excessive  force which was demonstrated on this Affiant was out of
professional Police work.
Plaintiff Claudious Channer, furder duly sworn deposes and say, he his the
pro-se counsel in this Action, at no time did  Affiant aggravate these
Officers to apply this excessive force, which was unconstitutional to
the Laws  of this contury, under the Fourteenth Amendment, which protect
me form the excessive ues of Police brutality.

(6)

I am the Nephew of the former Politician, Honorable Franklin Dyce, from the Parish of Portland Jamaica W.I. they understand I committed a crime and should be punish, for that crime alone, but insted Affiant is suffering from lost of memory from the police assault to my head, and can't sleep on my side, because of those bruise which I suffer throughout that - dragging on the floor during that assault, I have never been beaten violently like that before anywhere, I don't expect those officers to admit all these allegation, but I believe the record speak for it self, that those acts were without conscience of police works to any citizen. Jamaica is one of American most visit tourist resort area, if we as Jamaican should start abusing American tourist or business men from America and say to them " go back to your fucking country" it would be a lot of tension in the air about Jamaican action towards American citizen.

On August 1989 this Affiant went to Jamaica W.I at a Reggea show call Sunsplash, in Montego Bay, affiant saw around 50% of white American tourist at that show with some big ganja clif burning in the public, there were lots of peace officer around, ganja is not legal in Jamaiea, but they believe and so do I, that American in our country are visitors and should be treated as visitors, and not to excerise excessive force upon them, because they have drugs burning in the public, or to used our M16 rifle, and hit those tourist over the head with traumatizing malicious language.

We believe they should get the best treatment if there should be an arrest, although we don't have a constitution, in Jamaica. W.I.

Affiant <u>Claudious Channer</u> plaintiff in this action, asking this Honorable court, to let justice be serve on the above defendant for their deliberate, excessive use of force which was demonstrated on March 2, 1989, at Hartford Connecticut.

I will forgive, but I can't forget, because those marks on my body are permanent marks, every time I look at them I remember what happen that day.

The plaintiff Chaudious Channer, is sueing all these police officers in their personal and professional capacity for the following violation of his 4th, 8th, and 14th amendment rights, any special damages and punitive damages, and any compersatary damages. The following are some of the damages, I can remenber at this time.

1. A Sony T.V.  valued at..............$1300.00
2. A gold chain valued at..............$3000.00
3. Pictures and frames of kids.........$ 700.00
4. Compensatory damages................$25,000.00
5. Punitive damages....................$5000.00

Petitioner pray this Honorable court will grant my complaint and allow affiant to collect any payment, from the lawsuit.

I declare under the penalty of perjury that the foregoing is true to the best of my knowledge of the english language.

Respectfully Submitted

Chaudions Channer.........

## CERTIFICATE OF SERVICE

I, _Claudius Crawner_ hereby certify that I have served a true and correct copy of the foregoing

Which is deemed filed at the time it was delivered to prison authorities for forwarding, HOUSTON V LACK, 101 L.Ed 2d 245(1988) upon the defendant/defendants and/or his attorney/attorneys of record by placing same in a sealed, postage prepaid envelope addressed to:

United States Clerk Office
450 Main Street
Hartford Connecticut 06105

and deposited same in the United States mail at the U.S. Penitentiary, Lompoc, California on this __10__ day of __March__ 19__02__

3901 Klein Blvd.
Lompoc, CA 93436