FILED

2004 JAN 15 P 12: 22

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CLAUDIOUS CHANNER;<br>Plaintiff | :<br>: CIVIL ACTION NO.<br>: 3:00 CV230 (SRU)(WIG) |
| VS. | : |
| RICHARD BLUMENTHAL;<br>JANET RENO;<br>CITY OF HARTFORD;<br>JAMES MARKOWSKI;<br>DETECTIVE PERODEAU;<br>DETECTIVE MERRITT;<br>DETECTIVE WOLF;<br>DETECTIVE ELLIS; SERGEANT<br>CAGIANELLO, ET AL<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JANUARY 13, 2004 |

### DEFENDANT'S MEMORANDUM OF LAW IN
### OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The undersigned defendant, City of Hartford, respectfully objects to the plaintiff's Motion to Compel Discovery dated December 23, 2003. In said motion, the plaintiff claims that the defendant has not responded to plaintiff's Request for Production and has moved pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order seeking compliance. Specifically, the plaintiff is requesting the defendant, City of Hartford, be compelled to hand over all relevant documents in its possession which pertain to excessive force, false arrest and

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

false imprisonment. *Pl. Mem. of Law*, p. 4. For the reasons set forth herein, the plaintiff's motion should be denied.

I.  **INTRODUCTION**

Pending before this Court is the defendant's Motion for Summary Judgment and supporting Memorandum of Law which was filed on November 10, 1993 (doc #77) as well as an Opposition to the Plaintiff's Rule 56(f) Motion Seeking Discovery filed on January 8, 2004  The plaintiff has now filed the subject Motion to Compel Discovery without providing specificity as to what documents he is requesting.

This litigation was first brought by the plaintiff in 1992 arising from a March 3, 1989 arrest which is described in detail within each of these documents. For the purposes of defending this motion, the defendant provides that this action was commenced on February 3, 2001 by Complaint (doc #3) and subsequently an Amended Complaint (doc #8) on November 8, 2000.  A scheduling order (doc #20) was entered by Magistrate Judge Garfinkel on June 28, 2001 and counsel for the defendant, City of Hartford, filed an Appearance on July 20, 2001 (doc # 21, 22). The scheduling order set forth a discovery deadline date of October 28, 2001.  The plaintiff was advised in response to his correspondence dated July 23, 2001 that Counsel had not received any interrogatory or other

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discovery requests directed to the defendant, therefore, a response could not be provided (Exh. A). The plaintiff made no additional discovery requests until December 11, 2003 when by correspondence, the plaintiff requested a magnitude of additional documents through the Freedom of Information Act. Accordingly, at issue before the Court is whether or not any of the plaintiff's production requests, including prior lawsuits, seeks documents that are discoverable in this litigation.

## II. **ARGUMENT**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in part, that:

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the parties seeking discovery or the claim of defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1)(2000). The rules of discovery should be liberally construed by the Court in order to provide the parties with the full basis of

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

knowledge in which to evaluate their case. *United States v. West Virginia Pulp and Paper Co.*, 36 F.R.D. 250, 251 (S.D.N.Y. 1964). The discovery process facilitates the efficient use of judicial resources by allowing the parties the ability to clarify the issues prior to trial. *Id.* at 252. In determining whether the information requested is "relevant," the Court will allow discovery if "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 351, 98 S. Ct. 2380 (1978).

The plaintiff now asks the Court that "the defendant City of Hartford be compelled to hand over all relevant documents in its possession which pertain to excessive force, false arrest and false imprisonment." *Pl. Mem. of Law*, p. 4. The plaintiff has failed to specifically identify and outline what discovery he is requesting, along with what manner he will utilize these documents. As to the plaintiff's production request set forth in the Motion to Compel, the City objects on the grounds that the request was overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects to the Requests for Production in that it is not reasonably limited in time, scope, or subject matter.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The plaintiff argues that he is entitled to these "documents" because they are needed to show "... other incidents where the City uses excessive force and falsely imprisonment against its Citizens." *Pl Mem of Law*, p. 2. As stated above, the plaintiff has failed to identify what documents the City of Hartford is being compelled to produce. The plaintiff has attached Interrogatories and Requests for Production of documents dated January 29, 2002, almost six months prior to any appearance filed on behalf of the defendant. In response to correspondence by the plaintiff dated July 26, 2001, the defendant's counsel responded that they had not received any discovery request directed to the defendants (Exh. A). No further discovery was requested by the plaintiff until December 11, 2003.

The plaintiff's request for documents goes well beyond the reasonable discovery permitted under Rule 26. First, the plaintiff is outside the scope of permissible discovery. That is, the scheduling order which set forth the discovery deadline date of October 28, 2001 has long since expired.

Secondly, the plaintiff is requesting all relevant documents in its possession which pertain to excessive force, false arrest and false imprisonment. Without clarity and specificity as to the type of documents requested, the plaintiff's

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Thirdly, in the context of his Motion to Compel, the plaintiff requests copies of lawsuits that were filed against the City for false arrest and excessive force. The scope of the plaintiff's Motion to Compel appears to identify that these documents are what he is attempting to compel the City to produce. The defendant would strongly object to this request in that these complaints are not reasonably limited in time, scope, or subject matter. Specifically, the allegations of fact set forth by the plaintiff in support of his Motion to Compel outline alleged non-adjudicated complaints that occurred years after the subject incident. That is, the plaintiff was arrested on March 3, 1989 and any attempt by the plaintiff to obtain evidence that the City has a custom and policy that lead to his false imprisonment should be limited to the scope of time prior to or subsequently following the plaintiff's arrest. In addition, these complaints, which are non-adjudicated allegations, are not reasonably believed to lead to any form of admissible evidence.

Finally, the defendants culminate their argument as they have in prior discovery motions identifying that the only claim remaining against the City is a claim for false imprisonment and the scope of any discovery must be tailored to

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

support that claim. In addition the arguments set forth in the Motion for Summary Judgment and supporting Memorandum of Law are legal in nature and the additional discovery will provide no subsequent benefit or assistance to the plaintiff in opposing such motion.

## III. **CONCLUSION**

Wherefore, for the foregoing reasons, the undersigned defendant respectfully requests that the Court deny the plaintiff's Motion to Compel to Discovery.

DEFENDANTS,
CITY OF HARTFORD

BY: _____
Eric P. Daigle
Fed. Bar No. ct 23486
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT 06103
Tele: (860) 522-6103

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 13th day of January, 2004, the foregoing Memorandum of Law was mailed, postage prepaid, to:

Claudious W. Channer
Inmate #15148
P.O. Box 100
Somers, CT 06071

Richard T. Biggar, Esq.
Attorney General's Office
Public Safety & Special Revenue
MacKensie Hall
110 Sherman Street
Hartford, CT 06105

David J. Sheldon, Esq.
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508-1824

_____
Eric P. Daigle

499829.1(HS-FP)

- 8 -

EX A

Case 3:00-cv-00230-SRU    Document 85    Filed 01/15/2004    Page 9 of 10

# HALLORAN
# & SAGE LLP

Brian P. Leaming * Direct: (860) 297-4655 * E-Mail: leaming@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Phone (860) 522-6103
Fax (860) 548-0006
www.halloran-sage.com

July 26, 2001

Mr. Claudious Channer
P.O. Box 100
Somers, CT 06071

    Re:    Claudious Channer v. City of Hartford, et al
           Our File No.    :    05645.0599

Dear Mr. Channer:

    We have been retained by the City of Hartford to defend the City of Hartford and Detective Merritt in this litigation. We are also in receipt of your correspondence dated July 23, 2001, directed to Attorney James Szerejko of this office. Please be advised that I have assumed the further handling of this file and all correspondence should be directed to me. Please be further advised that we received no interrogatories or other discovery requests directed to our clients and, therefore, cannot respond to same.

    It is evident from the other requests in your letter, as well as our reading of the complaint, that the claims you have alleged are barred by the applicable statute of limitations. Moreover, your claims are barred under the doctrine of *res judicata*. Accordingly, it is our intention to seek an early dismissal of this case without engaging in protracted discovery. We would, therefore, request that you request a voluntary dismissal of this case immediately.

    Should you have any further questions or concerns, please direct them to me in writing.

Very truly yours,

Brian P. Leaming

BPL/cmb
226164.1(HS-FP)