United States District Court
District of Connecticut

FILED
2004 JAN 14  P 5:45
US DISTRICT COURT
BRIDGEPORT CT

Claudious W. Channer
  Plaintiff                    January 12, 2004

         vs.    Civil No. 3:00CV230 (SRU)(WIG)

Richard Blumenthal, et al
         Defendants.

Plaintiff's Reply To Defendants
January 8, 2004 opposition

Now comes the above named Plaintiff's respectfully move this Honorable court to deny the defendant City of Hartford opposition. The defendant claimed that the Plaintiff Rule 56(f) motion should be denied because we are now beyond the Court cut off deadline for discoveries. See attached hereto as Exhibit H-1

If the defendant arguments is right that the Plaintiff's should be barred from seeking any discoveries at this juncture. Then the rule should equally applied to the defendant City of Hartford and his Answer and Motion for Summary Judgment

-2-

should be stricken from the Court Record as untimely filed. However, the Plaintiff believe that the time limitation on the Magistrate Scheduling order was tolled until the Court rules on the defendants Motion to dismiss.

For these reasons Plaintiff is assuming that he has 120 days from the defendants Answer to complete his discoveries. Plaintiff could not effectively ask for complete discoveries until he has knowledge of what the defendants opposition were.

The defendants further asserted that they were not served with a discovery request. This statement is a bold face lie. See attached hereto Exhibits A-2, A-3, and A-4.

Here this Court will see where the defendants wrote to the Plaintiff and declare that they were seeking an early dismissal and that there would be no need to send the Plaintiff any discoveries.

In addition, the defendants were served with a set of discoveries on Thursday 29, 2001 but has not complied to that request as yet. See Attached. The defendants were also served with a motion to Compel which this Court denied because the Plaintiff was unfamiliar with the Rule of the Court. See Haines v. Kerner, 404 U.S. 519 (1972).

The defendant keep on Referring to Channen v. Kevin Rowe decision to justify why they Should not give the

-4-

Plaintiff is requested discoveries. From the Chaunce v. Howe, 1996 decision. This Court can reasonable infer that the Plaintiff Made two attempt at that date to reinstate his 1992 Civil Rights Action but the defendants and the Courts opposed any reinstatement of the Plaintiff suit.

The court stated there that it construed the pro-se Plaintiff complaints liberally and find no reasonable cause to reinstate the Plaintiff suit. This Court and the defendants are holding an opinion that on or about April 1996 the Plaintiff should have known that the Second Circuit Court of Appeals had

-5-

clarified the differences between the two Statutes of Limitation in the State of Connecticut. What the defendants did not say is that they knew then that the Appellate Court had clarified the conflict between the way in which the two statutes were being used in this State.

The question now becomes whether 3 sworn officers of the Court should advise the Court of the changes or allow the Court to keep on abusing a poor prisoner who already suffered enough abuse. Do the defendants, the Court and the defendants Attorney should treat the Plaintiff fair and respectfully. The answer is yes.

-6-

First they hold the opinion that the Statute of limitation was two years when they knew from the decision in Owens v. Okure, 488 U.S. 235 (1989). That the appropriate Governing Statute for a 42 U.S.C. 1983 in this State was Conn. Gen. Stat. 52-577. Why would a sworn officer of the Court do something like that? The Plaintiff is under the impression that the defendant want to win by any cost.

Now the defendants and the Courts intentionally created a thirteen years delay and now using the delay as a tool to deny the Plaintiff's his requested discoveries. This look like a good strategy but there will be a fair minded judge some where from

-7-

here to New York will see that the Plaintiff has been given the run around for years now.

The defendants next claim is that the Plaintiff did not identified what kind of documents he is looking for or demonstrate how these documents will assist his case. Well lets get down to his outrageous Claim.

Based upon the defendants Summary Judgment Motion. The City of Hartford can only be sued for its customs and policy. The defendants further stated that the Plaintiff must point to other cases where

8 -

the State was charged with the same kind of action. The word custom means habit.

Wherefore, to establish a habit the Plaintiff must be given access to the defendants records of law suits on excessive force and false imprisonment.

To say that the Plaintiff had thirteen years to gather documents that the defendants adamantly refused to divulge over the years. Is nothing but a bunch of bull. The defendant refused to give the Plaintiff document through the freedom of information act on several occasion. See attached letter.

The defendants now asserted that the Plaintiff's requested discovery will not assist

-9-

him in his objection to the defendant's Motion Seeking Summary Judgment. This argument is without any sense of reasoning to the issues before the Court. The defendant City of Hartford has in its possession: Complaints, copies of law suits, policies, depositions and other documents which show that there have been an ongoing abuse of minorities in the City of Hartford by its Police Department when it comes to false arrests and excessive force.

While some of the documents requested are public record they are housed by the City and the City is not in an hurry to turn any incriminating evidence over to prisoners who is suing them.

-10-

Plaintiff is in need of the name and address of the City informant who provided the City with their probable cause to conduct a search at the Plaintiff house.

The defendant City of Hartford claimed that their had probable cause to arrest the Plaintiff and therefore no matter if the Conviction was reversed or vacated. The Plaintiff cannot sue. To show that the defendant fabricated their so call probable cause. The Plaintiff must acquire the Name and address of the informant so that he can be interview by counsel and his deposition be submitted to this Court.

There is a genuine issue as to whether the defendant had an informant inside of the Plaintiff house. If the defendant cannot come up with their informant. Then the Plaintiff will argue that there was no informant.

As stated before, State Attorney John Baily was sued for allowing his officers to fabricate probable cause for arrest warrants. Plaintiff is asking for the deposition in that case and any other related cases. These request when submitted will be used to show that the City have a custom and policy for years. To falsely arrest and imprisoned minorities on

For these reasons stated herein, Plaintiff ask that the City Motion be denied and the defendant be compelled to hand over the requested documents.

Respectfully Submitted

*[signature]*
Cordious W. Thomas
P.O. Box 100
Somers, CT 06071
#151416