

# HALLORAN
# &SAGE LLP
### ATTORNEYS AT LAW

BRIAN P. LEAMING  Direct 860 297-4655  leaming@halloran-sage.com

December 18, 2003

Mr. Claudious Channer
P.O. Box 100
Somers, CT 06071

      Re:    Claudious Channer v. City of Hartford, et al
              Our File No.  :     05645.0599

Dear Mr. Channer:

      We are in receipt of your correspondence dated December 11, 2003 in which you reference the Freedom of Information Act in support of your request for certain information and documents.  Please be advised that as a law firm, we are not a public agency and therefore are not bound by the requirements of the Freedom of Information Act, Conn. Gen. Stat. § 1-200.

      To the extent that your correspondence was intended to be a formal request for discovery pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, we will not be responding to your request.  The court-imposed Scheduling Order required discovery be completed by October 28, 2001 (Doc. 20).  Moreover, your requests are not in the form required by Rules 33 and 34 of the Federal Rules of Civil Procedure.

      Very truly yours,

      Brian P. Leaming

BPL/cmb
494889.1(HS-FP)



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLAUDIOUS CHANNER

    V.

PAUL MURRAY, ET AL.

PRISONER
CASE NO. 3:00CV230 (SRU) (WIG)

Scheduling Order

Pursuant to Rule 16(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED:

1.    Defendant Blumenthal shall file any motion to dismiss for failure to state a
claim under Fed. R. Civ. P. 12(b)(6), or motion to dismiss as frivolous
under Title 28 U.S.C. § 1915(e) or answer or other reply to the amended
complaint within thirty days of the date of this order.  **Failure to respond
to the amended complaint in a timely manner will result in the entry
of default for failure to plead.**

2.    Discovery pursuant to the Federal Rules of Civil Procedure, Rules 26
through 37, shall be completed within four months (120 days) of the date
of this order.  Discovery requests need not be filed with the court.

3.    All motions for summary judgment shall be filed within five months
(150) days of the date of this order.

4.    Pursuant to Local Civil Rule 9(a), a non-moving party must respond
to a dispositive motion within 21 days of the date the motion was
filed.  If no response is filed, or the response is not timely, the
dispositive motion can be granted absent objection.

SO ORDERED.

Dated at Bridgeport, Connecticut, this 28ᵗʰ day of _____June_____, 2001.

William I. Garfinkel
United States Magistrate Judge

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

Oct 23  4 25 PM '95

CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN

CLAUDIOUS W. CHANNER

V.                                        CASE NO.

JAMES MARKOWSKI, ATF AGENT
DET. MICHAEL PERODUEAU
DET. G. L. MERRITT
DET. WOLF
DET. ELLIS
SERGEANT CAGARKILLO
CITY OF HARTFORD, ET AL.

395CV.2292 AWT

## RULING AND ORDER

The plaintiff, currently an inmate at the MacDougall Correctional Institution in Suffield, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He alleges that he is moving to renew his claims against the named defendants for excessive force, discrimination, conspiracy to harm and irreparable damage which was inflicted on him by the defendants on March 2, 1989. He alleges that these same claims were presented to the court in another action and judgment was erroneously entered for the defendants due to negligence on the part of the court in applying the wrong statute of limitations for section 1983 actions.[1]  For relief, plaintiff seeks $13,000,000 from each defendant in his individual and professional capacities for causing the plaintiff "physical injury and mental suffering." For the reasons set forth below, the complaint is dismissed.

---

[1] To the extent that the plaintiff is challenging rulings by the District Court and the Second Circuit in another case involving the same parties, the appropriate way in which to challenge those rulings is an appeal of the challenged rulings.

A 175

Although pro se complaints are construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the court may dismiss sua sponte under section 1915(d) a complaint that is "frivolous or malicious." The court exercises caution in dismissing a case under section 1915(d) because a claim that the court perceives as unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Id. at 325. The court may dismiss sua sponte, therefore, a complaint based on "inarguable legal conclusions" as well as on "fanciful factual allegations." Id.

In order to maintain a section 1983 action, the plaintiff must allege two essential elements. First, the plaintiff must allege facts sufficient to demonstrate a violation of a right secured by the Constitution or laws of the United States. Second, the plaintiff must demonstrate that the alleged deprivation was committed by a person acting under color of state law. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

In 1985, the United States Supreme Court addressed the issue of time limitations with respect to the filing of section 1983 civil rights actions. Wilson v. Garcia, 471 U.S. 261 (1985). The Court held that in the absence of a federal rule to determine the statute of limitations in § 1983 actions, state and federal courts should turn to state statutes of limitations in selecting an

2

A 176

appropriate time period. <u>Id.</u> at 268. The Court suggested that courts should "select, in each State the one most appropriate statute of limitations for all section 1983 claims." <u>Id.</u> at 275. Because "section 1983 actions are best characterized as personal injury actions," the Court determined that, in the case before it, New Mexico's three-year statute of limitations governing actions for personal injuries was the most analogous state statute of limitations. <u>Id.</u> at 280.

In Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 has been uniformly found to be the appropriate one for civil rights actions asserted under 42 U.S.C. § 1983. <u>See</u> <u>Williams v. Walsh</u>, 558 F.2d 667, 670 (2d Cir. 1977); <u>Napoleon v. Xerox Corp.</u>, 671 F. Supp. 908, 910-11 (D. Conn. 1987); <u>Mitchell v. City of Hartford</u>, 674 F. Supp. 60, 62-63 (D. Conn. 1986); <u>Vitale v. Nuzzo</u>, 674 F. Supp. 402, 404 (D. Conn. 1986); <u>Diverniero v. Murphy</u>, 635 F. Supp. 1531, 1533-34 (D. Conn. 1986); <u>Weber v. Amendola</u>, 635 F. Supp. 1527, 1531 (D. Conn. 1985); <u>Members of the Bridgeport Housing Authority Police Force v. City of Bridgeport</u>, 85 F.R.D. 624, 637 (D. Conn. 1980) ("<u>Bridgeport Housing Authority</u>"). The plaintiff alleges that the defendants inflicted "excessive force, discrimination, conspiracy to harm and irreparable damage upon him" on March 2, 1989, more than five years before the filing of the instant complaint. Furthermore, the plaintiff has alleged no facts demonstrating a continuous or ongoing violation of his constitutional rights. <u>See</u> <u>Bridgeport Housing Authority</u>, 85 F.R.D.

3

A 177

at 637 (holding that because the case involved "a course of discrimination continuing into the statutory period," plaintiff's claim under § 1981 and § 1983 was not barred by the statute of limitations).

Because plaintiff filed his complaint well beyond the applicable three year statute of limitations, the court finds plaintiff's complaint lacks "any arguable basis in law," and must be dismissed. Nietzke, 490 U.S. at 327; Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995) (holding that affirmative defense of statute of limitations which appears on the face of the complaint may be basis for sua sponte dismissal under 28 U.S.C. § 1915(d)); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (holding that affirmative defense of the statute of limitations may justify dismissal under section 1915(d), cert. denied, 502 U.S. 1063 (1992)).

Accordingly, the plaintiff's complaint is DISMISSED. 28 U.S.C. § 1915(d). It is certified that any appeal in forma pauperis from this order would not be taken in good faith because such an appeal would be frivolous. 28 U.S.C. § 1915(a). Because plaintiff makes an adequate demonstration of poverty, the request to docket this complaint without prepayment of the filing fees is GRANTED.

SO ORDERED.

Dated this 19th day of October, 1995, at Hartford, Connecticut.

_Alvin W. Thompson_
Alvin W. Thompson
United States District Judge

4

A 178

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CLAUDIOUS W. CHANNER

v.

KEVIN ROWE, CONN. DISTRICT
COURT CLERK'S SUPERVISOR
JOHN DOE DISTRICT COURT CLERK



PRISONER
3:96CV335 (AVC)

### RULING AND ORDER

The plaintiff, an inmate at the MacDougall Correctional
Institution in Suffield, Connecticut, brings this civil rights
action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.
He alleges that the defendants withheld a magistrate's
recommended ruling causing him to lose his right to appeal the
magistrate's decision.  The plaintiff seeks reinstatement of his
right to object to the recommended ruling.  For the reasons set
forth below, this complaint is dismissed.

Although pro se complaints are construed liberally, see
Haines v. Kerner, 404 U.S. 519, 520 (1972), the court may dismiss
sua sponte under section 1915(d) a complaint that is "frivolous
or malicious."  The court exercises caution in dismissing a case
under section 1915(d) because a claim that the court perceives as
unsuccessful is not necessarily frivolous.  See Neitzke v.
Williams, 490 U.S. 319, 329 (1989).  "[A] complaint, containing
as it does both factual allegations and legal conclusions, is
frivolous where it lacks an arguable basis either in law or in
fact."  Id. at 325.  The court may dismiss sua sponte, therefore,

A 152

a complaint based on "inarguable legal conclusions" as well as on "fanciful factual allegations." Id.

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must allege that a person, acting under color of state law, has deprived him of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). A section 1983 action is not cognizable against the federal defendants because they are federal employees whose actions do not constitute actions taken "under color of state law" as required by 42 U.S.C. § 1983. See Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (federal government exempt from the proscriptions of section 1983; that section does not permit relief against federal officers for action taken under color of federal law). In addition, there are no allegations in the complaint suggesting that the federal defendants acted under color of state law.

Because this is a pro se action, the court construes the allegations in the plaintiff's complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Therefore, the court will construe this action as to the federal defendants as an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (section 1983 claim asserted against federal agency and federal officials should be construed as a Bivens claim). A Bivens action is the

2

A 153

nonstatutory federal counterpart of a suit brought pursuant to 42 U.S.C. § 1983 and is aimed at federal rather than state officials. <u>Ellis v. Blum</u>, 643 F.2d 68, 84 (2d Cir. 1981); <u>Chin v. Bowen</u>, 655 F. Supp. 1415, 1417 (S.D.N.Y.), <u>aff'd</u>, 833 F.2d 21, 24 (2d Cir. 1987) (citations omitted).  In a <u>Bivens</u> action, damages may be obtained for injuries caused by a federal agent acting "under color of his authority" in violation of a claimant's constitutionally protected rights.  <u>Bivens</u>, 403 U.S. at 395; <u>Platsky v. C.I.A.</u>, 953 F.2d 26, 28 (2d Cir. 1991).

The plaintiff previously filed an action based on the same underlying facts.  <u>Channer v. Rowe</u>, No. 3:94cv1403 (AVC) (D. Conn. Aug. 23, 1994).  That action alleged that the plaintiff was denied access to the courts because the defendants failed to timely mail him a copy of a magistrate's recommended ruling.  The complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915(d) because the plaintiff did not allege any facts indicating deliberate conduct on the part of the defendants and negligent conduct is not actionable in a <u>Bivens</u> claim.  <u>See</u> <u>Channer v. Rowe</u>, Ruling and Order (attached as an exhibit to plaintiff's complaint).

In the present complaint, the plaintiff alleges that "the defendants named herein withheld his Magistrate's Recommended Ruling . . . ."  There are no allegations of any deliberate conduct on the part of the defendant.  Once again, the plaintiff is asserting a claim of negligence against the defendants for failure to timely mail him the ruling.

3

A 154

The doctrine of res judicata bars the relitigation of the same cause of action between the same parties. Greenberg v. Board of Governors of the Federal Reserve Board, 968 F.2d 164, 168 (2d Cir. 1992). "'[N]o significant harm flows from enforcing a rule that affords a litigant only one full and fair opportunity to litigate an issue, and . . . there is no sound reason for burdening the courts with repetitive litigation.'" United States v. Mendoza, 464 U.S. 154, 159 (1984) (quoting Standefer v. United States, 447 U.S. 10, 24 (1980)).

A section 1915(d) dismissal is not a dismissal on the merits. Rather it is an exercise of judicial discretion pursuant to the in forma pauperis statute, 28 U.S.C. § 1915. Although a section 1915(d) dismissal does not preclude the filing of a paid complaint containing the same allegations, "[i]t could . . . have a res judicata effect on frivolousness determinations for future in forma pauperis petitions." Denton v. Hernandez, 504 U.S. 25, 34 (1992). See Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995) (acknowledging case in which complaint dismissed as frivolous based on defense of res judicata apparent on face of complaint); Cooper v. Delo, 997 F.2d 376 (8th Cir. 1993) (holding that district court did not abuse discretion by dismissing claim as frivolous where same claim previously had been dismissed as frivolous under section 1915(d)).

An examination of the previous complaint reveals the same basic allegations contained in the present complaint. See Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (court

4

A 155

may look to its own records to determine whether claim is duplicative).  Accordingly, the claim is barred by res judicata. Because the complaint lacks a legal basis, it is dismissed as frivolous.  Neitzke, 490 U.S. at 325; see also Denton, 504 U.S. at 34.

Furthermore, even if the complaint were not barred by res judicata, the claim is barred by the applicable statute of limitations.  Because Congress has not designated a federal statute of limitations for Bivens actions or actions brought pursuant to 42 U.S.C. § 1983, the district court should apply the most nearly analogous state statute of limitations.  Leonard v. United States, 633 F.2d 599, 615 (2d Cir. 1980).  A civil rights action brought pursuant to 42 U.S.C. § 1983, or analogously a Bivens action, in a state with more than one statute of limitations is governed by the residual or general personal injury statute of limitations not by the statute of limitations applicable to the particular intentional tort.  Owens v. Okure, 488 U.S. 235 (1989).  In Connecticut, the applicable residual personal injury statute of limitations is Connecticut General Statutes § 52-577.  Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994).  That statute provides:  "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."  Conn. Gen. Stat. § 52-577.

The plaintiff alleges that the defendants failed to mail him the recommended ruling in 1992.  This action, therefore, took place more than three years before he filed this complaint in

A 156

February 1996.  Furthermore, the plaintiff has alleged no applicable tolling provisions nor any facts demonstrating a continuous or ongoing violation of his constitutional rights. See, e.g., Members of the Bridgeport Housing Authority Police Force v. City of Bridgeport, 85 F.R.D. 624, 637 (D. Conn. 1980) (holding that because the case involved "a course of discrimination continuing into the statutory period," plaintiff's claim under sections 1981 and section 1983 was not barred by the statute of limitations).  Accordingly, the plaintiff's claim is barred by the statute of limitations.  Thus, the claim lacks "any arguable basis in law," and must be dismissed.  Neitzke, 490 U.S. at 327; Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995) (holding that affirmative defense of statute of limitations which appears on the face of the complaint may be basis for sua sponte dismissal under 28 U.S.C. § 1915(d)); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (holding that affirmative defense of the statute of limitations may justify dismissal under section 1915(d)), cert. denied, 502 U.S. 1063 (1992).

The complaint is DISMISSED without prejudice.  See 28 U.S.C. § 1915(d).  It is certified that any appeal in forma pauperis from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).  Because the plaintiff makes an adequate demonstration of poverty, the request to docket this complaint without prepayment of filing fees is GRANTED.

6

A 157

SO ORDERED this __17TH__ day of April, 1996, at Hartford,

Connecticut.


_____
Alfred V. Covello
United States District Judge

7

A 158

Certificate of Service

This is to certify that I have copy of the foregoing was mailed to Attorney James Szerejko 225 Asylum Street, Hartford, Ct 06103; Assistant Attorney General Richard T. Biggar, Esq. 110 Sherman Street, Hartford, Ct 06105 and to Assistant United States Attorney David Sheldon Box 1824 New Haven, Ct 06510 on this 12 day of January 2004.

Respectfully Submitted

Obediah W. Channer
P.O. Box 100
Somers, Ct 06071