United States District Court
District of Connecticut

Claudious W. Channer
Plaintiff

VS.  Civil No.3:00cv230 (SRU)

Richard Blumenthal
Defendants

December 16, 2003

## Affidavit of the Plaintiff

The above Plaintiff being duly sworn depose and say that he is over the age of eighteen and understand the meaing of an oath.

(1) Attached here are discoveries request which were mailed to the defendants and no answer has been receive up to date.

(2) On march 3, 1989 this affiant was arrested while he was walking toward his family Pathfinder Jeep.

(3) The defendant did not have an arrest warrant to arrest this affiant. Instead they had a search and seizure warrant for apartment G-3 of said address.

(4) The defendant search the plaintiff mother Jeep and found a weapon inside the panel of the Jeep. Where the jackhandle is stored.

(5) The weapon was not in plain view.

(6) The defendant search warrant; Affidavit contain fabricated information as follow; That an informant was in the affiant house observing the affiant selling white power for U.S. Currancy.

(7) There is no such known informant who can testify that he was in the Affiant house, observing the Affiant selling drugs to known drug dealers.

(8) It is the defendants custom and pratice to fabricate arrest warrant and hand it to a judge to sign for the arrest of Minorities in the city of Hartford.

(9) The Affiant was arrested by a joint city task force which was known as the Jamaican Task Force Case # NE- ct 026.

(10) There has been law suit brough against Cheif State Attoney John Bailey for his involvement in the fabrication of Affidavits, seeking the arrest of suspect in the city of Hartford and else where.

(11) There are records before this District Court and the state court which show that the city of Hartford and its police Department has a custom

and practice of threatening victims and official to submit false information, on sworn affidavit for the arrest of suspects.

(12) The Plaintiff was incarcerated at 177 Weston Street Hartford, connecticut during his arrest and trial in 1989 to 1991, on and off.

(13) On january 10, 1990 the Affiant was release to the bureau of Prison inviolation of the rule of comity.

(14) On or after March 2, 1989 the city was informed of the Affiant false arrest, False inprisonment and the use of excessive force by the city Police Department but the city failed to investigate and address the Affiant allegations.

(15) The city knew or should have know that its received a false judgement against one of its citizen, on August 24, 1992.

(16) The city was notified though an appeal decision or a report but decided to conceal the cause of action from the Affiant who was incarcerated without adequate access to law books and appeal decision.

(17) The city has a responsibility to be fair to its citizen and this Affiant, in all its dealing with this Affiants.

(18) The city custom and pratice of falsely imprisoning Minorities is an ungoing custom and pratice.

(19) Within the past five years the city has released several individuals because they were falsely imprisoned by the city.

(20) The city has in its possession records which will established a custom and practice of using excessive force against Minorities and applying false imprisonment against Minorities.

(21) There are several known cases in the city, within the past five years that were published by the news media and there are others that are less publicized.

(22) On November 4, 2003 the city stated the following in its opposition to the Plaintiffs motion to strike; "There are disputed factual and legal issues as to when the Plaintiff's false arrest claim accured and therefore whether this action was timely commenced."

(23) "Additionally, there is an unresolved question as to whether Judge Dorsey's order vacating the plaintiff's federal conviction implicates in any way the potential liablity for the city when its police officers made the 1989 arrest for State Criminal Violations" see attached.

(24) The defendant Conceded that there are disputed factual and legal issues in this case which preclude the granting of summary judgement.

(25) Plaintiff intend to prove that there was no informant present in the Plaintiff apartment, who observe the Plaintiff exchanging white power for U.S. currancy as the defendant affidavit stated.

(26) The Plaintiff intend to show that the defendant city search warrant was fabricated and that its a custom and contiuing practice that the city knew about but does nothing to cease such practice.

(27) On page nine of the defendant November 4, 2003 Motion. The defendant state the following; "There is a signification and disputed legal issue. As to whether the Plaintiff challenged the lawfulness of his 1989 arrest in his 1992 lawsuit."

(28) The defendant went on to assert: "There are also disputed legal questions as to whether the United State Supreme Court 1995 decisionin Bailey, which held that a defendant cannot be charged under section 924 (C) (1) merely for storing a weapon near drugs or drugs proceeds, could create a cause of action against the city for an arrest made by its police officer on State Charges.

(29) The defendant has in his possession the name of the informant, who they claimed provided an Affidavit which claim that said informant was inside the Plaintiff's apartment and observing the Plaintiff's exchanging drugs for

U.S currancy.

(30) The city of Hartford knew or should have known that its police department has a continuing practice of fabricating search warrants for the Affidavits arrest of drugs dealers and others.

(31) The city of Hartford condone a custom and practice of allowing its police officers to incert fabricate paragraphs in search and seizure warrants to establish probable cause for a search and seizure warrant.

(32) There are several case in the city where the city admitted or settle cases for on similar allegation as those made here.

The foregoing statements are correct and true to the best of the Plaintiff's knowledge. 28 U.S. C 1746.

Respectfully Submitted

*[signature]*

Claudious W. Channer
P.O. Box 100
Somers, CT. 06071
# 151418

## INCIDENT REPORT

**HPD FORM # 78 REV. 12/88**

| RADIO SIGNAL | NUMBER | DATE OF INCIDENT | TIME OF INCIDENT | STREET NAME | APT | FLOOR | DATE REPORTED | TIME REPORTED | UNIT/TYPE OF INCIDENT | UCR CODE | STATUS | RELATED CASE 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10-73 | 3289 | 3/2/89 | 1500 | 57 WETHERSFIELD AVE. | G-3 | 2nd | 3-2-89 | 1500 | | | 2 | |

**STATUS CODE:** A - ACCUSED  C - COMPLAINANT  J - JUVENILE  S - SUSPECT  M - MISSING  V - VICTIM  W - WITNESS  L - LOCATED  2 - RESIDENT SINGLE  6 - NON RESIDENT  RELATED CASE 2
R - REFERRED JUVENILE  P - PEDESTRIAN  K - OWNER of M/V  N - PASSENGER in M/V  T - TICKETED  O - OPERATOR M/V  3 - RESIDENT MULTI  7 - CITY PROPERTY

**DATE AND TIME OF RECOVERY** | **LOCATION OF RECOVERY**

| STATUS | LAST NAME | FIRST NAME | M.I. | SEX/RACE | DATE OF BIRTH | AGE | ADDRESS | APT-FLOOR | TELEPHONE |
|---|---|---|---|---|---|---|---|---|---|
| C | UNDERSIGNED | | | | | | | | |

**CONTRIBUTING FACTORS:** 0-NOT APPLICABLE  1-ALCOHOL  2-DRUGS  3-MENTAL PROBLEM  4-FAMILY VIOLENCE  5-OTHER  6-BUSINESS
**WEATHER CONDITIONS:** 0-NOT APPLICABLE  1-CLEAR  2-DRY  3-RAIN  4-SNOW  5-ICE  6-FOG
**RACE CODE:** W-WHITE  B-BLACK  H-HISPANIC  O-OTHER

**ARREST 1**
| CHARGE 1 | STATUTE | CHARGE 2 | STATUTE | CHARGE 3 | STATUTE | IF JUVENILE PARENTS NOTIFIED □ YES □ NO |
|---|---|---|---|---|---|---|
| POSS NARCOTICS (C) | 21a-279(a) | POSS NARCO. W/INT SALE (9oz.) | 21a-278(a) | DRUG FACTORY | 21a-277(c) | |

**ARREST 2**
| CHARGE 4 | STATUTE | | | | | FORM # JD-CR-18 COMPLETED |
|---|---|---|---|---|---|---|
| THEFT OF FIREARM | 53a-212 | | | | | |

**DATE OF ARREST** | **TIME OF ARREST** | **LOCATION OF ARREST**
3/2/89 | 1500 | 57 WETHERSFIELD AVE.

| | LAST NAME | FIRST NAME | M.I. | SEX | RACE | DATE OF BIRTH | AGE | ADDRESS | APT-FLOOR |
|---|---|---|---|---|---|---|---|---|---|
| | CHANNER | CLAUDIOUS | | M | B | 12/07/61 | 27 | 57 WETHERSFIELD AVE. | G-3 |

| SUSPECT VEHICLE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| CODE | # | QTY | ITEM/BRAND/MODEL | YEAR | STATE | REGISTRATION | COLOR | SERIAL OR VIN |
| E | 1 | 1 | NISSAN PATHFINDER | 1987 | CT | 932 FVD | BURG. | JN8HD16Y4HW021957 |

**PROPERTY CODE:** A - ABANDONED  E - EVIDENCE  F - FOUND  L - LOST  R - RECOVERED  S - STOLEN  T - TOWED  V - VEHICLE  D - OTHER  D - DAMAGED  W - SUSPECT VEHICLE

| #2 | COLT 45 CAL. AUTOMATIC MARK IV SERIES 80 | SER#SF23620 | | | | CLIP WITH 6 ROUNDS OF AMMUNITION |
|---|---|---|---|---|---|---|

**POINT OF ENTRY** | **TYPE OF WEAPON — TOOLS** | **CHARACTERISTICS/CONDITION** | **EST VALUE** | **CLASS**
| | | | $ | 13 | 25 |

**SOLVABILITY FACTORS** | YES | NO | UNK

**INCIDENT DETAILS**

THE UNDERSIGNED DETECTIVES ARE REGULAR MEMBERS OF THE HARTFORD POLICE DEPARTMENT WITH A COMBINED TOTAL OF 16 YEARS POLICE SERVICE AND EXPERIENCE. THAT DETECTIVES ARE PRESENTLY ASSIGNED TO THE VICE-AND-NARCOTICS-DIVISION-OF-THAT-DEPARTMENT; AND-HAVE-INVESTIGATED NUMEROUS INCIDENTS OF THE TYPE SET FORTH BELOW; RESULTING IN THE SEIZURE OF LARGE QUANTITIES OF NARCOTICS WITH SUBSEQUENT ARRESTS AND CONVICTIONS OF PERPETRATORS.

— THAT ON ABOVE DATE AT NOTED TIME, THE UNDERSIGNED, ALONG WITH OTHER MEMBERS OF THE HARTFORD POLICE DEPARTMENT NARCOTICS DIVISION DID PROCEED TO 57 WETHERSFIELD AVE. ARMED WITH A VALID SEARCH AND SEIZURE WARRANT FOR APARTMENT G-3, OCCUPIED BY A JAMAICAN MALE NAMED CLAUDIOUS CHANNER.

— THAT AS THE UNDERSIGNED WERE ENTERING THE DRIVEWAY LEADING TO THE PARKING AREA OF SAID LOCATION, THEY OBSERVED ACCUSED ATTEMPTING TO ENTER HIS VEHICLE (NOTED ABOVE). THAT ACCUSED WAS ORDERED AT GUNPOINT TO EXIT HIS VEHICLE, AT WHICH TIME HE WAS OBSERVED PLACING AN OBJECT UNDER THE FRONT DRIVER'S SEAT. THAT ACCUSED WAS PLACED UNDER CONTROL AT WHICH TIME THE ABOVE LISTED WEAPON, FULLY LOADED WAS OBSERVED IN PLAIN VIEW. WEAPON SECURED ALONG WITH ACCUSED BY DET. MERRITT AT THAT TIME.

— THAT DET. PERODEAU, ALONG WITH AGENT JAMES MARKOWSKI OF OFFICE OF ALCOHOL TOBACCO, AND FIRE-ARMS, PROCEEDED TO THE FIRST FLOOR APARTMENT

**MO INFORMATION**

**PROPERTY I.D./LOCATED**

**VEHICLE INFORMATION**

**EVIDENCE COLLECTED**

**WEAPONS DESCRIPTION**

**SUSPECT DESCRIPTION**

**SUSPECT LOCATION**

**SUSPECT NAME**

**SUSPECT IDENTIFICATION**

**WITNESS TO CRIME**

**REPORT DISTRIBUTION**
□ 06 CA. PROPERTY   □ 09 CRIME SUPPRESSION
□ 07 CA. PERSONS   □ 10 DOG WARDEN
□ 08 VICE & NARCOTICS   □ 11 YOUTH SERVICES
□ 14 TRAFFIC
□ 16 INTELLIGENCE
□ 20 OTHER

**ASSISTING OFFICER** | **INVESTIGATING OFFICER** DET. MICHAEL PERODEAU  CODE 49808
**AFFIDAVIT STATEMENT**  **SUPERVISOR** CODE 20508

PAGE 1 OF 2 PAGES   MICROFILM #

disorderly conduct, which was a reduction in charge from possession of stolen property and a conviction again in the Bronx for criminal possession of a loaded weapon, a Class D Felony on April 23rd of 1985. The --

THE COURT: Was that in New York, also?

MR. MURRAY: That is also in New York, your Honor. The defendant received a five-year probationary sentence for that and I believe at the time of his arrest on these offenses, a probation violation warrant was outstanding in the state of New York, as well as perhaps a warrant for possession of stolen property and resisting arrest. A subsequent arrest in the Bronx for which no disposition was indicated other than a bench warrant issued.

Additionally, the defendant is here under Article 4 of the Interstate Agreement on Detainers from the Federal correctional facility at Raybrook, where he is serving a sentence at this time for a violation of 18 United States Code 924(c)(1), carrying and use of a firearm during a drug trafficking offense. That particular conviction is related to a matter which is pending in this court under docket number 55430. That was an offense that occurred on March 2, 1989, when officers of the Hartford Police Department went to an

apartment on Wethersfield Avenue. They observed the accused attempting to enter a Nissan Pathfinder vehicle in that area and placing an object under the front driver's seat. The officers found a loaded Colt .45 automatic with a six-round clip under the driver's seat. They then went to the accused's apartment, along with agents from the Federal Government, the Alcohol Tobacco and Firearms Division, and found secreted in the bedroom two large Ziploc bags of cocaine and a Cobray (phonetic) M-11, nine millimeter automatic pistol with clip containing twelve rounds. That may well be the weapon that the defendant referred to, although he called it a Mack-10 (phonetic) during his testimony at the trial, when he indicated that he did in fact own a machine gun, I believe.

The defendant was arrested and charged with State offenses at that time. Subsequently, I had conversation with the United States Attorney's Office and on those facts, they indicted him on the weapons violation with a drug trafficking offense and he entered a plea of guilty to that offense and is serving a five-year Federal sentence for that.

I did indicate to the United States Attorney that since they have petit policy problems if I were to continue the prosecution of the drug

DOCKET NO.   CV-98-411200 : SUPERIOR COURT
                      CV-01-0480281 :

CLIFTON CHANNER : JUDICIAL DISTRICT OF NEW HAVEN

V. : AT NEW HAVEN

WARDEN : DECEMBER 22, 2003

## MEMORANDUM OF DECISION ON PETITIONS
## FOR WRIT OF HABEAS CORPUS

In this case the petitioner has filed two habeas corpus petitions. One is an amended petition filed in the New Haven Judicial District, Docket CV-98-0411200, and is dated July 30, 2001 (New Haven petition). The other petition was filed in the Judicial District of Tolland at Rockville, Docket CV-01-003404, and dated February 8, 2001. (Rockville petition). The Rockville petition was transferred to the New Haven Judicial District and now is Docket CV-01-0480281. Both cases were tried before the undersigned on August 21, 2003.

With respect to the New Haven petition, which is in eight counts, counts three, five and six had been dismissed by prior court decisions, and the petitioner withdrew the eighth count at the hearing. Counts one, two, and seven were heard by the court. There was no count four.

JUDICIAL DISTRICT OF NEW HAVE
SUPERIOR COURT
FILED
DEC 22 2003
CHIEF CLERK'S OFFICE

Judgment Entered 12-22, 20 03
Counsel/Pro Se Parties notified 12-22 20 03
By ☐ JDNO ☑ Copy of Memo ☐ Other

The relevant evidence shows that the petitioner was arrested on July 22, 1988 on state robbery charges and released on bond on July 24, 1988. On November 3, 1989 he was arrested by the state and held for the federal authorities on federal charges. On November 6, 1989 he was transferred to the custody of the federal authorities, and on November 9, 1989 he was returned to state custody on other pending state charges. On January 9, 1990 the petitioner was released to the custody of federal authorities for prosecution relating to the November 3, 1989 federal arrest. On January 9, 1990 the petitioner pled guilty in federal court to a federal crime, was sentenced to serve five years in a federal prison, and commenced serving his sentence. On October 16, 1990, at the request of the State of Connecticut, the petitioner was temporarily transferred from federal custody to state custody in connection with the pending criminal charges relating to his July 22, 1988 arrest. He elected to go to trial, was convicted by a jury of robbery and conspiracy to commit robbery, and on February 21, 1991 was sentenced to serve two concurrent twenty year sentences, consecutive to the federal sentence he was serving. He was then returned to federal custody and served the balance of his federal five year sentence. He completed his federal sentence and on March 23, 1994 was returned to the custody of the State of Connecticut to begin serving his twenty year concurrent sentences. On June 22, 1998 the U.S. District Court (*Dorsey, J.*), with the agreement of the government, vacated the judgment of conviction which had been entered on January 9,

1990. He is presently in the custody of the Commissioner of Correction serving his concurrent twenty year sentences.

The petitioner alleges in counts one, two, and seven of the New Haven petition that he should be awarded credit on his state sentence for the five years he served on the subsequently vacated federal sentence, and that he should have been serving his state sentence before he was turned over to the federal government to serve his federal sentence. The Rockville petition alleges that the petitioner was wrongfully turned over to the federal authorities on January 10, 1990 to begin serving his federal sentence, that he has not been credited on his state sentence for the time spent serving the vacated federal sentence, and that he has not been credited for time spent in restrictive custody.

The evidence shows that the various transfers of the petitioner between state and federal custody were lawfully handled. It also shows that while the petitioner was serving his state sentence he was in a chronic discipline restrictive housing unit for forty four days during which time he was not entitled to earn good time, which is legally correct. The petitioner was given the jail credits and good time to which he was entitled.

The petitioner's claims that he was wrongfully turned over to federal authorities on January 9, 1990 to begin serving his federal sentence, and that he should have been serving his state sentence before being turned over to federal authorities is without merit. He was turned over to federal authorities on January 9, 1990 in connection with the pending federal charges. He elected to plead guilty on January 9, 1990 to a federal

criminal charge and immediately began serving his federal sentence. At that point he had not yet been convicted on the state charges.

The petitioner also claims in both petitions that he should receive credit on his state sentence for the time he spent in federal prison on the later vacated federal sentence. The law is clear that a prisoner in state custody is not entitled to pretrial credit for time spent incarcerated in another jurisdiction. See <u>Johnson v. Manson</u>, 196 Conn. 309, 312 (1985), <u>Taylor v. Robinson</u>, 196 Conn. 572, 575 (1985), and <u>Hammond v. Commissioner</u>, 259 Conn. 855 (2002).

The petitions are dismissed.

_____
Hadden, Judge T.R.

## Certificate of Service

This is to certify that a true copy of the enclosed was delivered to prison official to be mail to Assistant United States Attorney David Sheldon, 157 Church Street New Haven, Ct 06510, Attorney Eric Daigle 225 Asylum street Hartford, Ct 06103 and to Assistant Attorney General Richard T. Biggins 110 Sherman Street Hartford, Ct 06105 on this 28. day of January 2004.

Respectfully Submitted

Claudious W. Channer
P.O. Box 100
Somers, Ct 06071