United State District Court
District of Connecticut

Claudious W. Channer

    Plaintiff                                    January __, 2004

    VS.                                      Civil no. 3:00 cv230 (SRU)

Richard Blumenthal; Janet Reno;
City of Hartford; James Markowski;
Detective Penodeau; Detective Merritt;
Detective Wolf; Detective Ellis;
Sergeant Cagianello and the Commissioners
of connection, John Armstrong
and Theresa Lantz. ET AL

    Defendants.

## Motion Seeking to add Supplemental Defendants.

Here comes the above pro-se Plaintiff who is acting pro-se,

moves this Honorable court for permission to add the aforementioned

past and present Commissioner of connection to the plaintiff civil

right law suit seeking compensation for time spend in prison that has

not being credited to any sentence.

Upon the vacation of the Plaintiff's federal sentence which was made to run consecutively to the Plaintiff state sentence of twenty years. The Plaintiff informed the Commissioners of connection and their Subordinates of the vacation of the plaintiff Federal sentence. Plaintiff filed numerous request and follow the chain of command by filing grievances and a Habeas corpus. The Habeas corpus was pending until December 22, 2003 when Judge Hadden throw out the Plaintiff claim seeking jail credit.

Judge Hadden cited John v. Manson, 196 conn. 309, (1985); Taylor v. Robinson, 196 conn. 572, 575 (1985) and Hammond v. Commissioner, of connection, 259 conn. 855 (2002). The court ruled that the law in this state is clear that a prisoner in this state is not entitled to pretrial jail credit for time spent incarcerated in another jurisdiction.

The Commissioners of connection past and present have follow a custom and practice which denied jail credit to prisoners who spend time out of state while waiting to be extradited to this state.

The Commissioners also have a custom and policy to award jail credit to some prisoners who were held out of state and similarly denied the same to other prisoners. The Commissioners of connections have a custom and policy of awarding white prisoners jail credit for time spent in custody on a vacated sentence and time spent awaiting extradition to this state but deneid the same treatment to a Minority prisoner.

The Commissioner have continued said custom policy and practice from 1985 thru the present time. This issue could not have been presented to this court before because the state courts delayed a final ruling on the Petitioner claim since 1998. Due to the running of the statute of limitation. The Plaintiff had to filed his 1983 while he was exhausting his state court remedy.

While the Plaintiff did not exhausted his Administrative remedy to the state's hightest court. The Plaintiff does not believe that there is a need to accomplish such a remedy because the defendants denied the Plaintiff claim under the custom, practice and policy of their clearly custom and practice as set out in the Supreme court ruling in Johnson v. Manson. 196 conn. 309, 312 (1985). For these reasons stated herein. Plaintiff humble ask that the above named defendants be added to the Plaintiff's suit.

Respectfully Submitted

_____

Claudious W. Channer
P.O. Box 100
Somers, CT. 06071
# 151418

## Certificate of Service

This is to certify that a true copy of the foregoing was mailed under the rules of Houston v. Lack, 487 U.S. 266 (1988) and Haines v. Kerner, 404 U.S 519 (1972) to Eric Daigle, One Goodwin Square 225 Asylum Street, Hartford, Ct. 06103; Assistant United State Attorney David Sheldon, esq. 157 Church Street, New Haven, Ct. 06510 and Assistant Attorney General Richard T. Biggar, Esq 110 Sherman Street, Hartford, Ct. 06105 on this _____ day of _____ 2004.

Respectfully Submitted

_____
Claudious W. Channer
P.O. Box 100
Somers, CT. 06071
#151418