United States District Court
District of Connecticut

Obedious Chancer
    Plaintiff

March 15, 2004

Civil No. 3:00CV230(SRU)(WIG)

  vs.

Richard Blumenthal, et al.
    Defendants

Opposition To Defendants Motion To
<u>Stay Discoveries</u>

Now comes the above pro-se Plaintiff,
Respectfully move this Honorable Court.

FILED
2004 MAR 23 P 5: 15
U.S. DISTRICT COURT
BRIDGEPORT, CONN

To deny the defendant City of Hartford March 5, 2004 Motion to stay discoveries. The defendant City of Hartford claimed that the Plaintiff had ample opportunity to conduct discoveries and the newly requested discovery will not assist the Plaintiff in objecting to the defendant's Summary Judgment Motion.

The defendant also reiterates his position that the Plaintiff's discoveries request is barred based upon the Magistrate June 21, 2001 scheduling order. That same order requires the defendant to file any Summary Judgment Motion within five months of the June 21, 2001 date.

This Court may take judicial notice of the defendants' Summary Judgment Motion filing date. Some two years after the Magistrate scheduling order deadline. What is good for the Plaintiff is also good for the defendants.

The defendants cannot ask this Court to hold the pro-se prisoner stringent to the Magistrate Scheduling order, while they seek to escape the same order. In addition, the District Court local rule makes it clear that such a scheduling order should not be placed upon a pro-se prisoner.

It has been the defendants strategy since 1991 to request a stay of all discoveries pending the out come of their Motion for Summary judgment. When they win them is no need for discovery.

Now the defendants argues that the Plaintiff had a fair opportunity over the years to conduct his discoveries. How could that be when you block or put up a stone wall each and every time when the Plaintiff requested documents. This Court may take judicial notice of the defendants prior request for a stay of the Plaintiff's discoveries.

According to the Morrel rule in a Summary judgment pleading. The Plaintiff must show that the City has a custom and policy of withholding documents from Plaintiffs,

Knew or should have know of wrongs done to its citizens by its police force but made no move to rectified the problem or compensate the victims for their injuries.

True attorney to cover up the wrongs of the City police department and ignore the Cry of the innocent for justice.

known or should have known of excessive force being used against minorities in the city but turn a blind eye to its white and black police officers action.

known or should have known of its police officers, inspector and prosecutors paying informants to fabricate information to obtain an arrest warrant. The Monel rule requires a Plaintiff to look outside his own incident to establish a custom and practice of the defendants.

The defendant is asking this court to rule that a pro-se prisoner has access to records of the City of Hartford custom and policy, or to rule that the Plaintiff

-6-

had ample opportunity to conduct discovery over the years. Freedom of information request was sent to the defendants police department, Attorney General office, State Attorney office and City Hall.

However, to date no one respond with the requested documents. It is an impossible task to require a pro-se prisoner to establish a custom and policy of a city when the City decide to Refuse to hand over its record to show how it does business. The case law is clear. One need to show a pattern of conduct by the city out side of his case to prove a custom and policy.

When a defendant withheld documents and information from a Plaintiff who claimed that he was injured by the City. That is an act of fraudulent concealment. There are numerous cases against the City for false arrest, false imprisonment and excessive force.

There is even a consent decree on these issues but the Plaintiff does not have a copy to see exactly what the documents says. A Motion for Summary Judgment is about facts and not speculation of facts. Furthermore, to acquire certain document from the City, one need to have a legal action pending in the Courts.

-8-

# METRO HART

HARTFORD • WEST HARTFORD • BLOOMFIELD

# Civil Rights Probe Finds

By MATT BURGARD
COURANT STAFF WRITER

## Man Falsely Charged With Homicide Pursu

**HARTFORD**

A federal investigation to determine if a Hartford man's civil rights were violated when he was falsely charged in a 1997 homicide in Pope Park has been closed without any finding of criminal wrongdoing by the city detectives who arrested him.

Albert N. Moskowitz, chief of the U.S. Department of Justice's civil rights division, notified Gilberto Rivera's attorney this month that the investigation had been closed because no "prosecutable violation" had been found.

Despite the finding, Rivera will pursue a $6 million false-arrest lawsuit against the city, his attorney, James S. Brewer, said.

The investigation and lawsuit arose from a bizarre tug-of-war between the police department and the FBI, each of which charged a different suspect with killing gang leader Enrique "Rick the Ruler" Ramirez.

The FBI's suspect, 25-year-old Julio Ramos, eventually confessed to the killing in federal court and is serving a 24-year prison sentence. Charges against Rivera were dismissed several weeks later, but only after he had spent more than three months in jail awaiting trial.

The confession also exposed a territorial rift between Hartford police detectives and FBI agents assigned to help crack down on gang-related crime at the time. When FBI agents developed evi-

---

7★ THE HARTFORD COURANT • THURSDAY, JULY 31, 2003  **B3**

# No Wrongdoing

## $6 Million Lawsuit

dence linking Ramos to the killing, Hartford detectives ignored much of it and continued to pursue their case against Rivera, federal prosecutors announced at the time.

The Department of Justice's civil rights division opened its investigation into the conduct of Hartford police detectives after the conspiracy and murder charges against Rivera were dismissed in 1998.

A spokeswoman in the office of Kevin O'Connor, the U.S. Attorney for Connecticut, said Wednesday that the office has recused itself in the case and could not comment on the Justice Department's action. Moskowitz and other officials in the civil rights division were unavailable for comment.

Hartford police officials also declined comment, citing the ongoing lawsuit.

Even before this month's letter announcing an end to the investigation, Brewer had complained that the division was dragging its feet on the case.

"It is unfortunate that the Department of Justice has chosen to take sides with

PLEASE SEE RIVERA, PAGE B4

---

## Rivera

CONTINUED FROM PAGE B3

first ones to decry the behavior of the city police detectives, and now they find no wrongdoing?," he said. "It's not consistent, and it's all because they're in collusion with each other."

Brewer said the lawsuit against the detectives who arrested Rivera, and department leadership at the time, recently received a boost when a federal court denied an effort to have the suit dismissed. The case is set to go to trial in federal court in Hartford on Nov. 11.

"In the end, the Hartford detectives didn't care so much about Gilberto Rivera; he was just a pawn for them to carry out their feud with the FBI," Brewer said

## HARTFORD

criminal police officers who have engaged in gross criminal misconduct," Brewer wrote in a letter to Moskowitz in June.

Wednesday, Brewer said he found it ironic that federal officials have found no criminal wrongdoing on the part of the same detectives who five years ago were accused of willfully undermining the FBI's case

Looking to spend quality time with your family this summer?
STOP


Wherefore, Plaintiff strongly oppose and stay of discoveries until the defendants Summary judgment Motion is ruled on.

Respectfully Submitted

Claudious W. Chance
P.O. Box 100
Somers, CT 06071
#151418

Certificate of Service

This is to certify that a true copy of the foregoing was mailed to Assistant Attorney General Richard T. Biggar at 110 Sherman Street, Hartford, CT 06105, Assistant United States Attorney David J. Sheldon, P.O. Box 1824 New Haven, CT 06508, and to Attorney Eric P. Daigle, one Goodwin Square 225 Asylum Street, Hartford, CT 06103 on this 15 day of March 2004.

Respectfully Submitted

Claudious W. Channer
P.O. Box 100
Somers, CT 06071
#151418

# False convictions raise questions

**By DAVID WEBER**

BOSTON HERALD    TUESDAY, MARCH 9, 2004

Police and prosecutors vowed yesterday to overhaul the eyewitness identification process in criminal cases as another wrongfully convicted man was freed from prison.

Anthony Powell, 33, of Roxbury, walked out of Suffolk Superior Court with his parents, siblings and other relatives — many of them crying tears of joy — after serving 12 years behind bars for a crime he did not commit.

"From the very beginning, it was a case of mistaken identity. Now the DNA (testing) has proved he was innocent," Powell's mother, Cheryl Simmons, said as she accompanied her son to his first taste of freedom since his 1992 conviction for the kidnapping and rape of a teenage girl in Roxbury.

"On behalf of the entire criminal justice system, I extend a sincere and heartfelt apology to Mr. Powell, and to all the families involved," Suffolk District Attorney Daniel Conley said.

Police Commissioner Kathleen O'Toole said, "While I am truly sorry, words cannot replace the time Anthony Powell and his family have missed being together while he has been in prison."

Powell was convicted on the strength of an eyewitness identification by the rape victim. Police arrested Powell after seeing him milling around a skating rink where the rapist had instructed the victim to return the night after the rape.

In a separate case, Conley said his office will ask a judge today to dismiss all charges against Revere resident William Leyden, who was being prosecuted for the beheading murder of his brother, John Leyden of East Boston. Conley moved to end the prosecution after suspected serial killer Eugene McCollum, 39, admitted killing Leyden and directed police to the remains of another victim in Florida.

Boston police broached the issue with prosecutors last week and yesterday O'Toole and Conley appointed First Assistant District Attorney Joshua Wall and Police Superintendent John Gallagher to review the eyewitness identification procedures and weed out flaws before another person is wrongly convicted.

Powell became the eighth Boston area man since 1987 to be freed from prison after faulty identifications helped seal their convictions. In many of the cases, DNA testing on evidence helped exonerate them.

In January, Stephan Cowans, 33, was freed after DNA testing cleared him of shooting a police officer. The officer had identified Cowans at trial as the man who shot him after a hand-to-hand struggle.



**FREEDOM:** Anthony Powell celebrates with his family after serving 12 years on a wrongful conviction. DNA testing cleared the Roxbury man of kidnapping and rape.

STAFF PHOTO BY MIKE ADASKAVEG