United States District Court
District of Connecticut

FILED
2004 MAY -3 P 4:13
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Claudious Channer
Plaintiff,

April 30, 2004

vs.                     Civil No. 3:00 CV230 (SRU)

Richard Blumenthal, et al.
Defendants.

## Motion Seeking Permission

Now comes the undersigned pro-se prisoner who is presently incarcerated,

Respectfully move this Honorable Court to add an additional argument to his Rule 56(F) Motion. After a review of the Federal Rule of Civil Procedure Rule 12.

The Plaintiff discovered that the defendants Three Affirmative defenses were waived when the defendants failed to raise such defenses in their Motion to dismiss. According to the Federal Rules of Procedure Rule 12(g) and (h). The defendants claims on Res-judicata, bar on the Statute of limitation and Failure to State a Claim upon which

-2-

Relief could be granted since all claims that could have been raised on a motion to dismiss. The defendants did raise these affirmative defense on the Plaintiffs excessive force claim in their Motion to dismiss but failed to raise the same arguments on the Plaintiffs false imprisonment claim.

On September 26, 2003 this Court stated the following: "The City of Hartford based its Motion to dismiss on principle of Res-judicata, pointing to a 1992 lawsuit filed by the Plaintiff. Because the City apparently was not a party to the 1992 lawsuit, the City now contends in its

-3-

Motion for Reconsideration that Collateral estoppel bars the Plaintiff's claim of False imprisonment. Collateral estoppel was not a ground raised by the City in its Motion to dismiss.

The City also argues that the False imprisonment claim is barred by the Statute of limitation. Again the City did not raise this argument in its Motion to dismiss. It should also be noted that Collateral estoppel is a cousin to Res judicata which make the defendants argument the same.

Whichever way the Court perceive the defendants

Affirmative defense on Res-judicata and the bar of the Statute of Limitation. The defendants have failed to raised these claims in their Motion to dismiss, and therefore preclude these claims from being raised at a later date.

It should be noted that approximately six months ago Plaintiffs request the City of Hartford to disclose its custom and policy on false imprisonment, using of informants to procure arrest of drug dealers, the number of settlement in the City on false imprisonment and a copy of any and all law suit that was filed against the City in 1989 for false arrest.

-5-

Neither the city of Hartford or its police station has complied with the Plaintiff's FOI Request over five months. To establish a Monel Claim. The City must disclose these requested information.

For these Reasons Plaintiff Respectfully ask that the aforementioned Argument be added to the Plaintiff's Rule 56f Motion.

Respectfully Submitted

Claudious W. Channer
P.O. Box 100
Somers, Ct 06071
#151418

# Certificate of Service

This is to certify that a true copy of the foregoing was mailed under the rules of Houston v. Lack, 487 U.S. 266 (1988) and Haines v. Kerner, 404 U.S 519 (1972) to Eric Daigle, One Goodwin Square 225 Asylum Street, Hartford, Ct. 06103; Assistant United State Attorney David Sheldon, esq. 157 Church Street, New Haven, Ct. 06510 and Assistant Attorney General Richard T. Biggar, Esq 110 Sherman Street, Hartford, Ct. 06105 on this __30__ day of __April__ 2004.

Respectfully Submitted

_____
Claudious W. Channer
P.O. Box 100
Somers, CT. 06071
#151418