```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT



CLAUDIOUS CHANNER
                                         PRISONER
     v.                        Case No. 3:00CV230(SRU)(WIG)

RICHARD BLUMENTHAL, ET AL.


                      RULING ON PENDING MOTIONS
```

Pending before the court are two motions to compel and a motion to amend filed by the plaintiff and a motion to stay filed by the defendants. The court addresses the plaintiff's motions first.

I.   Motion to Compel [doc. # 82]

The plaintiff seeks to compel the defendants to answer his January 29, 2001 interrogatories and request for production, his July 23, 2001 request for production and his December 11, 2003 Freedom of Information Act request. He contends that on July 26, 2001, counsel for defendants City of Hartford responded to the July 23, 2001 request for production. Counsel allegedly stated that he did not see the need to engage in discovery due to the fact that he intended to seek an early dismissal of the case. In response to the Freedom of Information Act request, counsel allegedly stated that plaintiff had exceeded the court's deadline

for completion of discovery in this case.

A party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and Rule 37(a)(2) of the Local Civil Rules of the United States District Court for the District of Connecticut.  Under both rules, a motion to compel must include a certification that the plaintiff has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court.

In response to plaintiff's motion, counsel for the defendants attaches a copy of his July 26, 2001 letter to the plaintiff.  In the letter, counsel states that he never received plaintiff's January 2001 discovery request.  In fact, counsel did not appear for the defendants until July 20, 2001.  The plaintiff does not indicate that he served the January 2001 interrogatories and request for production on the individual defendants or that he attempted to serve counsel with a copy of his January 2001 discovery request after he learned counsel had never received it. Because the plaintiff has failed to demonstrate that he ever served the January 2001 discovery request on the defendants or their attorney, the motion to compel is premature and is denied.

With respect to the July 2001 request for production of documents and the Freedom of Information Act request, the

plaintiff fails to attach copies of these requests to his motion. Local Rule 37(a)(3) requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed and including, "as exhibits, copies of the discovery requests in dispute." D. Conn. L. Civ. R. 37(a)(3). Accordingly, the plaintiff's motion does not comply with Local Rule 37(a)(3).

Even if the plaintiff had filed copies of the July 2001 and December 2003 requests, it is evident that he has failed to attempt to make a good faith effort to resolve these discovery disputes without the intervention of the court. He does not indicate that he made any attempt to contact counsel for the defendants after he received counsel's responses to his July 2001 and December 2003 requests. Because the motion does not comply with the provisions of Local Rule 37(a)(2) and (3) and Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure, the motion is denied.

II. "Rule 56(f) Motion Seeking Discovery" [doc. # 80]

The plaintiff claims that he cannot respond to the City of Hartford's motion for summary judgment because he has not received discovery from the City of Hartford. He seeks to stay any ruling on the motion for summary judgment until he receives the discovery material.

3

On September 18, 2002, the court granted a motion to dismiss as to defendants City of Hartford, Markowski, Perodeau, Merritt, Wolf, Ellis and Cagarnello on the ground that the plaintiff's claims of excessive force and racial discrimination were barred by the doctrine of res judicata.  The court also declined to exercise supplemental jurisdiction over the plaintiff's state law claim of fraudulent concealment as to defendants Markowski, Perodeau, Merritt, Wolf, Ellis and Cagarnello.  On February 21, 2003, the court dismissed plaintiff's claims pursuant to 28 U.S.C. §§ 2513 and 1495 as to all defendants on jurisdictional grounds, granted defendant Reno's motion to dismiss as to all claims against her, dismissed all claims against Blumenthal pursuant to 28 U.S.C. 1915(e)(2)(B)(i)-(iii) and declined to exercise supplemental jurisdiction over plaintiff's state law claims against Reno and Blumenthal.  In its ruling on the City of Hartford's motion for reconsideration, the court noted that the section 1983 claims for false imprisonment/false arrest concerning the plaintiff's federal conviction and the claims of fraudulent concealment pursuant to Connecticut General Statutes § 52-595 remained pending against the City of Hartford.  The court permitted the City of Hartford until October 21, 2003, to file an answer to the amended complaint and until December 1, 2003, to file a motion for summary judgment.  On November 13, 2003, the

4

City of Hartford filed a motion for summary judgment.

Summary judgment is appropriate only where adequate time has been afforded to the non-moving party for full discovery. Celotex, 477 U.S. at 326; see Schering Corp. v. Home Ins. Co., 712 F.2d 4, 10 (2d Cir. 1983) (summary judgment not appropriate where non-moving party seeks discovery of favorable information). Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

The Second Circuit has held that a party seeking a continuance to respond to a motion for summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit showing "'(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d

5

Cir. 1995) (quoting Hudson River Sloop Clearwater, Inc. v. Department of Navy, 891 F.2d 414, 422 (2d Cir. 1989)); accord, Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985).

    The plaintiff filed a declaration in support of his motion on January 30, 2004. The declaration includes statements about the plaintiff's arrest, claims that the Hartford Police Department had no probable cause to arrest him and that the Police Department had a custom or practice of fabricating arrest warrants. The plaintiff also claims the City of Hartford has a custom or practice of falsely imprisoning minorities. The plaintiff claims that the City has records of other cases in which minorities were falsely imprisoned and arrest warrants were fabricated. Thus, the plaintiff has attempted to demonstrate how information concerning his arrest would create issues of material fact as to at least one of the arguments raised by the City of Hartford in its motion for summary judgment.

    The plaintiff does not indicate in his declaration what attempts he has made to obtain the above-referenced records and/or information. The declaration references discovery requests served on the defendants, but no requests are attached to the affidavit. The plaintiff simply declares that he served

6

discovery requests on the defendants and he has received no answers to the requests to date.

The plaintiff does attach copies of some discovery requests to his reply to the City of Hartford's response to his motion. (See doc. # 86.)  Attached to the reply are copies of January 2001 interrogatories and request for production of documents addressed to defendants Blumenthal, Perodeau, Merritt and Markowski, a July 23, 2001 letter to counsel for the City of Hartford seeking copies of excessive force lawsuits filed against the Police Department and a June 2003 Freedom of Information Act request addressed to the Hartford Police Department seeking information the Department has regarding him.

These requests for information are not addressed to the City of Hartford.  Furthermore, they do not seek information concerning any policy of custom of the City of Hartford in falsely imprisoning minorities or fabricating arrest warrants. As discussed in the prior section of this ruling, the plaintiff never served the January 2001 discovery request on the City of Hartford or on counsel for the City of Hartford after he learned counsel had never received the request.  In addition, the plaintiff made no effort to resolve any of the other discovery disputes prior to filing his motions to compel with the court. The court notes that pursuant to the court's May 17, 2001 Ruling

7

denying his motion to default the defendants for failure to respond to his January 2001 interrogatories and request for production of documents, the plaintiff was on notice that he must make an attempt to resolve any discovery dispute with counsel for the City of Hartford prior to filing a motion with the court, when the court.  (See doc. # 17.)

Under the court's scheduling order, the deadline for completion of discovery in this case was October 28, 2001.  Even if the court had extended the time for discovery for a six month period after ruling on the City of Hartford's motion to dismiss in September 2002, the plaintiff failed to make timely discovery requests or follow-up on prior requests during that time period.  The court concludes the plaintiff has failed to make sufficient efforts to obtain the discovery he claims to need to respond to the motion for summary judgment and cannot explain why he failed to do so.

In addition, the defendants contend in their response to the plaintiff's motion that the plaintiff need not conduct discovery to respond to their legal arguments.  The court agrees.  Accordingly, the request to stay the ruling on the motion for summary judgment until the plaintiff obtains discovery from the City of Hartford is denied.

III. Motion to Amend [doc. # 90]

The plaintiff seeks to add Former Commissioner of Correction John Armstrong and the present Commissioner of Correction Theresa Lantz as defendants. He also seeks to add claims concerning the Department of Correction's refusal to award him credit for the time he served his federal sentence.

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party." Rule 15(a), Fed. R. Civ. P. Although a court should grant leave to amend "when justice so requires," the Second Circuit has observed that a "'district court need not allow itself to be imposed upon by the presentation of theories seriatim.'" Id.; State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) (citation omitted). Here, the defendants filed an answer to the first amended complaint on October 14, 2003. The plaintiff's motion to amend was filed on February 12, 2004. Thus, the plaintiff must seek leave to file an amended complaint.

Underlying Rule 15(a) is an assumption that the amended or supplemental complaint will clarify or amplify the original cause of action rather than incorporate additional causes of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993),

aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

This action involves a claim that the defendants used excessive force against him in 1989 and falsely arrested and imprisoned him for five years beginning in 1990. The defendants named in the first amended complaint are the City of Hartford, a former United States Attorney General, the Attorney General for the State of Connecticut, a federal agent and four detectives and a sergeant in the Hartford Police Department. At this point in the litigation, the City of Hartford is the only defendant and has filed a motion for summary judgment.

The plaintiff now seeks to add Commissioners of the Department of Correction as defendants in this action and a claim concerning jail credit. This allegation is completely unrelated to the claims in the first amended complaint and was known to the plaintiff when he filed his first amended complaint. The court concludes that to permit the plaintiff to amend/supplement his complaint at this stage of the litigation to add new allegations that occurred before the filing of the first amended complaint as

10

well as two new defendants would unnecessarily delay the case. See Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58 (2d Cir. 1984) (undue delay, bad faith and prejudice to opposing party are "touchstones" of court's discretion to deny leave to amend); Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir.2002) ("Where it appears that granting leave to amend is unlikely to be productive ... it is not an abuse of discretion to deny leave to amend.")(citation omitted).

Thus, for the reasons set forth above, the court concludes that, at this stage of the proceedings, justice does not require the court to permit the plaintiff to file a second amended complaint.  Accordingly, the plaintiff's motion for leave to file an amended complaint is denied.

IV.  Motion for Stay Discovery [doc. # 91]

The City of Hartford seeks to stay discovery until the court rules on its motion for summary judgment.  The motion is granted over the plaintiff's objection.

## Conclusion

The plaintiff's Motion to Compel [**doc. # 82**] and "Rule 56(f) Motion Seeking Discovery" [**doc. # 80**] are **DENIED**.  The City of Hartford's Motion to Stay Discovery [**doc. # 91**] is **GRANTED** over plaintiff's Objection.  The Motion to Amend [**doc. # 90**] is **DENIED**.  The plaintiff's response to the Motion for Summary

11

Judgment must be received by the court on or before **September 13, 2004.** The plaintiff is cautioned that if no response has been received by the court by **September 13, 2004,** the court will consider the motion for summary judgment on the current record.

The court again gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence contradicting these assertions. The plaintiff may not simply rely on his amended complaint, nor is a memorandum sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits[1] made on personal knowledge or

---

[1] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts

other documentary evidence to show that there is a genuine issue of material fact for trial.

If the plaintiff does not so respond, summary judgment may be entered against him. If summary judgment is granted against the plaintiff, the case will not proceed to trial. Instead, judgment will enter in favor of the defendants.

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 9(c)2 of the United States District Court for the District of Connecticut. That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 9(c)2 Statement." The Local Rule 9(c)2 Statement is in response to the moving party's 9(c)1 Statement of Material Facts which sets forth the facts which it contends are undisputed. The plaintiff must state whether he admits or denies each such fact. The plaintiff's 9(c)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried. In addition, Local Rule 9 requires that:

> [e]ach statement of material fact in a Local Rule 9(c) Statement by a movant or opponent must be followed by a citation to (1) the

---

> showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

>     affidavit of a witness competent to testify
>     as to the facts at trial and/or (2) evidence
>     that would be admissible at trial.  The
>     affidavits, deposition testimony, responses
>     to discovery requests, or other documents
>     containing such evidence shall be filed and
>     served with the Local Rule 9(c) Statement in
>     conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 9(c)3.  If the plaintiff does not file a 9(c)2 statement, all material facts set forth in the moving party's Rule 9(c)1 statement will be deemed admitted.

   SO ORDERED at Bridgeport, Connecticut, this <u>25th</u> day of August, 2004.


                                        <u>/s/William Garfinkel</u>
                                        William I. Garfinkel
                                  United States Magistrate Judge