UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLAUDIOUS CHANNER

v.

CIVIL ACTION NO.
3-00-cv-230 (SRU) (WIG)

RICHARD BLUMENTHAL, ET AL.

**RULING AND ORDER**

On September 18, 2002, the court dismissed all claims against defendant Gregory Merritt. Merritt has now moved for entry of a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

Merritt argues that there is no just reason for a delay in the entry of a separate judgment in his favor, and therefore that partial final judgment should enter pursuant to Rule 54(b).

Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

The Second Circuit has held that Rule 54(b) provides a procedure for a district court to

enter a final partial judgment and to permit an immediate appeal from that judgment, "when the district court determines that such an appeal is needed to avoid harshness or injustice." Obert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003). A district court's power to enter a partial final judgment, however, should be used sparingly. See L.B. Foster Co. v. America Piles, Inc., 138 F.3d 81, 86 (2d Cir. 1998) ("The power 'should be used only in the infrequent harsh case' where there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'") (citations omitted). This policy exists to protect the historic rule against piecemeal appeals in federal court. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980).

Here, Merritt does not contend that he seeks a partial judgment in order to file an immediate appeal from any of the court's prior rulings. Instead, he argues that the court's dismissal of all claims against him justifies the entry of a partial judgment in his favor. Defendant Merritt does not explain how he will be prejudiced if a final partial judgment does not enter now rather than when all claims against all defendants have been adjudicated. The court concludes that defendant Merritt has failed to demonstrate that he will suffer undue hardship if the court delays the entry of final judgment until all claims are adjudicated. See Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978) (partial judgment pursuant to Rule 54(b), "'should not be entered routinely or as a courtesy or accommodation to counsel.'") (quoting Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958)). Accordingly, Merritt's Motion for Judgment [**doc. # 72**] is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut this 31st day of August 2004.


                                              /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge