UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CLAUDIOUS CHANNER
                                                      PRISONER
    v.                              Case No. 3:00CV230(SRU)(WIG)

RICHARD BLUMENTHAL, ET AL.

RULING ON MOTION FOR EXTENSION OF TIME

     The plaintiff seeks a sixty day extension of time to respond to the City of Hartford's motion for summary judgment. The plaintiff claims that he cannot respond because there is no typewriter in the prison law library. The plaintiff is well aware that he is not required to file motions, memoranda or any other documents in typewritten form. In fact, he has filed numerous handwritten motions in this case.

    Because the plaintiff proceeds pro se in this action, the court will grant him additional time to respond to the motion for summary judgment. The court concludes, however, that sixty days is excessive. Accordingly, the Motion for Extension of Time [**doc. # 98**] is **GRANTED** in part. The plaintiff shall file his response to the motion for summary judgment on or before **October 25, 2004. No further extensions of time will be granted**. The plaintiff is cautioned that if no response has been received by

the court by **October 25, 2004,** the court will consider the motion for summary judgment on the current record and may grant the motion absent objection.

The court again gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence contradicting these assertions. The plaintiff may not simply rely on his amended complaint, nor is a memorandum sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits[1] made on personal knowledge or

---

[1] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so

other documentary evidence to show that there is a genuine issue of material fact for trial.

If the plaintiff does not so respond, summary judgment may be entered against him.  If summary judgment is granted against the plaintiff, the case will not proceed to trial.  Instead, judgment will enter in favor of the defendants.

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 56(a)2 of the United States District Court for the District of Connecticut.  That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 56(a)2 Statement."  The Local Rule 56(a)2 Statement is in response to the moving party's 56(a)1 Statement of Material Facts which sets forth the facts which it contends are undisputed.  The plaintiff must state whether he admits or denies each such fact.  The plaintiff's 56(a)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried.  In addition, Local Rule 9 requires that:

> [e]ach statement of material fact in a Local
> Rule 56(a) Statement by a movant or opponent
> must be followed by a citation to (1) the
> affidavit of a witness competent to testify
> as to the facts at trial and/or (2) evidence

---

> respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

> that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 56(a)3. If the plaintiff does not file a 56(a)2 statement, all material facts set forth in the moving party's Rule 56(a)1 statement will be deemed admitted.

SO ORDERED at Bridgeport, Connecticut, this 24th day of September, 2004.

                                                    /s/ Stefan R. Underhill
                                          Stefan R. Underhill
                                          United States District Judge