UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER | : | |
| | : | PRISONER |
| v. | : | Case No. 3:00CV230 (SRU)(WIG) |
| | : | |
| PAUL MURRAY, et al. | : | |

RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel, see, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989), and has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In addition, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely

slim." Id. at 171.

Although the court makes no determination on the merits of plaintiff's claim against the City of Hartford, it notes that the City of Hartford has moved for summary judgment on multiple grounds including failure to state a claim, statute of limitations, and res judicata. Based on the current state of the record, the court cannot conclude that plaintiff's claim possesses likely merit. Accordingly, plaintiff's motion for appointment of counsel [**doc. #102**] is **DENIED**. **Plaintiff is reminded that he must file his response to the defendants' motion for summary judgment on or before February 1, 2005, and that if no response has been received by that date the court will consider the motion for summary judgment on the current record.**

SO ORDERED this __19th__ day of January, 2005, at Bridgeport, Connecticut.


_____/s/_____
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE