UNITED STATES DISTTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JAN 27 P 4: 35

U.S. DISTRICT COURT
BRIDGEPORT, CONN

**CLAUDIOUS CHANNER**
     Plaintiffs,

vs.            Civil No. 3:00CV230 (SRU)

**RICHARD BLUMENTHAL et al,**
     Defendants.

_____/

### AFFIDAVIT IN SUPPORT OF MEMORANDUM

My name is Claudious Channer, I am over the age of eighteen and understand the meaning of an oath, I hereby duly depose and say that my present address is 100 Bilton Road, Somers, Ct 06071 . This Affiant further state that on March 2, 1989 Affiant was arrested while he was walking toward his Nissan Parthfinder Jeep, that was Parked in the Parking area of 57 Weathersfield Ave.

This Affiant was arrested and transported to another location known as 57 weathersfield Ave in the City of Hartford. Where the defendants conducted a search of an Apartment that was registered to the Plaintiff. The Affiant question the officers as to why he was being arrested. The Officers answered and said that the Affiant was being arrested for his own safety.

Upon entering the apartment, the defendants began to interrogate the Affiant. According, to the Affiant Police Report the defendants were armed with a search warrant to search Apartment G-3 in the vacinity of 57 weathersfield Ave.

The defendants exceeded the scope of their search order when they proceeded to the North side of the complex to search two vehicle that were not named in their search and seizure warrant.

The defendants arrested the Affiant and then proceeded to search the Affiant vehicle for weapon and narcotics. There was no probable cause exist to arrest the Affiant on the street of Hartford. The weapon was not in plain view or any illegal items which could constitute probable cause to warrant a search.

The defendants created a probable cause to arrest the Affiant off the street and forcefully move the Affiant to another location to conduct their search. The defendants found a firearm in the Jeep panel and fabricated a story that they discovered said firearm in plain view. The defendants story is that they found the firearm under the front seat of the jeep. No one ever claim that they observe the Affiant with a weapon in his hand or observe him pull any thing from his wast.

The defendants also created an informant that does not exist and claim that said informant was inside the Affiant apartment observing the Affiant selling white powder for U.S Currancy. On March 2, 1989 the defendants indicated that the Affiant was arrested as part of a joint Federal and State Task Force. The defendants went on to say that the Federal Government will prepare a Federal prosecution against the Affiant for being a felon in possession of a firearm.

The City asserted that there was probable cause to arrest the Affiant and therefore, a claim of false imprisonment cannot exist aginst the City. A jury should be empanel to determine whether there was probable cause yes or no.

The City further claim that the Affiant did not acquired a favorable

termination of his conviction or sentence because two count of the Affiant offense were negotiated and still reamin outstanding. This Affiant has no knowledge of these claims and leave the defendants to their proof. See Heck v. Humprhey, 512 U.S 477 (1994). A state prisoner civil right action under 42 U.S.C 1983 is actionable if the Prisoner conviction is vacated or call into question by a Federal Court.

This Affiant conviction was vacated by the District Court on June 17, 1998. The defendants asserted that the Plaintiff agreed to his confinement by pleading guilty and therefore, he cannot establish that he was falsely imprisoned. It is common knowledge that the Government cannot enforce an illegal contract. The Court determine that there was no basis for the Affiant guilty plea and by so doing, the Affiant plea was entered into voluntirarly and intelligently.

A review of the Affiant sentencing transcript will reveal that the Affiant did question the validity of his gulity plea. That is the alleged using and carrying a firearm , during a drug trafficking crime. Attorney Gary Weingburger explained to the Court that the Affiant was not using and carrying a firearm at the time of his arrest.

He explain to the court that the Affiant had simple constructive possession of the weapon and the narcotic. He further explain that they were conceal close together so that one could have easy access when dealing with the other. See sentencing transcript. attached hereto.

The City claim that the Affiant made a deal with the State to nolle all State that were related to the March 2, 1989 arrest, in turn for a five years Federal sentence. The Affiant has know knowledge of such a deal with the State's

Government. According to the record before this Court, there was no agreement between the Federal Government and the State Government to have the Affiant plea guilty.

The City allow its employee to apply its policy in an unconstitutional manner, such that the unconstitutional application might itself be construed as the City policy. The City was aware that several complaint were filed against the City claiming false arrest and false imprisonment but the City failed to correct the on going practice that cause the on going problem.

The City was not a party to the Affiant 1991 Civil Right Action or could this action have been procured before June 17, 1998. The law Firm Halloran and Sage and the Honorable Peter C. Dorsey were aware of the changes made by the Second Circuit Court of Appeals in Lounsbury v. Jeffries in 1994. Neither the defendants or the Court notify the Affiant of the changes in the court practice.

Citing a case law to a priosner who is incarcerated without adequate access to a law library was insuffecient notice to learn about Lounsbury v. Jeffrie. See Small v Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989), there the second Circuit Court of Appeal held that a specific language should be incerted which properly inform the Affiant of the court intention.

This Affiant who is incarcerated without adequate access to a law library could not have known the full contence of Lounsbury v. Jefferie, until an Attorney from Legal Assistant To Prisoner forward the Affiant a copy of the entire case. This Affiant is still not in possession of a copy of the Magistrate August 1992 decision and until then, he is under no legal obligation to file an answer to a ruling

that he has no personal knowledge of.

This court may take judicial notice of the Atlanta Distirct Court document on this matter. There the USP Atlanta certify that they did not receive a copy of the Magistrate 1992 ruling and delivered it to the Affiant. See Court docket number attached hereto. See docket No. 95-8595  This Affiant was originally arrested by the City of Hartford and incarceratred by the City of Hartford, at 177 Weston Street.

The Affiant was arrested by a joint City and Federal Task Force and both Government went into an agreement on who would prosecute the Affiant . During the year 1988 to 1989 the City of Hartford had a high crime rate and it was seeking the form the Federal Government to take some of its cases.

The City knew or should have known of the settling of the split in the Connecticut District Courts on the appropriate statute of limitation that govern a 42 U.S.C 1983 law suit but they refuse to notify the Plaintiffs who lost on this issue against them before the changes.   The City is responsible to keep abrest of the changes in the area of laws and its application of law to its citizens.

The City is responsible to up date and delete its policies and practice upon the changes of court decisions that affect its practices.  The City was aware of the changes in the application of Conn. Gen. Stat. 52-584 as the residual statute of limitation which govern a 42 U.S.C 1983 law suit but failed to notify the Affiant of the changes.

The City has a fleet of Attorneys who are incharge of monitoring cases that affect the every day running of the City Government and to advise the City on

what changes should be made. The changes in Lounsbury did affect past and future claims on which statute of limitation should be use.

The City fraudulently conceals the existence of the cause of action to reopen the Affiant 1991 civil rights action, after the City had cause to know that Conn. Gen Stat. 52-584 was no longer the applicable statute of limitation that govern a 1983 law suit in the State of Connecticut.

The Affiant did not have an opportunity to read the Lounsbury decision until March of 2000, when he learn of the decision. The Affiant is incarcerated and proceeding without an Attorney. For these reasons I ask that the Court take judicial notice of the number of person who filed suits against the City for false arrest and false imprisonment.

The Court is also ask to take judicial notice of any and all cases that was settled by the City for false arrest and false imprisonment, during all time applicable to this suit. On February 11, 2004 the Hartford Courant ran an article which claim that Inspector Gregory Dillon filed a previous suit against the City of Hartford and its State Attorney office for violation of his civil rights.

      The suit claim that State and Federal task forece were fabricating Affidavit to obtain arrest warrants for suspects in the City. This is one of the Affiant claim here that the Task force fabricated probable cause to arrest the Affiant.   Recently two Hartford Police Officers were arrested for fabricating evidence in a narcotic arrest.

      Their case are presently pending before the State Superior court. The foregoing having been sworn to under the penalty of perjury to be correct and true to the best of this Affiant knowledge.

_____
Claudious W. Channer
PO. BOX 100
Somers, Ct 06071