UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER; | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:00 CV230 (SRU)(WIG) |
| VS. | : | |
| | : | |
| RICHARD BLUMENTHAL; | : | |
| JANET RENO; | : | |
| CITY OF HARTFORD; | : | |
| JAMES MARKOWSKI; | : | |
| DETECTIVE PERODEAU; | : | |
| DETECTIVE MERRITT; | : | |
| DETECTIVE WOLF; | : | |
| DETECTIVE ELLIS; SERGEANT | : | |
| CAGIANELLO, ET AL | : | |
|     Defendants | : | MARCH 11, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE AFFIDAVIT
AND EXHIBITS TO PLAINTIFF'S OPPOSITION BRIEF**

I.  **INTRODUCTION**

Pursuant to Rule 56(e) and Rule 12(f) of the Federal Rules of Civil Procedure, the undersigned defendant, City of Hartford (the "City"), hereby moves to strike certain exhibits appended to the plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment on the basis that they are or they contain inadmissible evidence that cannot be considered by the Court in deciding the defendant's Motion for Summary Judgment. In particular,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the defendant moves to strike the three (3) *Hartford Courant* newspaper articles and portions of the plaintiff's Affidavit appended to the plaintiff's Memorandum of Law. For the foregoing reasons, the defendant's Motion to Strike should be granted.

II. **ARGUMENT**

    A. **Legal Standard**

"On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." Nora Beverages, Inc. v. Perrier Group of America, Inc., 164 F.3d 736, 746 (2d Cir. 1998); see also Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); B. F. Goodrich v. Betkoski, 99 F.3d 505, 525 (2d Cir. 1996). A motion to strike is the proper mechanism to challenge an affidavit in support of a motion, or opposition thereto, for summary judgment. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 643 (2d Cir. 1988); Servants of Paraclete, Inc. v. Great American Ins. Co., 866 F. Supp. 1560, 1564 (D.N.M. 1994). A motion to strike is appropriately used if the supporting affidavit contains inadmissible material or is not based on personal knowledge. Newport Electronics, Inc. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D. Conn. 2001). Rule 56(e) requires that supporting or opposing affidavits be:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> made on personal knowledge, shall set forth such facts as would
> be admissible in evidence, and shall show affirmatively that the
> affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e)(1987). If an affidavit contains inadmissible material, such as argument or conclusions of law, the court may disregard the inadmissible material. Amatulli v. People's Bank, 917 F. Supp. 895, 904 (D. Conn. 1996), vacated in part on reconsideration, 965 F. Supp. 1 (D. Conn. 1997). Any portion of the summary judgment affidavit that is not based upon personal knowledge should be stricken. Larouche v. Webster, 175 F.R.D. 452, 455 (S.D.N.Y. 1996), citing U.S. v. Alessi, 599 F.2d 513, 515 (2d Cir. 1979). The three (3) Hartford Courant articles and portions of the plaintiff's Affidavit contains hearsay, speculation or conclusory statements that is inadmissible hearsay. In addition the Hartford Courant articles include improper lay witness opinion and should be stricken.

    **B.    Three (3) Hartford Courant Articles.**

        1.    <u>Articles Are and Contain Inadmissable Hearsay.</u>

The plaintiff appends the three (3) Hartford Courant articles in an attempt to show evidence that the City had knowledge that Hartford police officers were fabricating warrants. Pl. Mem. of Law, pp 3. The plaintiff relies on various comments and opinions by citizens and those interviewed in the context of the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

articles. The plaintiff offers these documents to prove the truth of the matters contained therein, i.e. that the opinions of those interviewed and the information contained in the articles is accurate and true. Its inclusion into the plaintiff's brief, therefore, contravenes the general prohibition of considering hearsay evidence in deciding a motion for summary judgment. In the context of a summary judgment motion, hearsay evidence is a nullity and must be disregarded. Burlington Coat Factory Warehouse Corp. v. Espirit De Corp., 769 F.2d 919, 924 (2d Cir. 1985); Schwimmer v. Sony Corp. of America, 637 F.2d 41, 45 n.9 (2d Cir. 1980). Rule 802 of the Federal Rules of Evidence provides:

> [h]earsay is not admissible except as provided by this rule or by other rules prescribed by the Supreme Court pursuant to statutory authority or by act of congress.

Fed. R. Evid. 802 (1975). Rule 801 defines hearsay as a "statement, other than made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801 (1997). The exclusion of hearsay evidence is necessary because it is "inherently untrustworthy." 5 *Jack B. Weinstein & Margaret A. Berger*, Weinstein's Federal Evidence, § 802.02[3] at 802-9 n.15 (2d Cir. 1997). "The hearsay rule seeks to eliminate the danger that evidence will lack reliability because faults in the perception, memory, or narration of the declarant will not be exposed." Id.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Additionally, for a document to be considered in opposition to a motion for summary judgment, "it must be authenticated by an affidavit that meets the requirements of the summary judgment rule." <u>Williams v. Eckerd Family Youth Alternative</u>, 908 F. Supp. 908, 911 (N.D. Fla. 1995). Rule 56(e) affidavits, if submitted:

> shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e)(1987); <u>Amatulli v. People's Bank</u>, 917 F. Supp. 895, 904 (D. Conn. 1996), <u>vacated in part on reconsideration</u>, 965 F. Supp. 1 (D. Conn. 1997). The articles are not in affidavit form, nor are they supported by affidavit.

Not only do the *Hartford Currant* articles in and of themselves constitute hearsay, but they contain multiple layers of hearsay including statements and comments of other declarants. <u>See</u> Fed. R. Evid. 805. "Hearsay within hearsay is wholly inadmissible when any single out-of-court statement fails to qualify under an exclusion from or exception to the hearsay rule." 5 <u>Weinstein's Federal Evidence</u>, § 805.04 at 806-6, 805-7. Thus, even if an argument could be made that the articles are admissible, hearsay statements contained therein must be independently admissible. <u>See</u> <u>e.g.</u> <u>Parsons v. Honeywell, Inc.</u>, 929 F.2d 901, 907 (2d Cir. 1991)(hearsay statements contained in police report are properly

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

excluded even if the report itself is admissible). For example, the articles reference testimony from many witness as to their opinions and conclusions. Since "hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial," the three (3) *Hartford Courant* articles must be stricken by the Court in considering the Motion for Summary Judgment.

      2.    The *Hartford Courant* Articles Contain Improper Lay Witness Opinion Testimony.

The *Hartford Courant* articles contain improper opinion testimony. In any of the three articles, attorneys and witnesses provide opinions regarding the propensity of officers to falsify warrants and also directly opining as to the credibility (or lack thereof) of Hartford Police Officers. Rule 701 of the Federal Rules of Evidence provides:

> [i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony the determination of a fact at issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701 (2000). Much of the content of the articles constitute opinion testimony outside the scope of a lay witness, and moreover, is irrelevant to the issues before this Court. The first prong of the admissibility test for lay witness

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

testimony is "whether the opinion was rationally based on the witness' perception."  U.S. v. Rea, 958 F.2d 1206, 1215 (2d Cir. 1992).  The witness must establish that he has personal knowledge of the subject matter being offered.  U.S. v. Garcia, 291 F.3d 127, 140 (2d Cir. 2002), citing Fed. R. Evid. 602.  A significant portion of the articles contain the author's assumptions and inferences based upon events of which he/she has no personal knowledge.  Moreover, their assessment as to the validity of certain complaints against Hartford Police Officers is based on assumptions, conjecture, and supposition and therefore not rationally based upon firsthand observations.

The second prong requires a determination that the opinion testimony would be helpful to the jury.  It is difficult to imagine how the writer's personal opinion and indictment of the police department would be helpful to the jury in determining whether there are sufficient facts to establish that the arrest of the plaintiff in 1989, for charges to which he confessed, was valid.   In fact, the plaintiff offers these articles in whole to establish that the writer's opinion is, in fact, the ultimate issue.  In other words, the plaintiff suggests that if the writer failed to take issues of credibility seriously, then it must be so.  In doing so, the plaintiff improperly seeks to substitute lay opinions which are not based on properly admitted facts, but on opinions of lay witnesses.  See e.g. Lightfoot v.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Union Carbide Corp., 110 F.3d 898, 912 (2d Cir. 1997)(lay opinion is not helpful if it merely tells the jury which result to reach); U.S. v. Dotson, 799 F.2d 189, 192 (5th Cir. 1986)(lay witness testimony properly excluded when it amounted to little more than choosing up sides on an ultimate issue of fact). Under these circumstances, there can be no question that these documents would be inadmissible under Federal Rule 701.

    C.    <u>Affidavit of Claudious Channer.</u>

In support of his Memorandum of Law in Opposition to defendant's Motion for Summary Judgment, the plaintiff submitted a seven-page Affidavit by Claudious Channer.  The non-witnessed seven-page Affidavit consists of multiple unnumbered paragraphs and contains many factual assertions that do not comply with Rule 56(e).  In addition to factual assertion, the plaintiff offers legal conclusions, unfounded self-serving declarations, speculation and conjecture, and inadmissible expert opinion.  Consequently, the assertions are not based on personal knowledge and as such, are not admissible into evidence.

In the context of a summary judgement motion, an affidavit that contains inadmissible material, such as argument or conclusions of law, may be disregarded by the court as inadmissible material.  <u>Amatulli v. People's Bank</u>,

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

917 F. Supp. 895, 904 (D. Conn. 1996), vacated in part on reconsideration, 965 F. Supp. 1 (D. Conn. 1997).  This also includes unfounded self-serving declarations, speculation and conjecture contained within the supporting affidavit.  Patterson v. County of Oneida, N.Y., 375 F.3d 206, 219 (2d.Cir. 2004) Any portion of the summary judgment affidavit that is not based upon personal knowledge should be stricken.  Larouche v. Webster, 175 F.R.D. 452, 455 (S.D.N.Y. 1996), citing U.S. v. Alessi, 599 F.2d 513, 515 (2d Cir. 1979).  In the most concise manner, the following assertions of the plaintiff are alleged to have violated Rule 56(e):

**Page Two**

The plaintiff's affidavit contains conclusory averments such as "[T]he defendants exceeded the scope of their search order when they proceeded to the North side of the complex to search two vehicles that were not named in their search and seizure warrant."

That "[T]here was no probable cause existing to arrest the Affiant on the street of Hartford" and "[T]he weapon was not in plain view or any illegal items could constitute probable cause to warrant a search."

In addition, "[T]he defendants created a probable cause to arrest the Affiant..." and "... fabricated a story that they discovered said firearm in plain

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

view." Subsequently the plaintiff's Affidavit contains speculation and self-serving declarations that "[T]he defendants also created an informant that does not exist and claim that said informant was inside the Affiant apartment observing the Affiant selling white powder for U.S. Currency."

### Page Three

The plaintiff's Affidavit avers that "[A] state prisoner civil right action under 42 U.S.C 1983 is actionable if the Prisoner conviction is vacated or call into question" and that "[I]t is common knowledge that the Government cannot enforce an illegal contract." In addition, "[T]he Court determine that there was no basis for the Affiant guilty plea and by so doing, the Affiant plea was entered into voluntarily and intelligently."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### Page Four

The plaintiff makes the conclusion that "[T]he City allow its employee to apply its policy in an unconstitutional manner, such that the unconstitutional application might itself be construed as the City policy" and that "[T]he City was aware that several complaint were filed against the City claiming false arrest and false imprisonment but the City failed to correct the on going practice that cause the on going problem." These statements are conclusory averments, contain speculation and are inadmissible expert opinions as described above.

In addition, the plaintiff's Affidavit alleges that "[T]he law firm Halloran and Sage and the Honorable Peter Dorsey were aware of the changes made by the Second Circuit Court of Appeals in Lounbury v. Jeffries in 1994."

### Page Five

The plaintiff continues to speculate that "[T]he Affiant was arrested by a joint City and Federal Task Force and both Government went into an agreement on who would prosecute the Affiant." The plaintiff also concludes that "[D]uring the years 1988 and 1989 the City of Hartford had a high crime rate and it was seeking the form of the Federal Government to take some of its cases."

In addition he avers that the "[T]he City is responsible to keep abreast of the changes in the area of laws and its application of law to its citizens" and that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"[T]he City is responsible to update and delete its policies and practice upon the changes of court decisions that affect its practices. The City was aware of the changes in the application of Conn. Gen. Stat. 52-584 as the residual statute of limitation which govern a 42 U.S.C 1983 law suit but failed to notify the Affiant of the changes." These statements clearly consist of conclusory averments and inadmissible expert opinions made by the plaintiff.

In addition the plaintiff's Affidavit speculates that "[T]he City has a fleet of attorneys who are in charge of monitoring cases that affect the every day running of the City Government and to advise the City on what changes should be made."

**Page Six**

The plaintiff concluded that "[T]he City fraudulently conceals the existence of the cause of action to reopen the Affiant 1991 civil rights action, after the City had cause to know that Conn. Gen Stat. 52-584 was no longer the applicable statute of limitation that govern a 1983 law suit in the State of Connecticut." Again, these legal conclusion are based on speculation by the plaintiff and are inadmissible.

In the context of the plaintiff's Affidavit, the plaintiff requests that the Court take judicial notice of the number of persons who filed suits against the City for

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

false arrest and false imprisonment along with a case which the City settled for false arrest and false imprisonment. Additionally, the plaintiff incorrectly speculates and concludes that "on February 11, 2004 the Hartford Courant ran an article which claim that Inspector Gregory Dillon filed a previous suit against the City of Hartford and its State Attorney office for violation of his civil rights."

**Page Seven**

The plaintiff concludes that "the suit claim the State and Federal task force (sic) were fabricating Affidavit to obtain arrest warrants for suspect in the City" and that "recently two Hartford Police Officers were arrested for fabricating evidence in a narcotics arrest."

The defendant contends that the Affidavit submitted by the plaintiff contains conclusory averments, unfounded self-serving declarations, speculation, conjunction, and inadmissible expert opinions. As such, the affidavit should be stricken in its entirety and/or the portions identified above should be stricken.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the undersigned defendant's Motion to strike should be granted.

>                    DEFENDANTS,
>                    CITY OF HARTFORD
>
> BY: _____
>     Eric P. Daigle
>     Fed. Bar No. ct 23486
>     HALLORAN & SAGE LLP
>     One Goodwin Square
>     Hartford, CT  06103
>     Tele: (860) 522-6103
>     daigle@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

CERTIFICATION

    This is to certify that on this 11th day of March, 2005, the foregoing was either mailed, postage prepaid, or hand-delivered to:

Claudious W. Channer
Inmate #15148
P.O. Box 100
Somers, CT 06071

David J. Sheldon, Esquire
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508-1824

_____
Eric P. Daigle

660727.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105