UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER; | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:00 CV230 (SRU)(WIG) |
| VS. | : | |
| | : | |
| RICHARD BLUMENTHAL; | : | |
| JANET RENO; | : | |
| CITY OF HARTFORD; | : | |
| JAMES MARKOWSKI; | : | |
| DETECTIVE PERODEAU; | : | |
| DETECTIVE MERRITT; | : | |
| DETECTIVE WOLF; | : | |
| DETECTIVE ELLIS; SERGEANT | : | |
| CAGIANELLO, ET AL | : | |
|     Defendants | : | MARCH 11, 2005 |

## **DEFENDANT'S REPLY BRIEF**

Pursuant to Rule 7(d) of the Local Rules of Civil Procedure, the defendant, City of Hartford, replies to the plaintiff's Memorandum in Opposition to its Motion for Summary Judgment.

I.  **FACTUAL ALLEGATIONS**

From a comprehensive review of the plaintiff's Memorandum in Opposition, it becomes clear that the plaintiff is alleging numerous unsubstantiated factual allegations that were not previously articulated. In fact,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the plaintiff has identified new factual allegations that are not located within the plaintiff's Amended Complaint (Doc. 8) filed on November 8, 2000. The plaintiff has alleged that the defendant's Motion for Summary judgment should be defeated because there are genuine issues of material facts which warrant a jury trial. However, it is clear that the plaintiff is making a last ditch effort to cloud the clear legal arguments with unsubstantiated factual allegations. In addition, the plaintiff's opposition arguments are intertwined, causing some confusion in attempting to address same.

    The history of this litigation is clear and as such, the Court has clearly identified the present form of the plaintiff's claims. As dictated by the Court on September 18, 2002 (Doc. 53), the remaining claims against the defendant City of Hartford are claims for false imprisonment/false arrest and a claim of fraudulent concealment pursuant to Connecticut General Statutes § 52-595. The plaintiff's allegations of excessive force and racial discrimination were dismissed by the Court on September 18, 2002. The plaintiff now, for the first time, has alleged facts and advanced legal arguments in support of allegations sounding in illegal search and seizure, fabrication of warrant affidavits and illegal detention, all in an attempt to identify a genuine issue of material facts. The plaintiff's last minute factual allegations should be dismissed by the Court since they do not

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

address any general issues of material facts as to the remaining false arrest claims.

In order to address the facts set forth by the plaintiff, the defendant contends that the plaintiff's Memorandum of Law advances various factual allegations which are not supported by admissible evidence. As set forth in the defendants' Motion to Strike the plaintiff's Affidavit, the plaintiff has not substantiated several of these factual allegations by admissible evidence. See *Def. Mem. of Law in Support of Mot. to Strike*. In particular, the plaintiff has attached *Hartford Courant* articles and the affidavit of Claudious Channer which are the subject of defendant's Motion to Strike. As such, the defendants assert that the *Hartford Courant* articles are inadmissible hearsay, contain inadmissible hearsay and also contain improper lay witness opinion testimony. Additionally, the plaintiff's Affidavit as well as the plaintiff's Memorandum of Law contain unsubstantiated legal conclusions, unfounded self serving declarations, speculation and inadmissible expert opinion. These documents should be disregarded along with all references contained in plaintiff's Memorandum of Law.

In addition, throughout the Memorandum of Law, the plaintiff has referred to two specific factual incidents in support of his theory that the Hartford Police

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Department has a history of fabricating warrant affidavits. The defendant maintains that the Court should blatantly dismiss these unsubstantiated allegations. However, if the Court decides to give weight to these allegations, it is important that the correct information is provided. Specifically, the plaintiff throughout his Memorandum of Law makes references to an Inspector Gregory Dillon in the context that in 1998, Dillon made allegations in a civil lawsuit that the Hartford Police Task Force were fabricating information to obtain search and seizure warrants and arrest warrant for suspects in the Hartford area. *Pl. Mem. of Law*. pp.4,6,8. The plaintiff alleges that the same task force arrested him in 1989. *Id*. p.4. The plaintiff has seriously misrepresented the facts to the Court. A review of the Court docket will reveal that in August of 1998, a civil action was filed in federal court entitled *Gregory Dillon v. John M Bailey and the State of Connecticut*, Docket No. 3:98cv01576 assigned to Judge Janet Bond Arterton. The Court will also take notice that neither the City of Hartford nor any of its officers are named as a defendant in this action. As the plaintiff referenced, in February 2004 Gregory Dillon filed a subsequent civil action in federal court entitled *Gregory Dillon v. Christopher Marano*, Docket No. 3:04cv00231 assigned to Judge Alvin Thompson. A review of the pleadings in these matters will show that the plaintiff's allegations are completely false and Hartford police officers

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

were not named as defendants. In fact, the Complaint in the most recent action alleges that in 1996, Dillon working as a Supervisory Inspector with the Chief States Attorney Office, made allegations of warrant fabrication against FBI agents assigned to the Fugitive Task Force. The basis for both these actions was alleged retaliation against Dillon from his employer. As such, all reference by the plaintiff alleging evidence of fabrication by Hartford police officers through Inspector Gregory Dillon should be disregarded.

In addition, the plaintiff also makes references to the recent arrest of two Hartford police officers for warrant fabrication. The undersigned defendant contends that the plaintiff has no admissible evidence to support his allegations. Other than the media reports that the arrests occurred, the plaintiff has no evidence of the pending criminal prosecutions or the allegations. The plaintiff's allegations that this 2004 arrest is directly related to his 1989 arrest is unfounded. Additionally, his allegations of an unconstitutional custom and practice on the part of the City of Hartford based on these arrests and supported by speculation and self-serving declarations are unfounded and the Court should disregard same.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. ARREST OF THE PLAINTIFF (pp. 3-10)

As identified above, the plaintiff has responded to the legal arguments set forth in the defendant's Motion for Summary Judgment by articulating a new litany of unsubstantiated facts which sound in illegal seizure, detention and search of the plaintiff. The plaintiff's Amended Complaint alleges that he was falsely imprisoned as a result of being charged with using and carrying a firearm in relation to a drug trafficking crime. *Amended Complaint*, ¶ 7  Further, he alleges that he was imprisoned for using and carrying a firearm during and in relation to a drug trafficking crime. *Id*. ¶ 6.  In addition, the Amended Complaint clearly indicates that "[P]laintiff's vacated conviction is properly before this Court for false imprisonment." *Id*.  A review of the documents appended to both the defendant's and plaintiff's briefs demonstrates that the plaintiff's charges stemmed from the seizure of a "Cobray" M-11 9mm automatic machine gun pistol and a large quantity of cocaine hidden in the rear upholstery of a child car seat. *Pl. Exhibit, Police Report*.  As such, the factual allegations stemming from the seizure of a 45 caliber handgun from the plaintiff's car is not the basis of the plaintiff's allegations and should be dismissed.  The fact is that the plaintiff has admitted these facts in support of his false arrest allegation in his Amended Complaint.  The defendant requests that the Court dismiss the plaintiff's

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

subsequent allegations and issue a ruling based on the allegations set forth in the plaintiff's Amended Complaint.

However, if the Amended Complaint is interpreted as supporting the plaintiffs factual allegations stemming from an illegal arrest, search and seizure under the Fourth Amendment, the defendant still argues that the plaintiff has failed to state a cognizable claim of false arrest as to the City of Hartford.  First, a liberal review of the plaintiff's Amended Complaint finds no reference to a deprivation of the plaintiff's Fourth Amendment rights.  Second, the plaintiff in reliance on the Hartford Police Report, argues facts leading up to his March 2, 1989 arrest.  The plaintiff allegaes that as officers were approaching the residence to execute the search and seizure warrant, they located the plaintiff attempting to enter his car.  Under the state and federal constitutions, a police officer may detain an individual for investigative purposes if the officer has reasonable and articulable suspicion that the individual has committed or is about to commit a crime.  Terry v. Ohio, 392 U.S. 1, 22, 23 (1968); State v. Lamme, 216 Conn. 172, 176 (1990).  Based on the factual support that the officers had identified a level of probable cause to support the issuance of a search warrant for the plaintiff's apartment to locate narcotics and weapons, the officers had reasonable and articulable suspicion to detain the plaintiff.  The

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

police report states that while approaching the plaintiff inside his car, he was observed placing an object under the seat of his car. The plaintiff was placed under control and a cursory search of the vehicle located a 45 caliber handgun under the driver's seat. The Supreme Court has held that where the suspect was a recent occupant of a motor vehicle, the officer may search the passenger compartment for weapons, limited to areas where the weapon might be hidden, if he reasonably believes the suspect is potentially armed and dangerous. Minnesota v. Dickerson, 508 U.S. 1032, 1049 (1983). Once the officer has located the handgun and probable cause exists to arrest the plaintiff, the officer may conduct a lawful custodial arrest of an occupant of a motor vehicle and a full search of the person as well as the interior compartment of the car. Belton v. New York, 453 U.S. 454, 460 (1981). As such, the detention, search of the plaintiff's car and seizure of the 45 caliber handgun was lawful.

In addition, the plaintiff alleges that he was detained during the execution of the search and seizure warrant. It is also clear that police may detain an occupant of the searched premises while the search warrant is being executed. Michigan v. Summers, 452 U.S. 692, 705 (1981). Based on the above legal arguments, the plaintiff's unsupported factual allegations should be dismissed.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III.    **CLAIMS OF FRAUDULENT CONCEALMENT (p.11)**

The plaintiff has also alleged that the City fraudulently concealed "facts" by seeking a dismissal of the plaintiff's original lawsuit on statute of limitations grounds thereby depriving him of his right to "reclaim his issues." *Amended Complaint*, ¶ 3. The plaintiff invokes § 52-595 of the Connecticut General Statutes in support of this claim. There is, however, no independent claim for "fraudulent concealment", rather the statute merely provides a vehicle to toll the limitations period for an otherwise cognizable claim. See Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 409, 419 (2d Cir. 1999).

### IV.    **CONCLUSION**

Wherefore, for the foregoing reasons, the City respectfully requests that the Court grant the defendant City of Hartford's Motion and enter summary judgment in its favor.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT,
CITY OF HARTFORD


BY:_____
Eric P. Daigle
Fed. Bar No. ct 23486
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT  06103
Tele: (860) 522-6103
daigle@halloran-sage.com


## CERTIFICATION

This is to certify that on this 11th day of March, 2005, the foregoing was either mailed, postage prepaid, or hand-delivered to:

Claudious W. Channer
Inmate #15148
P.O. Box 100
Somers, CT 06071

David J. Sheldon, Esquire
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508-1824


_____
Eric P. Daigle

661489.1(HS-FP)

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105