UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIOUS CHANNER, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:00cv230 (SRU) |
| | : | |
| PAUL MURRAY, ET AL., | : | |
|     Defendants. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Claudious Channer, filed this civil rights action *pro se* pursuant to 28 U.S.C. §§ 1331, 1343, 1495, 2201, 2513 and 42 U.S.C. §§ 1983 and 1985.  All that remains in the case are Channer's claims that the City of Hartford ("the City") (a) falsely arrested and imprisoned him on federal criminal charges and (b) fraudulently concealed information from him in violation of Connecticut General Statutes § 52-595.  Pending is a motion for summary judgment[1] filed by the City of Hartford.  For the reasons that follow, the motion for summary judgment is granted.[2]

**I.**     **Standard of Review**

"The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding

---

[1] The defendant's motion is actually entitled, "Motion to Dismiss."  That appears to be nothing more than a typographical error.  All other filings by both parties refer to the motion as a motion for summary judgment, which it clearly is.

[2] The City of Hartford also moves to strike Channer's declaration in support of his opposition because it includes legal conclusions, unfounded self-serving declarations, and inadmissable expert opinions.  I consider only those statements in Channer's declaration that are made on Channer's personal knowledge.  In addition, I find it unnecessary to consider the Hartford Courant articles attached to plaintiff's Local Rule 56(a)2 Statement in ruling on the City's motion for summary judgment.  Accordingly, the City's motion to strike is denied as moot.

them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs. L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994). The burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Rule 56(c), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Not all factual disputes are material. The court considers the substantive law governing the case to identify those facts that are material. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" *Miner v. Glen Falls*, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). An asserted dispute over a material fact is considered "genuine," so as to defeat the motion for summary judgment, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *McCarthy v. American Int'l Group, Inc.*, 283 F.3d 121, 124 (2d Cir. 2002).

Even though the burden is on the moving party to demonstrate the absence of any genuine factual dispute, the party opposing summary judgment "may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that his version of relevant events is not fanciful." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation marks and citations omitted). He "'must do more than simply show

that there is some metaphysical doubt as to the material facts.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  The non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2002) (internal quotation marks and citation omitted).  Instead, the non-moving party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289-90 (1968).  The "'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In reviewing a motion for summary judgment the court resolves all ambiguities and draws all inferences in favor of the nonmoving party. *See Niagara Mohawk*, 315 F.3d at 175.  Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991). *See also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir. 1992). Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  Despite this liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).  A motion for summary judgment cannot be defeated "merely . . . on the basis of conjecture or surmise." *Trans Sport, Inc. v. Starter Sportswear, Inc.*, 964 F.2d 186, 188 (2d Cir. 1992) (citation and internal quotation marks

omitted).

**II.    Facts**

The following facts[3] are not subject to genuine dispute.

On March 2, 1989, Special Agent Markowski from the Bureau of Alcohol, Tobacco and Firearms ("ATF") and Hartford Police Officers executed a search warrant at Channer's apartment in Hartford, Connecticut. As the officers entered the parking area of Channer's residence, they observed him attempting to enter his vehicle. The officers ordered Channer to exit his vehicle, and as he did, the officers observed him put an object under the driver's seat. The officers claimed that, as they moved closer to the vehicle, they observed a .45 caliber semi-automatic pistol in plain view near the driver's seat. During the search of Channer's apartment, the ATF agent and the police officers recovered a scale used for drug packaging, baggies, a variety of packing materials, ammunition, some billing statements indicating that Channer was a resident of the apartment, approximately ten ounces of cocaine and an M-11 semi-automatic pistol loaded with twelve rounds of ammunition. After completing the search, the Hartford police officers arrested Channer on state criminal charges including possession of narcotics with intent to sell, theft of a firearm, and possession of a weapon in a motor vehicle. The State's Attorney's Office subsequently filed a criminal action against Channer.

On November 2, 1989, a federal grand jury returned a three-count indictment against

---

[3] The facts are taken from the defendants' Local Rule 56(a)1 Statement of Material Facts Not in Dispute (doc. # 77-3), the plaintiff's Local Rule 56(a)2 Statement (doc. # 104]), the plaintiff's declaration (doc. # 104-1), the exhibits attached to the Amended Complaint (doc. # 8), and the exhibits attached to defendant City of Hartford's Memorandum in Support of Motion for Summary Judgment (doc. # 77-2).

Channer based on the cocaine and pistol found during the search of Channer's apartment. On November 3, 1989, the United States Marshal arrested Channer. On January 9, 1990, Channer pleaded guilty to the federal count of knowingly and intentionally using and carrying a firearm during and in relation to a drug trafficking crime. As part of Channer's plea agreement, and during the plea hearing, Channer admitted that on March 2, 1989 he was in possession of cocaine, it was his intent to sell or distribute it, and he was also in possession of a firearm on that date. At the plea hearing, Channer also conceded that on March 2, 1989 he had told one of the officers or the ATF agent that he purchased the firearm in December 1998 on the street for approximately $800.00 and that he purchased the cocaine in New York City for approximately $4,000.00. Pursuant to the plea agreement, the United States dismissed the other two counts of the indictment. Judge Peter C. Dorsey sentenced Channer to a mandatory five-year term of imprisonment. On March 23, 1994, the plaintiff finished serving his federal sentence and was transferred to state custody to serve a state sentence.

On December 6, 1995, the Supreme Court held that "[a] defendant cannot be charged under 18 U.S.C. § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." *Bailey v. United States*, 516 U.S. 137, 149 (1995). The Supreme Court also held that the United States must prove "the defendant actively employed the firearm during and in relationship to the predicate crime" to satisfy the "use" requirement of 18 U.S.C. § 924(c)(1). *Id.* at 150. On June 22, 1998, Judge Dorsey granted Channer's petition for writ of habeas corpus and, based on the Supreme Court's holding in *Bailey*, vacated the judgment of conviction. At that time, Channer had already served his federal sentence.

**III.    Discussion**

The only remaining claims against the City of Hartford are Channer's claims that the City (a) falsely arrested and imprisoned him for a violation of 18 U.S.C. § 924(c)(1) and (b) fraudulently concealed information regarding the statute of limitations applicable to civil rights actions in violation of Connecticut General Statutes § 52-595.

    A.    False Arrest and Imprisonment

Channer has failed to support his claim of false arrest and imprisonment, because there is no evidence that the City was involved in the decision to indict, arrest, prosecute or imprison Channer on federal charges.[4]

The amended complaint contains no allegations, and there is no evidence, that Hartford police officers[5] falsely arrested or imprisoned Channer for violations of federal criminal statutes (as opposed to violations of state criminal statutes). In addition, there is no evidence that suggests the City of Hartford or any of its police officers were involved in the United States Attorney's decision to present information to a grand jury concerning the firearm and drugs found in Channer's apartment, the grand jury's decision to issue a three-count indictment charging Channer with violations of federal weapon and drug statutes, or the arrest, prosecution,

---

[4] Channer does not claim any impropriety in his arrest or imprisonment for violations of state law.

[5] Even if Hartford police officers were involved, that alone would not be sufficient o establish the City's liability under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). Municipal liability cannot be premised on a theory of *respondeat superior*. See *Monell*, 436 U.S. at 691.

and ultimate imprisonment of Channer on federal weapons and drug charges.

The undisputed facts are that Channer was arrested by Hartford police officers on March 2, 1989, on violations of various state criminal statutes. There is a notation on the arrest report for that date indicating that the ATF would prepare a federal firearms prosecution against Channer. On November 2, 1989, a federal grand jury issued an indictment against Channer on federal firearms and drug charges, on the basis of which the United States Marshal arrested Channer. Channer has presented no evidence to show that the City of Hartford or its police officers were involved in the arrest, issuance of the indictment, or subsequent prosecution on the federal firearms violation. Thus, Channer has failed to introduce sufficient evidence to allow jurors to conclude that any Hartford police officers, let alone the City of Hartford, engaged in a violation of Channer's constitutional rights. Accordingly, the City's motion for summary judgment must be granted.

    B.    <u>State Law Claims</u>

Channer alleges that the City of Hartford fraudulently concealed information concerning the statute of limitations applicable to civil rights actions in violation of Connecticut General Statutes § 52-595. Supplemental or pendent jurisdiction is a matter of discretion, not of right. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966). When all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution in the state courts. *See* 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).

Because I am granting summary judgment in favor of the City of Hartford on the false arrest and imprisonment claim, there are no remaining federal claims. I decline to exercise

supplemental jurisdiction over the remaining state law claim.

## IV.     Conclusion

The Motion to Strike Plaintiff's Affidavit (doc. # 109) is DENIED. The Motion for Summary Judgment, mistakenly titled Motion to Dismiss, (doc. # 77) is GRANTED. The clerk shall close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 31st day of March 2005.

                                               /s/ Stefan R. Underhill
                                               Stefan R. Underhill
                                               United States District Judge